CALDWELL LESLIE & PROCTOR, PC
CHRISTOPHER G. CALDWELL, SBN 106790
Email: caldwell@caldwell-leslie.com
ANDREW ESBENSHADE, SBN 202301
Email: esbenshade@caldwell-leslie.com
DAVID K. WILLINGHAM, SBN 198874
Email: willingham@caldwell-leslie.com
1000 Wilshire Blvd., Suite 600
Los Angeles, California 90017-2463
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

Attorneys for Defendant STANFORD L. KURLAND

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| In re COUNTRYWIDE FINANCIAL CORPORATION SECURITIES LITIGATION | Lead Case No. 07-CV-005295-MRP (MANx)<br><br>Honorable Mariana R. Pfaelzer<br><br>**DEFENDANT STANFORD L. KURLAND'S NOTICE OF MOTION AND MOTION TO DISMISS COUNTS 10, 11 AND 13 OF THE SECOND CONSOLIDATED AMENDED COMPLAINT**<br><br>[Request for Judicial Notice; Declaration of Andrew Esbenshade and Exhibits thereto filed herewith]<br><br>Date:    April 13, 2009<br>Time:    10:00 a.m.<br>Courtroom: 12 |

CALDWELL LESLIE & PROCTOR

**DEFENDANT STANFORD L. KURLAND'S NOTICE AND MOTION TO DISMISS COUNTS 10, 11 & 13 OF THE SECOND CONSOLIDATED AMENDED COMPLAINT**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD,**

**PLEASE TAKE NOTICE** that on April 13, 2009 at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 12 of the above-entitled Court, located at 312 N. Spring Street, Los Angeles, California, Defendant Stanford L. Kurland will, and hereby does, move this Court for an order dismissing Counts 10, 11, and 13 of the Second Consolidated Class Action Amended Complaint, as alleged against Kurland, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

The grounds for this motion are as follows:

*First*, Count 10, a claim under Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), fails as alleged against Kurland because Plaintiffs have not adequately pled loss causation;

*Second*, Count 11, a claim under Section 20(a) of the Exchange Act, fails as alleged against Kurland because Plaintiffs have not adequately pled a primary violation of federal securities law; and

*Third*, Count 13, a claim under Section 20A of the Exchange Act fails because Plaintiffs have not adequately alleged that Kurland used inside information in deciding to trade stocks.

Kurland also joins and incorporates by reference the request and grounds for dismissal in the separate Motion to Dismiss filed by Countrywide Financial Corporation and the other Countrywide entity defendants as it relates to claims for relief against Kurland.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities attached hereto, the Second Consolidated Amended Class Action Complaint, the Request for Judicial Notice, Declaration of Andrew Esbenshade and Exhibits thereto filed herewith, the pleadings and papers on file herein, any matters of which the Court takes judicial notice prior to or at the hearing on this matter, and any argument that may be had at the hearing on this Motion.

CALDWELL
LESLIE &
PROCTOR

-1-

**DEFENDANT STANFORD L. KURLAND'S NOTICE AND MOTION TO DISMISS
COUNTS 10, 11 & 13 OF THE SECOND CONSOLIDATED AMENDED COMPLAINT**

Pursuant to Local Rule 7-3, counsel for Countrywide (and former counsel for Mr. Kurland) held an omnibus meet and confer telephone conference with counsel for plaintiffs regarding motions to dismiss on January 28, 2009. Current counsel for Mr. Kurland subsequently met and conferred telephonically with counsel for plaintiffs about the issues specific to this Motion. The parties were unable to reach agreement about those issues.

