Lloyd Winawer (State Bar No. 157823)
*lwinawer@goodwinprocter.com*
**GOODWIN PROCTER LLP**
10250 Constellation Blvd., 21st Floor
Los Angeles, CA 90067
Telephone: 310-788-5177
Facsimile: 310-286-0992

*Attorneys for Defendants*
Countrywide Financial Corporation,
Countrywide Securities Corporation, and
Countrywide Capital V

**LABATON SUCHAROW LLP**
Joel H. Bernstein
*jbernstein@labaton.com*
Jonathan M. Plasse
*jplasse@labaton.com*
Ira A. Schochet
*ischochet@labaton.com*
David J. Goldsmith
*dgoldsmith@labaton.com*
140 Broadway
New York, New York 10005
Telephone: 212-907-0700
Facsimile: 212-818-0477

*Lead Counsel for Lead Plaintiffs*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE COUNTRYWIDE FINANCIAL CORPORATION SECURITIES LITIGATION<br><br>This Document Relates to: All Actions | Lead Case No.<br>CV 07-05295 MRP (MANx)<br><br>**STIPULATION AND ORDER GOVERNING THE TREATMENT OF CONFIDENTIAL INFORMATION** |

IT IS HEREBY STIPULATED AND AGREED, by and among the parties (the "Parties") to the above-captioned consolidated action ("Action"), through their respective undersigned counsel, as follows:

1. This Stipulation and Order Governing the Treatment of Confidential Information (the "Stipulation") shall govern the disclosure and use of Confidential Discovery Material (as defined below) and all other discovery material as applicable) provided during the course of this Action by the Parties to the Action or by nonparties, either voluntarily or as required by discovery demands made pursuant to the Federal Rules of Civil Procedure.

2. Nothing in this Protective Order shall apply to documents, information, material, or any portion thereof obtained by any Party on a non-confidential basis from an unrelated person or entity ("Independently Obtained Documents"), provided that if an Independently Obtained Document duplicates, in whole or in part, documents produced to the Party and designated as Confidential Discovery Material, and the Independently Obtained Document was obtained directly or indirectly by the unrelated person or entity as a result of discovery from any Defendant or affiliated entity in litigation involving any Defendant or affiliated entity, such Independently Obtained Document, or the duplicative portion thereof, shall be treated by the Party as Confidential Discovery Material. Nothing in this paragraph shall be deemed to relieve any unrelated party or entity from complying with its obligations under any agreement or court order that is otherwise applicable to that person or entity.

3. As used in this Stipulation, "person" includes any individual, entity, natural person, or any business, legal or governmental entity or association. "Producing Person" refers to any person that produces discovery material. "Receiving Person" refers to any person that receives discovery material subject to this Stipulation.

4. This Protective Order designates as "Confidential Discovery Material" documents or discovery responses that may be produced during discovery that are designated as such by a Producing Person because they contain any of the following: confidential, sensitive, or nonpublic financial information and statements; proprietary business information, including business plans and records of internal deliberations and decision-making; policies and procedures not generally published, including those concerning business operations, employee benefits and risk management procedures; surveys concerning customers, competitors and employees; and individual personal information that is protected from disclosure under state or federal law, including identifying personal information and personal financial information, about any Party, any employee of any Party, or any third party. It is possible that disclosure of this Confidential Discovery Material may cause harm to the Producing Persons and their employees, as well as to third parties.

5. All documents designated as Confidential Discovery Material shall be so designated, by Bates range, in a letter accompanying their production to a Party, by stamping the media in which the documents are transmitted, or by stamping the first page of a document "CONFIDENTIAL," "CONFIDENTIAL DISCOVERY MATERIAL," or "CONFIDENTIAL TREATMENT REQUESTED BY [and the name of the producing party]." Documents may be designated as Confidential Discovery Material at any time. Without limiting the foregoing sentence in any way, a Party may designate a document as CONFIDENTIAL after it was earlier produced without such a designation, and such production, in and of itself, shall not prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of confidentiality to which the Producing Person would otherwise be entitled. Any documents designated as Confidential Discovery Material prior to entry of this Order shall be treated the same in all

respects as documents designated as Confidential Discovery Material after the entry of this Order.  This Order also treats as Confidential Discovery Material oral communications designated as confidential either orally (provided that such designation was recorded by a court reporter) or in writing.

