KREINDLER & KREINDLER LLP
GRETCHEN M. NELSON (#112566)
*gnelson@kreindler.com*
MARK LABATON (#159555)
*mlabaton@kreindler.com*
707 Wilshire Boulevard, Suite 4100
Los Angeles, California 90017
Telephone: (213) 622-6469
Facsimile: (213) 622-6019

*Liaison Counsel for Lead Plaintiffs*

LABATON SUCHAROW LLP
JOEL H. BERNSTEIN
*jbernstein@labaton.com*
JONATHAN M. PLASSE
*jplasse@labaton.com*
IRA A. SCHOCHET
*ischochet@labaton.com*
DAVID J. GOLDSMITH
*dgoldsmith@labaton.com*
MICHAEL H. ROGERS
*mrogers@labaton.com*
JOSHUA L. CROWELL
*jcrowell@labaton.com*
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Lead Counsel for Lead Plaintiffs and Proposed Class Counsel*

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

IN RE COUNTRYWIDE FINANCIAL CORPORATION SECURITIES LITIGATION

This Document Applies to: All Actions

Lead Case No.
CV 07-05295 MRP (MANx)

**PLAINTIFFS' OBJECTION AND REQUEST TO STRIKE KPMG'S EVIDENTIARY OBJECTIONS TO THE AFFIDAVIT OF GREG A. JARRELL**

## PRELIMINARY STATEMENT

Lead Plaintiffs New York Funds and Plaintiffs Barry Brahn and Shelley B. Katzeff, on behalf of the Class (collectively, "Plaintiffs"), respectfully object to KPMG LLP's Evidentiary Objections, to the Affidavit of Gregg A. Jarrell, in Opposition to Plaintiffs' Motion for Class Certification ("KPMG Objections Mem.") and request that they be stricken.

## ARGUMENT

KPMG's "Objections" are in fact a blatant attempt to circumvent this Court's Order of August 25, 2009. In that order, the Court stated that except for the Countrywide Defendants, "[t]he page limit for any other Defendant's opposition shall remain unaltered" – that is, no more than twenty-five pages as set forth in Local Rule 11-6. Order at 3.

KPMG has set forth a separate Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion for Class Certification ("Memorandum"), which itself is twenty-four pages long. The Memorandum separately attacks Prof. Jarrell's opinions (KPMG Opp. Mem. at 9-14, 19); refers to the rebuttal report of KPMG's expert Dr. Kleidon, which attacks Prof. Jarrell's opinions (id. at 11-14); and incorporates the arguments made in the Countrywide Defendants' opposition to class certification, which also attacks Prof. Jarrell's opinions (KPMG Opp. Mem. at 1 n.1; Countrywide Opp. Mem. at 51-63, 67-73). Thus, KPMG's "Objections" are unnecessarily duplicative of the substantial briefing submitted by it and Countrywide in opposition to Plaintiffs' motion for class certification. At the same time, the "Objections" add an impossible burden for Lead Counsel to respond to in the short time set forth in the briefing schedule.

The timing of KPMG's submission signals its intended purpose. If KPMG had legitimate evidentiary objections to Prof. Jarrell's expert report, it could have filed them with the Court at any time after the report was served on June 22, 2009. Yet KPMG waited to file its "Objections" along with its opposition to class

certification, knowing full well that Plaintiffs would have a mere five days to prepare replies to four opposition briefs. This unnecessary delay leads to the inescapable conclusion that KPMG was trying to skirt the Court's brief page limits and possibly divert Plaintiffs' efforts.

Further, although styled "Objections," as opposed to a motion to strike, KPMG's submission is nonetheless a twenty-five page brief and in effect a "Daubert motion." See Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993); KPMG Objections Mem. at 2 (citing Daubert standard). See also Allied Orthopedic Appliances, Inc. v. Tyco Healthcare Group L.P., 247 F.R.D. 156, 157 (C.D. Cal. 2007) ("Defendants also move under Rule 702 of the Federal Rules of Evidence . . . and *Daubert* . . . to exclude the affidavit and testimony of . . . Plaintiffs' sole economic expert in support of class certification."). Such a motion necessarily requires extensive work to properly respond to, including not simply legal and factual analysis, but also substantial expert witness consultation, something there simply is not time for under the schedule set forth by the Court.[1]

Indeed, although Lead Plaintiffs certainly anticipated, based on analysis of Defendants' expert reports and the depositions taken of those experts, that KPMG's opposition to class certification would include attacks on Prof. Jarrell's opinions, the expectation is that those attacks would have been presented to the Court: (a) as the Countrywide Defendants did – as separate points in an

[1] In footnote two of its "Objections," KPMG argues that by virtue of the Ninth Circuit's granting of a rehearing *en banc* in Dukes v. Wal-Mart, Inc., 556 F.3d 519 (9th Cir. 2009), a "lower Daubert standard" should not be used at the class certification stage. However, KPMG has submitted no case standing for that proposition. Indeed, KPMG's cited case, Thomas & Thomas Rodmakers, Inc. v. Newport Adhesives & Composites, Inc., 209 F.R.D. 159 (C.D. Cal. 2002), notes that "[c]ourts have declined to engage in a Daubert analysis at the class certification stage of an action on the ground that an inquiry into the admissibility of the proposed expert testimony under Daubert would be an inappropriate consideration of the merits of plaintiff's claims." Id. at 162; KPMG Objections Br. at 1. See also McPhail v. First Command Fin. Planning, Inc., 247 F.R.D. 598, 604 (S.D. Cal. 2007); In re Visa Check/MasterMoney Antitrust Litig., 280 F.3d 124, 132 n.4 (2d Cir. 2001).

opposition brief, (b) in the expert witness reports Defendants would submit in support of their positions, and (c) in citations to various expert depositions.

## CONCLUSION

For the foregoing reasons, Lead Plaintiffs respectfully request that the Court grant this objection and strike KPMG LLP's Evidentiary Objections, to the Affidavit of Gregg A. Jarrell, in Opposition to Plaintiffs' Motion for Class Certification.

Dated: September 14, 2009

Respectfully submitted,

LABATON SUCHAROW LLP

By: */s/ Joel H. Bernstein*

JOEL H. BERNSTEIN
JONATHAN M. PLASSE
IRA A. SCHOCHET
DAVID J. GOLDSMITH
MICHAEL H. ROGERS
JOSHUA L. CROWELL

*Lead Counsel for Lead Plaintiffs New York Funds and Proposed Class Counsel*

KREINDLER & KREINDLER LLP
GRETCHEN M. NELSON
MARK LABATON

*Liaison Counsel for Lead Plaintiffs New York Funds*

KAPLAN FOX & KILSHEIMER LLP
JOEL B. STRAUSS
*jstrauss@kaplanfox.com*
JEFFREY P. CAMPISI
*jcampisi@kaplanfox.com*
850 Third Avenue
New York, New York 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714

*Attorneys for Plaintiffs Barry Brahn and Shelley B. Katzeff*