DATED: February 6, 2009         Respectfully submitted,

CALDWELL LESLIE & PROCTOR, PC
CHRISTOPHER G. CALDWELL
ANDREW ESBENSHADE
DAVID K. WILLINGHAM


By _____/s/_____
    ANDREW ESBENSHADE
Attorneys for Defendant STANFORD L. KURLAND

-2-

**DEFENDANT STANFORD L. KURLAND'S NOTICE AND MOTION TO DISMISS COUNTS 10, 11 & 13 OF THE SECOND CONSOLIDATED AMENDED COMPLAINT**

# TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................................1

II.   THE COURT SHOULD DISMISS COUNT 10 AS TO KURLAND BECAUSE THE SCAC FAILS TO PLEAD FACTS SUFFICIENT TO SUPPORT AN INFERENCE THAT KURLAND CAUSED PLAINTIFFS' ALLEGED LOSS UNDER SECTION 10(b) OF THE EXCHANGE ACT .......................................................................................4

III.  THE COURT SHOULD DISMISS COUNT 11 AS TO KURLAND BECAUSE THE SCAC DOES NOT ADEQUATELY PLEAD A PRIMARY VIOLATION AS REQUIRED BY SECTION 20(A) .................7

IV.  THE COURT SHOULD DISMISS COUNT 13 AS TO KURLAND BECAUSE THE SCAC FAILS ADEQUATELY TO ALLEGE THAT KURLAND TRADED ON MATERIAL, NONPUBLIC INFORMATION .......................................................................................7

V.    CONCLUSION ........................................................................................10

-i-

**DEFENDANT STANFORD L. KURLAND'S NOTICE AND MOTION TO DISMISS COUNTS 10, 11 & 13 OF THE SECOND CONSOLIDATED AMENDED COMPLAINT**

CALDWELL LESLIE & PROCTOR

# TABLE OF AUTHORITIES

Page(s)

Cases

*Berson v. Applied Signal Tech., Inc.*,
    527 F.3d 982 (9th Cir. 2008) ...................................................................... 5

*Dura Pharm., Inc. v. Broudo*,
    544 U.S. 336 (2005) .................................................................................. 5

*In re BISYS Sec. Litig.*,
    397 F.Supp.2d 430 (S.D.N.Y. 2005) ......................................................... 8

*In re Nike, Inc. Sec. Litig.*,
    181 F.Supp.2d 1160 (D.Or. 2002) ......................................................... 8-9

*In re Party City Sec. Litig.*,
    147 F.Supp.2d 282 (D.N.J. 2001) ............................................................. 8

*In re Read-Rite Corp. Sec. Litig.*,
    115 F.Supp.2d 1181 (N.D. Cal. 2000) ...................................................... 9

*In re The Vantive Corp. Sec. Litig.*,
    283 F.3d 1079 (9th Cir. 2002) .................................................................. 8

*In re Wet Seal, Inc. Sec. Litig.*,
    518 F.Supp.2d 1148 (C.D.Cal. 2007) ................................................... 6, 7

*Metzler Inv. GMBH v. Corinthian Colleges, Inc.*,
    540 F.3d 1049, 1057 (9th Cir. 2008) ........................................................ 8

*Teachers Ret. Sys. of LA v. Hunter*,
    477 F.3d 162 (4th Cir. 2007) .................................................................... 5

*Weiss v. Amkor Tech., Inc.*,
    527 F.Supp.2d 938 (D. Ariz. 2007) .......................................................... 5

-ii-

**DEFENDANT STANFORD L. KURLAND'S NOTICE AND MOTION TO DISMISS COUNTS 10, 11 & 13 OF THE SECOND CONSOLIDATED AMENDED COMPLAINT**

CALDWELL
LESLIE &
PROCTOR

*The Wu Group v. Synopsys, Inc.*, No. C04-3580 MSJ,
    2005 WL 1926626 (N.D. Cal. Aug. 10, 2005) ................................................9

*Zucco Partners v. Digimarc Corp.*,
    __ F.3d __, 2009 WL 57081 (9th Cir. Jan. 12, 2009) .................................1, 7


Statutory Authorities

15 U.S.C. § 78j(b) ......................................................................................................1

15 U.S.C. § 78t-1 ......................................................................................................2