   6. It is the intent of the Parties and the Court that materials will not be designated as Confidential Discovery Material for tactical reasons in this case and that nothing be so designated without a good faith belief that there is good cause why it should not be part of the public record in this case.

   7. Confidential Discovery Material also includes those portions of any notes, work papers or other work product that contain confidential information from documents designated as Confidential Discovery Material without the need for a separate confidential designation on the notes, work paper, or other work product.

   8. If discovery material is inspected at the Producing Person's choice of location, all such discovery material shall be presumed at such inspection to have been designated as Confidential Discovery Material by the Producing Person until such time as the Producing Person provides copies to the Party that requested the discovery material.  Production of Confidential Discovery Material for inspection and copying shall not constitute a waiver of confidentiality.

   9. Confidential Discovery Material shall be subject to the following restrictions:

    (a) Confidential Discovery Material shall be used solely for the purpose of preparing for, and conducting, the prosecution or defense of this Action, including any appeals thereof, and shall not be used by the Parties or any other person for any commercial, business, competitive or other purpose.

  (b) Confidential Discovery Material shall not be given, shown, made available or communicated in any way to anyone except those persons specified in subparagraph (c) below to whom it is necessary that such Confidential Discovery Material be given or shown for the purposes permitted under subparagraph (a) above.

  (c) Confidential Discovery Material may be disclosed, for the purposes set forth in subparagraph (a) above, only to a "Qualified Person," defined as follows:

    (i) counsel of record for the Parties, and attorneys, paralegal, clerical and other staff employed or retained by such counsel who are assisting in the conduct of the Action;

    (ii) those officers, directors, and representatives (including legal representatives) of the Parties deemed necessary to aid counsel in the conduct of the Action;

    (iii) any and all individual Defendants in this Action;

    (iv) witnesses (other than Parties) at any deposition or hearing in the Action;

    (v) such consultants, experts, and investigators (including their professional staffs) retained by the Parties, or their respective counsel, as they in good faith deem necessary to provide assistance in connection with the conduct of the Action;

    (vi) the Court, court personnel, and jurors, potential jurors or alternate jurors;

    (vii) court reporters and videographers used in connection with the conduct of this Action;

    (viii) outside photocopying, graphic production services, litigation support services, and document hosting vendors

        retained by the Parties, or their respective counsel, as they in good faith deem necessary to provide assistance in connection with the conduct of the Action;

        (ix)   persons who are or were authors or recipients of the Confidential Discovery Material; and

        (x) any person carrying on an insurance business that may be liable to satisfy part or all of any judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy a judgment.

    10.    Except for Qualified Persons defined in subsections (9)(vi), (9)(vii), and 9(viii), each person described in subparagraph 9(c) to whom Confidential Discovery Material is disclosed shall first be advised that such Confidential Discovery Material is being disclosed pursuant and subject to the terms of this Stipulation and that Confidential Discovery Material may not be disclosed other than pursuant to the terms hereof.  Prior to disclosing Confidential Discovery Material to any person described in subparagraph 9(c)(v) above, counsel shall cause each such person to execute a Certificate in the form annexed hereto as Exhibit A.  Counsel shall be responsible for retaining executed certificates.

    11.    If any Receiving Person inadvertently discloses Confidential Discovery Material to persons who are not Qualified Persons, such disclosure shall be reported in writing, via overnight delivery service or email, to the Producing Person who produced such inadvertently disclosed Confidential Discovery Material within three (3) business days of the discovery of such disclosure.  In that event, counsel for the Receiving Person shall make all reasonable efforts to retrieve the Confidential Discovery Material and to obtain the agreement of persons to whom inadvertent disclosure was made to treat the Confidential Discovery Material in accordance with the terms of this Stipulation.

12. Information or testimony disclosed at a deposition may be designated as Confidential Discovery Material by the person providing such testimony, by a Party, or by a Producing Person if such person either:

    (a) identifies on the record at the deposition those portions of the testimony that are designated as Confidential Discovery Material; or

    (b) provides written notification to all Parties within thirty (30) days of the court reporter's release of the transcript of the deposition as to those pages and lines of the transcript that are designated as Confidential Discovery Material.