Rules & Regulations

17 C.F.R. 240.10b-5 ..................................................................................................1

-iii-

**DEFENDANT STANFORD L. KURLAND'S NOTICE AND MOTION TO DISMISS
COUNTS 10, 11 & 13 OF THE SECOND CONSOLIDATED AMENDED COMPLAINT**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In this consolidated securities action, Plaintiffs bring a series of claims against Countrywide Financial Corporation ("Countrywide") and various individual defendants (together, "Defendants"). Plaintiffs allege that Defendants made false or misleading statements regarding the company's operations and liquidity, eventually causing losses to the Plaintiff investors when certain information became public on or after July 24, 2007. Among the named defendants is Stanford L. Kurland ("Kurland"), who was Countrywide's President and Chief Operating Officer ("COO") until September 7, 2006, when he was terminated by Countrywide without cause. (Request for Judicial Notice ("RJN"), Declaration of Andrew Esbenshade ("Esbenshade Decl."), Exh. C at p. 17, Item 1.02.)[1]

In a detailed Order issued on December 1, 2008 (the "Order"), the Court addressed the sufficiency and insufficiency of many allegations in Plaintiffs' Consolidated Amended Complaint ("CAC") against Countrywide and the individual defendants.[2] As to Kurland, the Court determined that Plaintiffs failed to state claims under the following statutes and regulations:

- Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and SEC Rule 10b-5. 15 U.S.C. § 78j(b) and 17 C.F.R. 240.10b-5.

---

[1] In adjudicating a motion to dismiss, the Court may consider documents incorporated into the Complaint and matters of which the Court may take judicial notice. *Zucco Partners, LLC v. Digimarc Corp.*, __F.3d__, 2009 WL 57081, *5 (9th Cir. Jan. 12, 2009). By referencing documents included within his Request for Judicial Notice, Kurland does not intend to convert this motion into a motion for summary judgment.

[2] Kurland was previously represented by Goodwin Procter LLP, which filed a Motion to Dismiss the Consolidated Amended Complaint on behalf of the Countrywide entities and eighteen individual defendants. Kurland has since retained separate counsel, and this Motion addresses only issues specific to him.

-1-

**DEFENDANT STANFORD L. KURLAND'S NOTICE AND MOTION TO DISMISS COUNTS 10, 11 & 13 OF THE SECOND CONSOLIDATED AMENDED COMPLAINT**

CALDWELL LESLIE & PROCTOR

- Section 20A of the Exchange Act.  15 U.S.C. § 78t-1.

(Order at 104-05.)  The Court dismissed those counts as to Kurland on the ground that the allegations were insufficient to support a reasonable inference that statements by Kurland caused the complained-of losses.  In particular, the Court noted that the alleged statements about Countrywide by Kurland occurred before his departure from Countrywide in early September 2006.  Although Plaintiffs alleged that Kurland's statements proximately caused losses to them between ten and eighteen months later, *i.e.*, between July 24, 2007 and March 7, 2008, the Court determined that such a temporal link was too attenuated to support liability.

Plaintiffs have now filed a 1,246-paragraph Second Consolidated Amended Class Action Complaint ("SCAC") that repleads the same claims against Kurland, now numbered as Counts 10 and 11 (SCAC ¶¶ 1218-32), without adding *a single* factual averment related to the alleged loss causation by Kurland.  Plaintiffs' failure even to attempt to cure the "serious loss causation defect" found by the Court makes clear that the defect cannot be cured.  (Order at 104.)  Accordingly, the Court should dismiss Counts 10 and 11 against Kurland without leave to amend.

In addition, the Court should dismiss Count 13 of the SCAC—which alleges a violation of Section 20A of the Exchange Act against Kurland (SCAC ¶¶ 1240-46)—because Plaintiffs have not pled any facts giving rise to an inference, let alone a strong inference as required, that Kurland acted on inside information in making stock transactions.  Plaintiffs have the burden under the Private Securities Litigation Reform Act ("PSLRA") to allege facts to show that Kurland knew with sufficient certainty that the truth about Countrywide's operations would be revealed soon after the transaction so as to create a strong inference that Kurland actually used inside information in deciding to make trades.  Plaintiffs fail to meet this burden in their claim against Kurland for two reasons.