Except to the extent the Parties otherwise agree, the entire transcript of any deposition shall be treated as Confidential Discovery Material until thirty (30) days after the court reporter's release of the transcript of the deposition. Each page of a deposition transcript designated as Confidential shall be stamped, as set forth in paragraph 9 above, by the court reporter or by counsel. If counsel for any Party believes that a question put to a witness being examined in pretrial deposition will disclose Confidential Discovery Material, or that the answer to any question or questions requires such disclosure, or if documents to be used as exhibits during the examination contain such Confidential Discovery Material, such counsel may so notify requesting counsel, and, in that event, that portion of the deposition shall be taken in the presence only of counsel, parties to the Litigation, the court reporter, video operator and their assistants, and persons who have signed a receipt acknowledging the receipt of this Protective Order. The court reporter shall indicate in the transcript the portion of the transcript that is to be kept confidential, and shall mark the cover page of the transcript accordingly.

13. In the event that any person discloses Confidential Discovery Material in any pleading, court filing, attachment or exhibit thereto, or other

1 papers filed with the Court pre-trial, the disclosing person shall conditionally file
2 the confidential information under seal with the Clerk of this Court pursuant to
3 Local Rule 79-5; *provided, however,* that the paper shall be furnished to the Court
4 and the attorneys for the Parties and a duplicate copy with the confidential
5 information deleted will be placed in the public record insofar as possible.  The
6 Parties understand that designation of materials as Confidential Discovery
7 Material does not automatically entitle the Parties to have such information kept
8 under seal and that any submission of documents under seal should seek to file
9 under seal only those portions of the documents that contain confidential
10 information, *see, e.g., Kamaka v. City & County of Honolulu,* 447 F.3d 1172,
11 1178-81 (9th Cir. 2006), and should be made to the judicial officer presiding over
12 the proceedings in question.  This Protective Order does not address the use of
13 Confidential Discovery Material for use at trial.  The Parties agree to meet and
14 confer regarding use of Confidential Discovery Material in connection with trial
15 and to raise the issue with the Court at an appropriate time.

16        14.    No Party concedes that any discovery material designated by any
17 other person as Confidential Discovery Material under any provision of this
18 Stipulation in fact contains or reflects trade secrets, proprietary or confidential
19 information, or has been properly designated as Confidential Discovery Material,
20 and entering into this Stipulation shall not prejudice the right of a Party to seek, at
21 any time, a determination by the Court of whether any particular document or
22 information should be subject to the terms of this Stipulation.

23        15.    A Receiving Person shall not be obliged to challenge the propriety of
24 a designation of documents or other material as Confidential Discovery Material
25 at the time made, and failure to do so shall not preclude a subsequent challenge
26 thereof.  If at any time a Receiving Person objects to a Confidential Discovery
27 Material designation under this Stipulation, the Objecting Party shall notify the
28

Producing Person in writing. The Objecting Party shall identify the information in question and shall specify in reasonable detail the reason or reasons for the objection, and shall otherwise comply with Local Civil Rule 37-1. Within ten (10) calendar days of the receipt of such written notice, the Producing Person and Objecting Party shall meet-and-confer in an effort to resolve their differences. If the disagreement cannot be resolved, the Producing Person may apply to the Court within ten (10) calendar days for a protective order affirming the Producing Person's Confidential Discovery Material designation. The application of the Producing Person shall comply with Local Civil Rules 37-2 and 37-3, and the Producing Person shall have the burden of demonstrating that the document or material designated as Confidential Discovery Material is deserving of confidential treatment or other protection under the terms of this Stipulation. If the Producing Person does not make such an application to the Court, the documents or material to which an objection was directed will no longer be considered Confidential Discovery Material under this Stipulation. While any such application is pending, the documents or material subject to that application will remain Confidential until the Court rules.