First, the latest date of trades by Kurland alleged in the SCAC is October 9, 2006, nearly ten months before July 24, 2007, when Plaintiffs allege that relevant

CALDWELL LESLIE & PROCTOR

-2-

**DEFENDANT STANFORD L. KURLAND'S NOTICE AND MOTION TO DISMISS COUNTS 10, 11 & 13 OF THE SECOND CONSOLIDATED AMENDED COMPLAINT**

public disclosures began.  (*See* SCAC ¶¶ 952-53 and Exh. G at p. 23.)  Such a substantial period of time cannot reasonably be considered "shortly before" the July disclosure so as to create a strong inference that Kurland used inside information in deciding to make the trades.  Further, Kurland's employment with Countrywide ended in September of 2006 (SCAC ¶ 29), so Kurland could have had no knowledge when, if ever, the alleged "truth" about Countrywide operations would become public.

Second, an increased trading by Kurland that Plaintiffs rely on occurred because Kurland's employment contract provided that, if he did not exercise all vested options within ninety days of his departure from Countrywide, he would forfeit those options.  (RJN, Esbenshade Decl., Exh. A at p. 9, ¶ 3(A)(i), and Exh. B at p. 15, Sec. 5(d).)  Thus, Kurland's exercise of options over a short period after he was terminated by Countrywide on September 7, 2006, was pursuant to contractual provision, not because of any information that Kurland had or believed would be revealed.  That trading does not give rise to any inference that Kurland used inside information.

Like their claims under Sections 10(b) and 20(a), Plaintiffs' claim for relief under Section 20A is defeated by the timeline they themselves set forth in the SCAC.  As more fully explained below, the Court should dismiss without leave to amend Counts 10, 11, and 13 of the SCAC as to Kurland.

///
///
///
///

CALDWELL LESLIE & PROCTOR

-3-

**DEFENDANT STANFORD L. KURLAND'S NOTICE AND MOTION TO DISMISS COUNTS 10, 11 & 13 OF THE SECOND CONSOLIDATED AMENDED COMPLAINT**

## II. THE COURT SHOULD DISMISS COUNT 10 AS TO KURLAND BECAUSE THE SCAC FAILS TO PLEAD FACTS SUFFICIENT TO SUPPORT AN INFERENCE THAT KURLAND CAUSED PLAINTIFFS' ALLEGED LOSS UNDER SECTION 10(b) OF THE EXCHANGE ACT

The Court concluded in its Order dismissing Plaintiffs' original Section 10(b) and Rule 10b-5 claim against Kurland that there was "a serious loss causation defect in the CAC. Plaintiffs have not adequately alleged loss causation for Kurland." (Order at 104:2-3.) The Court determined that the CAC alleged scienter for Kurland for the period between February 2005 and September 2006 only, while the first alleged disclosure and decline in stock price did not occur until July 24, 2007. (Order at 104:3-6.) The Court concluded that "it is too far a stretch" to claim that statements made in 2005 and 2006 proximately caused losses after July 24, 2007. (Order at 104:8-10.) And the Court's Order found no properly alleged misleading or false statement by Kurland after July 2005, *two years* before Plaintiffs' purported losses began. (*See* Order at 94 (finding Plaintiffs sufficiently alleged misleading statements by Kurland during conference calls in February, April and July of 2005)). The SCAC fails to plead *any additional facts* to cure this serious loss causation defect, and the Court accordingly should dismiss Count 10 as to Kurland without leave to amend.

Like the CAC, the SCAC alleges that the first alleged corrective disclosure occurred on July 24, 2007, more than ten months after Kurland left Countrywide on September 7, 2006. (SCAC ¶¶ 29, 952-53.) And the SCAC does not allege any statements by Kurland other than those alleged in the CAC. (*See* SCAC ¶¶ 755-57, 760-63, 795-99, 803-07, 820-23 and 826-29 (describing Countrywide investor and analyst calls in late 2005 and throughout 2006 without any allegation as to a single

-4-

**DEFENDANT STANFORD L. KURLAND'S NOTICE AND MOTION TO DISMISS COUNTS 10, 11 & 13 OF THE SECOND CONSOLIDATED AMENDED COMPLAINT**

CALDWELL LESLIE & PROCTOR

false or misleading statement by Kurland)).³  As the Court has already determined, "it is too far a stretch" to claim that Kurland's statements could have proximately caused losses so attenuated in time.  (Order at 104:8-10.)