16. In the event that the Court determines that there is an actual or threatened breach of the agreement by a Receiving Person, the Parties agree that the Producing Person would not have an adequate remedy at law and would be entitled to specific performance, and/or injunctive relief, to enforce the terms of this Protective Order, in addition to any other remedy the party may be entitled at law or in equity.

17. If any Receiving Person (a) is subpoenaed in another action, or (b) is served with a demand in another action to which he, she, or it is a party, seeking Confidential Discovery Material under this Stipulation, the Receiving Person shall give written notice, by hand or by e-mail, within three (3) business days of receipt

1  of such subpoena or demand to those who produced or designated the discovery
2  material as Confidential.  The Producing Person shall be responsible for seeking a
3  protective order or similar court-ordered relief to prevent the requested
4  production.  Should the Producing Person seek a protective order or similar court-
5  ordered relief, then the Receiving Person shall not produce any of the Producing
6  Person's Confidential Discovery Material, until a final decision that is no longer
7  subject to appellate review orders such production, provided that the Producing
8  Party has filed a Notice of Appeal or Motion for permission to Appeal from a
9  lower court order not later than thirty (30) days after Notice of Entry of that order
10 is served.

11      18.   Absent consent from a Producing Person, no Confidential Discovery
12 Material produced by such Producing Person may be used in connection with any
13 other litigation, matter, or proceeding except for *Argent Classic Convertible*
14 *Arbitrage Fund L.P. v. Countrywide Financial Corporation, et al.*, No. CV-07-
15 07097 MRP (MANx) (C.D. Cal.) (the "*Argent* Action").  Material produced by
16 any Defendant in this Action who is not a party to the *Argent* action may not be
17 used in connection with the *Argent* action absent consent of such Defendant.
18 Confidential Discovery Material may be used in connection with  *Luther v.*
19 *Countrywide Financial Corporation, et al.*, No. BC 380698 (Superior Court of the
20 State of California, County of Los Angeles) (the "*Luther* Action") only after (a) a
21 court of competent jurisdiction has determined that the consolidated complaint in
22 the Luther Action has stated a claim for which relief can be granted, (b) all motion
23 to dismiss or demurrer proceedings with respect to such complaint have been
24 completed, and (c) all such motions and demurrers have been finally determined
25 by such court.  In any event, material produced by any Defendant in this Action
26 who is not a party to the *Luther* action may not be used in connection with the
27 *Luther* action absent consent of such Defendant.
28

19. Lead Plaintiffs New York Funds contend they are subject to the provisions of the New York State Freedom of Information Law (Public Officers Law, Article 6, §§ 84 et seq.) ("FOIL").  Defendants reserve the right to argue in any action or proceeding that FOIL does not apply to Confidential Discovery Material.  To the extent that FOIL does apply, any party's designation of materials as Confidential Discovery Material shall constitute a written request under FOIL § 89(5)(a) that the Lead Plaintiffs except such information from disclosure on the grounds that such materials contain "trade secrets" and "information . . . which if disclosed would cause substantial injury," within the meaning of FOIL § 87(2)(d) or disclosure would constitute an "unwarranted invasion of personal privacy," within the meaning of FOIL § 87(2)(b).  Lead Plaintiffs agree that they will not solicit any person or entity to make a request for public disclosure of any such material pursuant to FOIL or otherwise.  However, nothing herein shall prohibit a Lead Plaintiff from informing any person or entity that may request Confidential Discovery Material that such person or entity may make a request pursuant to FOIL.  Information designated as Confidential Discovery Material shall be excepted from disclosure until fifteen (15) days after the entitlement to such exception has been finally determined or such further time as ordered by a court of competent jurisdiction, in accordance with FOIL § 89(5)(a)(3).  If a Lead Plaintiff receives a request for records pursuant to FOIL that Lead Plaintiff reasonably believes describes Confidential Discovery Material, the Lead Plaintiff shall give written notice consisting of a copy of the FOIL Request, by overnight delivery service or e-mail, within three (3) business days of receipt of the FOIL request by the Division of Legal Services of the New York State Comptroller (if the Receiving Person is an agency or department of the State of New York) or by the Pensions Division of the Law Department of the City of New York or the Office of the General Counsel of the New York City