To plead loss causation under Section 10(b) of the Exchange Act by Kurland, Plaintiffs must show that any decline in stock price following plaintiffs' purchase was caused by alleged misrepresentations by Kurland (rather than caused by market forces or other unrelated events).  *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 344-45 (2005).  Moreover, "a plaintiff purporting to allege a securities fraud claim must not only prove loss causation . . . [,] he must also plead it with sufficient specificity to enable the court to evaluate whether the necessary causal link exists."  *Teachers Ret. Sys. of LA v. Hunter*, 477 F.3d 162, 186 (4th Cir. 2007); *cf. Berson v. Applied Signal Tech., Inc.*, 527 F.3d 982, 989 (9th Cir. 2008) (assuming without deciding that Rule 9(b) requires loss causation to be pled with particularity).  Under *Dura* and its progeny, securities plaintiffs must "link their losses to the alleged misrepresentations by showing that [a company's] stock price dropped upon revelation of the true state of the facts" – a so-called "corrective disclosure."  *Weiss v. Amkor Tech., Inc.*, 527 F.Supp.2d 938, 946-47 (D. Ariz. 2007).  Neither the CAC nor the SCAC meets this standard.

Because Plaintiffs were unable to allege new *facts* going to loss causation, the SCAC instead relies only on unsupported arguments that the facts previously pled, and already determined to be insufficient by the Court, were instead sufficient. Plaintiffs inserted into the SCAC a single paragraph essentially arguing that they need not plead new facts because "[t]he mere passage of time between Kurland's departure from Countrywide and the beginning of the corrective disclosures did not constitute a break in the causal link between his misrepresentations . . . and the

---

³ Though not necessary to this Motion, the evidence will show that Kurland's role at Countrywide diminished significantly during the period from early 2006 until his termination in September of 2006.

-5-

CALDWELL LESLIE & PROCTOR

**DEFENDANT STANFORD L. KURLAND'S NOTICE AND MOTION TO DISMISS COUNTS 10, 11 & 13 OF THE SECOND CONSOLIDATED AMENDED COMPLAINT**

substantial losses that occurred when the market began to appreciate the truth relating to those practices." (SCAC ¶ 1084.) The SCAC alleges that Countrywide's strategy shift was "completed substantially" before Kurland's alleged misrepresentations and departure from the Company; as a result, according to the SCAC, "[t]here was no direct intervening or independent cause for any or all of the losses" suffered by the class members. (*Id.*)

These conclusory statements cannot transform Plaintiffs' deficient claim into a viable one. Plaintiffs plead no new facts in the SCAC, because no such facts can exist. Kurland's employment with Countrywide ended over ten months before Plaintiffs' purported loss. (SCAC ¶ 29.) Even assuming that the statements by Kurland in 2005 that Plaintiffs have sought to rely upon could be construed to satisfy other elements of Plaintiffs' 10(b) claim, Plaintiffs cannot possibly shorten the wide gap between Kurland's departure from Countrywide and the beginning of their purported losses in July 24, 2007, already determined by the Court to be too great. (Order at 104.)

Plaintiffs have now had two chances to plead loss causation against Kurland. They have failed to do so. Indeed, it is apparent that the defect cannot be cured, as Plaintiffs have not even tried to plead additional facts to establish loss causation against Kurland in the SCAC but instead have determined to stand pat on a theory and facts that the Court has already determined to be deficient. Accordingly, Count 10 for violation of Section 10(b) and Rule 10b-5 should be dismissed without leave to amend as to Kurland. *See In re Wet Seal, Inc. Sec. Litig.*, 518 F.Supp.2d 1148, 1181 (C.D.Cal. 2007) ("[t]he district court's discretion to deny leave to amend is particularly broad where [the] plaintiff has previously amended the complaint") (quoting *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)). This is particularly true where, as here, the plaintiffs already have had more than one opportunity to amend. *Wet Seal*, 518 F.Supp.2d at 1181.