Comptroller (if the Receiving Person is an agency or department of the City of New York), to the Producing Persons who produced the subject Confidential Discovery Material. Within ten (10) business days after receipt of notification of any such request for disclosure of Confidential Discovery Material, the Producing Persons shall notify the Lead Plaintiff of its position as to whether an exception to disclosure of such material applies (including that disclosure of the materials would constitute an "unwarranted invasion of personal privacy," under FOIL § 87(2)(b) or that the material constitutes "trade secrets" or "information . . . which if disclosed would cause substantial injury" under FOIL § 87(2)(d)), such position to be in form of a written statement of the necessity for the granting or continuation of such exception. If the Lead Plaintiff concurs with the Producing Persons' position that an exception applies, the Lead Plaintiff shall then provide to the Producing Persons and the requesting party notification of denial of the FOIL request within seven (7) business days of the expiration of the period prescribed for submission of the Producing Persons' statement. If the Producing Persons' position does not state that an exception applies, then the Lead Plaintiff may produce the requested records comprising the subject Confidential Discovery Material. If the Lead Plaintiff does not concur with the Producing Persons' position, the Lead Plaintiff shall notify the Producing Persons and the requesting party within seven (7) business days of the expiration of the period prescribed for submission of the Producing Persons' statement, and shall refrain from producing the subject Confidential Discovery Material to allow the Producing Persons an opportunity to seek appropriate relief as follows: The Producing Persons shall first appeal in writing to " the head of the agency, the chief executive officer, or governing body, or their designated representatives," within seven (7) days of receipt of written notice denying the exception. The appeal shall be determined within ten (10) business days of receipt of the appeal, and written notice,

containing the reasons for the exception determination, shall be served upon the Producing Persons and the requesting party, in accordance with FOIL § 89(5)(c)(2).  Should the exception be denied upon appeal, the Producing Persons may seek review within fifteen (15) days after service of written notice of the denial by special proceeding under article 78 of the civil practice law and rules.  If the Lead Plaintiff responding to the FOIL request is the New York State Common Retirement Fund, the Producing Persons, pursuant to Section 506(b)(2) of the New York Civil Practice Law and Rules, shall seek such relief in the Supreme Court of the State of New York for the County of Albany.  If the Lead Plaintiff responding to the FOIL request is one or more of the New York City Pension Funds, the Producing Persons, pursuant to Section 504(3) of the New York Civil Practice Law and Rules, shall seek such relief in the Supreme Court of the State of New York for the County of New York.  In any event,  if the Producing Persons commence a legal proceeding as set forth herein, no Lead Plaintiff will provide the subject Confidential Discovery Material to any requesting party during the pendency of any proceeding until a final decision is rendered which is no longer subject to appellate review, provided that the Producing Party has filed its Notice of Appeal, or its Motion for Permission to Appeal, from a lower court order not later than thirty (30) days after Notice of Entry of that order is served.

20.     Upon notification that a document or other discovery material has been inadvertently produced and/or that a claim of attorney-client privilege, attorney work product, or other applicable privilege or protection will be made with regard to such document or other discovery material, the party receiving such notice shall promptly return or, at the Producing Person's option, destroy any and all copies of such document or other discovery material and shall refrain from reading or reviewing said document or discovery material beyond the extent necessary to identify it as the inadvertently produced material, or from utilizing it

in any manner or form including specifically but not exclusively, use during the course of a deposition, review with witnesses, or any other disclosure or review whatsoever.  The Receiving Person shall also remove all references to such material from any attorney work product.  Together with notification of inadvertent production, the Producing Person shall supply a privilege log to the Receiving Person describing said document or other discovery material in compliance with Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure.  The inadvertent production of any document or discovery that is subsequently retrieved or destroyed pursuant to this paragraph shall not be deemed to be a waiver of the claim of privilege or protection asserted.  Notwithstanding the foregoing, nothing in this paragraph shall prevent a Receiving Person, after promptly returning or destroying the discovery material, from challenging the Producing Person's designation of the document or discovery as subject to attorney-client privilege, attorney work product, or other applicable privilege or protection or otherwise not subject to production, provided that (a) such challenge complies with Local Rules 37-1 through 37-4, (b) any review by the Court of the materials in question is conducted *in camera*, and (c) the challenge shall not assert as ground or basis that the Producing Person waived any privilege or protection because of the inadvertent disclosure.