CALDWELL
LESLIE &
PROCTOR

-6-

**DEFENDANT STANFORD L. KURLAND'S NOTICE AND MOTION TO DISMISS COUNTS 10, 11 & 13 OF THE SECOND CONSOLIDATED AMENDED COMPLAINT**

## III. THE COURT SHOULD DISMISS COUNT 11 AS TO KURLAND BECAUSE THE SCAC DOES NOT ADEQUATELY PLEAD A PRIMARY VIOLATION AS REQUIRED BY SECTION 20A

In the Order, the Court dismissed Plaintiffs' claim against Kurland for violation of Section 20(a) on the ground that Plaintiffs failed adequately to allege a primary violation of federal securities law—*i.e.*, because they failed to plead loss causation sufficient to establish the Section 10(b) and Rule 10b-5 claim. (Order at 105:7-8.) For the reasons stated in Section II, above, the SCAC utterly fails to correct this defect; consequently, Count 11—which repleads Plaintiffs' claim under Section 20(a) against Kurland—also should be dismissed without leave to amend. *Wet Seal*, 518 F.Supp.2d at 1181.

## IV. THE COURT SHOULD DISMISS COUNT 13 AS TO KURLAND BECAUSE THE SCAC FAILS ADEQUATELY TO ALLEGE THAT KURLAND TRADED ON MATERIAL, NONPUBLIC INFORMATION

Count 13 for violation of Section 20A alleges insider trading. In the very recently decided case *Zucco Partners v. Digimarc Corp.*, the Ninth Circuit noted that "insider trading is suspicious only when it is 'dramatically out of line with prior trading practices at times calculated to maximize the personal benefit from undisclosed inside information.'" *Zucco Partners v. Digimarc Corp.*, __ F.3d __, 2009 WL 57081, *19 (9th Cir. Jan. 12, 2009) (citations omitted). The Plaintiffs must plead facts sufficient to create a "strong inference" that the insider "actually use[d] (scienter) the inside information in deciding to make the trade (loss causation)." (Order at 107:1-2.) This inference of scienter must be "cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *Zucco*, 2009 WL 57081, at *5 (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 127 S.Ct. 2499, 2510 (2007)).

In its Order, the Court noted that the PSLRA "requires the Court determine when § 20A Defendants knew <u>with sufficient certainty</u> that truth would be revealed

-7-

CALDWELL LESLIE & PROCTOR

**DEFENDANT STANFORD L. KURLAND'S NOTICE AND MOTION TO DISMISS COUNTS 10, 11 & 13 OF THE SECOND CONSOLIDATED AMENDED COMPLAINT**

<u>soon enough</u> for this knowledge to create a strong inference that they actually used it in deciding to make their trades." (Order at 108:9-12 (emphasis in original).) *See also In re BISYS Sec. Litig.*, 397 F.Supp.2d 430, 444 (S.D.N.Y. 2005) ("[T]he fact that insiders sold company stock, standing alone, does not give rise to an inference of *scienter*. Instead, the Court must look for some indication that defendants were withholding information from the market so that they could profit from insider trades . . . by selling shortly before the public disclosure of negative information.") Applying this standard, the Court concluded that transactions "shortly before" the July 24, 2007 disclosure sufficed to state a § 20A claim against the individual defendants. (Order at 108:14-15.)

However, the exhibits attached to the SCAC do not include trades by Kurland "shortly before" the July 24, 2007 disclosure. (*See* SCAC, Exhs. G-H.) The latest Kurland sales of Countrywide stock identified in Exhibits G and H to the SCAC occurred on October 9, 2006—nine and one-half months before the July 24, 2007 disclosure. (*See* SCAC, Exh. G at p. 23 and Exh. H at p. 21-27.) This temporal distance alone defeats any inference that Kurland's trading was based on inside information. *See In re Party City Sec. Litig.*, 147 F.Supp.2d 282, 313 (D.N.J. 2001) (noting that "[a] broad temporal distance between stock sales and a disclosure of bad news defeats any inference of scienter" and concluding that sales of stock three, four and twelve months before the disclosure of bad news to be too attenuated to draw an inference of scienter). *See also Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1057, 1067 (9th Cir. 2008) (timing of stock sales not suspicious where many of the trades took place in October 2003, two months before the December 2003 event that allegedly triggered a sell-off amongst insiders); *In re The Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1093-94 (9th Cir. 2002) (no inference of scienter where most stock sales occurred a year before bad news was released); *In re Nike, Inc. Sec. Litig.*, 181 F.Supp.2d 1160, 1170 (D.Or. 2002) (finding no scienter and noting that "[n]o sales occurred within the month prior to the negative