21. This Stipulation shall be without prejudice to the rights of a Producing Person to seek further limits on disclosure or protections for the confidentiality of any discovery material (whether or not designated as Confidential) in addition to the limits and protections provided herein, including, without limitation, that access or disclosure of any discovery material be limited solely to counsel for a Party or to other specified persons and without prejudice to the rights of any other person to contest such application.

22. <u>Other Parties and Third Parties</u>.  Other parties to this Litigation, including any additional parties that join or are joined in this Litigation, may have access to Confidential Discovery Material only by additional order of the Court or by the party's executing and filing with the Court a stipulation agreeing to be fully bound by this Protective Order.  Third parties providing discovery materials in response to a subpoena may gain the benefits of this Order with respect to any documents or discovery materials they produce by executing a Certificate in the form annexed hereto as Exhibit A; by so signing, those parties will also assume all the duties and obligations required under this Order.

23. Within thirty (30) days after the final termination of this Litigation, including any appeals, each counsel shall at the option of the disclosing party either return all Confidential Discovery Material in his possession, custody or control, and all copies, portions, summaries, or abstracts thereof to counsel for the disclosing party or shall certify destruction thereof; *provided, however,* that counsel for a party may retain a file copy of work product created in connection with this Litigation that includes Confidential Discovery Material, but such work product shall continue to be kept confidential pursuant to this Protective Order.

24. The Parties may jointly seek to amend or modify this Stipulation subject to Court approval.

25. Notwithstanding any provision contained herein, nothing in this Stipulation shall restrict in any way the right of a Party to make use of its own discovery material in any way it deems fit.

26. Nothing in this Protective Order shall be deemed a waiver of any of the Parties' rights to oppose any discovery on any grounds or to object on any ground to the admission in evidence at any motion hearing or the trial of this Litigation of any matter discovered.

IT IS SO STIPULATED AND AGREED.

Dated: August_25, 2009	LABATON SUCHAROW LLP

By:	  /s/ Joel H. Bernstein  
JOEL H. BERNSTEIN
JONATHAN M. PLASSE
IRA A. SCHOCHET
DAVID J. GOLDSMITH
MICHAEL H. ROGERS

*Lead Counsel for Lead Plaintiffs New York Funds*

KREINDLER & KREINDLER LLP
GRETCHEN M. NELSON
MARK LABATON

*Liaison Counsel for Lead Plaintiffs New York Funds*

KAPLAN FOX & KILSHEIMER LLP
FREDERIC S. FOX
JOEL B. STRAUSS
JEFFREY P. CAMPISI

*Attorneys for Plaintiffs Barry Brahn and Shelley B. Katzeff*

Dated: August 25, 2009	GOODWIN PROCTER LLP

By:	  /s/ Brian E. Pastuszenski  
BRIAN E. PASTUSZENSKI
LLOYD WINAWER
KYLE A. WOMBOLT
INEZ FRIEDMAN-BOYCE
STUART M. GLASS

*Attorneys for Defendants Countrywide Financial Corporation, Countrywide Securities Corporation, and Countrywide Capital V*

# EXHIBIT A

## AGREEMENT TO BE BOUND BY STIPULATION AND ORDER GOVERNING THE TREATMENT OF CONFIDENTIAL INFORMATION

I hereby certify that I have been provided with a copy of the Stipulation and Order Governing the Treatment of Confidential Information (the "Stipulation") entered in the United States District Court for the Central District of California on _____, 2009 in the consolidated action titled *In re Countrywide Financial Corporation Securities Litigation*, No. CV 07-05295 MRP (MANx).

I have read the Stipulation and I agree to be bound by its terms and conditions governing the disclosure of Confidential Discovery Material (as defined in the Stipulation).

I hereby consent to the exercise of jurisdiction over me in the United States District Court for the Central District of California in connection with any proceedings relating to the Stipulation, including but not limited to any action to enforce its terms and conditions.

Print name: _____

Firm/company: _____

Signature: _____

Dated: _____