-8-

CALDWELL LESLIE & PROCTOR

**DEFENDANT STANFORD L. KURLAND'S NOTICE AND MOTION TO DISMISS COUNTS 10, 11 & 13 OF THE SECOND CONSOLIDATED AMENDED COMPLAINT**

announcement . . . which caused the stock price to plummet"); *In re Read-Rite Corp. Sec. Litig.*, 115 F.Supp.2d 1181, 1183 (N.D. Cal. 2000) (stock sales that occurred more than four and one-half months before negative announcement "do not amount to a strong implication of the requisite scienter"). Because Kurland's last alleged trades were over nine months before the first alleged disclosure, Plaintiffs have failed to meet the applicable pleading standards for a Section 20A violation.

Additionally, increased trading by Kurland in September and October of 2006 after the termination of his employment fails to create any inference that inside information was used because Kurland was required under his employment agreement and the company's stock option plan to exercise or lose all of his vested stock options within 90 days of his departure from Countrywide. (RJN, Esbenshade Decl., Exh. A at p. 9, ¶ 3(A)(i), and Exh. B at p. 15, Sec. 5(d).) Thus, these option exercises by Kurland and related sales were pursuant to his employment contract and not "suspicious" or probative of scienter. *See The Wu Group v. Synopsys, Inc.*, No. C04-3580 MSJ, 2005 WL 1926626, at *10 (N.D. Cal. Aug. 10, 2005) ("The sale of stock at or near the scheduled expiration of options is 'perfectly reasonable' and is not suspicious."); *In re Read-Rite*, 115 F.Supp.2d at 1184 ("[T]he sale of stock in conjunction with the departure of a high level executive . . . is insufficient to show scienter.") Under these circumstances, there can be no plausible inference, let alone a strong inference as required by the PSLRA, that Kurland actually used inside information in deciding to exercise his options. Had he not exercised the options, he would have lost them.

Accordingly, Plaintiffs' Section 20A claim against Kurland should be dismissed because (1) the final stock sales that Plaintiffs allege of Kurland occurred more than nine months before the first alleged disclosure on July 24, 2007; and (2) stock sales in the months following the termination of Kurland's employment do not support an inference that Kurland used inside information because his

-9-

**DEFENDANT STANFORD L. KURLAND'S NOTICE AND MOTION TO DISMISS COUNTS 10, 11 & 13 OF THE SECOND CONSOLIDATED AMENDED COMPLAINT**

employment agreement and the company's stock option plan required him either to exercise his vested stock options within 90 days of his departure from the company or lose them entirely. Because the facts alleged, and those subject to judicial notice, foreclose the strong inference of scienter required by the PSLRA, Count 13 should be dismissed as against Kurland without leave to amend.

## V.  CONCLUSION

For the foregoing reasons, Kurland respectfully requests that the Court dismiss without leave to amend Counts 10, 11, and 13 as alleged against him.

DATED: February 6, 2009        Respectfully submitted,

CALDWELL LESLIE & PROCTOR, PC
CHRISTOPHER G. CALDWELL
ANDREW ESBENSHADE
DAVID K. WILLINGHAM


By _____/s/_____
     ANDREW ESBENSHADE
Attorneys for Defendant STANFORD L. KURLAND

-10-

**DEFENDANT STANFORD L. KURLAND'S NOTICE AND MOTION TO DISMISS COUNTS 10, 11 & 13 OF THE SECOND CONSOLIDATED AMENDED COMPLAINT**