DEAN J. KITCHENS, SBN 82096
DKitchens@gibsondunn.com
LINDSAY PENNINGTON, SBN 249879
LPennington@gibsondunn.com
ALEXANDER MIRCHEFF, SBN 245074
AMircheff@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

JONATHAN DICKEY, SBN 88226
JDickey@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 48th Floor
New York, New York 10166-0193
Telephone: (212) 351-2399
Facsimile: (212) 351-6399

Attorneys for Underwriter Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| In re Countrywide Financial Corp. Securities Litigation<br><br>This Document Applies to: All Actions | Lead Case No. 07-CV-05295-MRP(MANx)<br><br>**OPPOSITION OF UNDERWRITER DEFENDANTS TO LEAD PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER MODIFYING PRETRIAL SCHEDULE; DECLARATION OF ALEXANDER K. MIRCHEFF IN SUPPORT OF OPPOSITION**<br><br>Hearing Date: None set<br>Trial Date: August 10, 2010<br>Courtroom: Honorable Mariana R. Pfaelzer |

OPPOSITION OF UNDERWRITER DEFENDANTS TO LEAD PLAINTIFFS'
EX PARTE APPLICATION FOR AN ORDER MODIFYING PRETRIAL SCHEDULE
CASE NO. 07-05295-MRP (MANx)

Gibson, Dunn & Crutcher LLP

The Underwriter Defendants[1] respectfully submit this memorandum of points and authorities in Opposition to the Lead Plaintiffs' Ex Parte Application for an Order Modifying Pretrial Dates (the "Application"), and also join in the Countrywide Defendants' Opposition to the Application, adopting by reference the arguments and authorities set forth in the Countrywide Defendants' Opposition as if fully presented herein.

On an ex parte basis, Lead Plaintiffs ask this Court to take action that is both unreasonable and unjustifiable. Only upon a showing of "extraordinary circumstances" should this Court entertain a party's unilateral request for modification of the pre-trial schedule ordered by this Court on May 12, 2009 (the "May 12 Order"), and yet Lead Plaintiffs cannot make such a showing. The May 12 Order provides that fact discovery for the Underwriter Defendants must be completed by March 15, 2010, and there is nothing in the Application—nor can Lead Plaintiffs otherwise demonstrate—that the Underwriter Defendants cannot or will not fulfill their obligations to complete fact discovery by the Court-ordered deadline.

Instead, Lead Plaintiffs seek to advance the Court-ordered deadline for Underwriter Defendants' fact discovery completion, demanding that production of all of the Underwriter Defendants' responsive documents be produced in full by no later than February 1, 2010. For multiple reasons, including those plainly apparent on the face of the Application, this demand is completely unreasonable.

---

[1] The Underwriter Defendants are ABN AMRO Incorporated, A.G. Edwards & Sons, Inc., Banc of America Securities LLC, Barclays Capital Inc., BNP Paribas Securities Corp., Citigroup Global Markets Inc., Deutsche Bank Securities Inc., Goldman, Sachs & Co., Greenwich Capital Markets, Inc. (now known as RBS Securities, Inc.), HSBC Securities (USA) Inc., J.P. Morgan Securities Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, Morgan Stanley & Co. Incorporated, RBC Dain Rauscher Inc., UBS Securities LLC, and Wachovia Capital Markets, LLC.

2
OPPOSITION OF UNDERWRITER DEFENDANTS TO LEAD PLAINTIFFS'
EX PARTE APPLICATION FOR AN ORDER MODIFYING PRETRIAL SCHEDULE
CASE NO. 07-05295-MRP (MANx)

Gibson, Dunn & Crutcher LLP

First, since the entry of the May 12 Order the many Underwriter Defendants diligently have worked to identify relevant custodians, collect responsive documents, and begin the production process, including proposing to Lead Plaintiffs on September 1, 2009 a list of 75 search terms to be applied to electronically stored information (documents and e-mail communications). Declaration of Alexander Mircheff ("Mircheff Decl.") at ¶5. Over three weeks later, Lead Plaintiffs responded with a counter-proposal that added hundreds of search terms to the initial list. Mircheff Decl. at ¶6. Given the heterogeneity of the Underwriter Defendants' electronic document retention systems, the addition of hundreds of search terms required consultation with each of the Underwriter Defendants to determine whether the list as proposed by Lead Plaintiffs could be implemented. Negotiations over the search term list continued until November 2, 2009, when, during a meet-and-confer session, counsel for Lead Plaintiffs and the Underwriter Defendants agreed on implementation of a list of over 200 search terms. Mircheff Decl. at ¶¶9-10.

Upon reaching the long-awaited agreement, the Underwriter Defendants immediately began the process of gathering data and implementing the agreed-upon searches. Moreover, to respond in good faith to Lead Plaintiffs' document requests, the Underwriter Defendants were required to apply these broad searches to the files of more than 200 total document custodians. Mircheff Decl. at ¶12. This process was—and continues to be—extremely burdensome for the Underwriter Defendants, owing to the massive number of document custodians, the excessive number of search terms, and the extraordinarily long time over which the Underwriter Defendants must apply those search terms to the document custodians' electronically stored data. Mircheff Decl. at ¶11.

Predictably, the yield of the searches has been enormous, necessitating an equally cumbersome document review prior to production. Based on estimates from the outside vendor retained by the Underwriter Defendants, Huron Consulting Group,

3

Gibson, Dunn & Crutcher LLP

LLC, it currently appears that upwards of 1.5 terabytes of data will need to be processed. The time required to process data of this extreme magnitude imposes significant logistical limitations on Huron, impeding the pace of document review. Mircheff Decl. at ¶13.

More than 2 million documents (constituting approximately 16 million total pages) will need to be reviewed, some subset of which will need to be prepared for production. Mircheff Decl. at ¶13. In light of this obligation, the vendor has employed a staff of sixteen attorneys to work full-time on the review of these electronically stored documents, and numerous additional staff to perform technical support functions. Mircheff Decl. at ¶14. However, even with the help of this large team, Lead Plaintiffs' request for a February 1, 2010 completion date for production of all electronically stored information is completely unworkable for all the reasons presented above.

Second, Lead Plaintiffs similarly complain about the delay in Underwriter Defendants' production of non-electronically stored information, or "hard copy" documents. This complaint is irrelevant to their request for an advancement of the fact discovery cut-off to February 1, 2010, because the Underwriter Defendants have already made a substantially complete production of hard copy documents on an "Attorney's Eyes Only" basis to Lead Plaintiffs. Mircheff Decl. at ¶¶16-20. Putting this fact to one side, however, this complaint is also unfounded, because any delay in the Underwriter Defendants' production of hard copy documents is reflective of Lead Plaintiffs' own delay.

The Underwriter Defendants agreed to—and did—produce materials relevant to class certification in accordance with the timetable requested by Lead Plaintiffs. However, given the more sensitive and confidential nature of materials related to the merits of this matter, the Underwriter Defendants were unable to make further productions absent a confidentiality agreement that reflected the unique limitations

4
OPPOSITION OF UNDERWRITER DEFENDANTS TO LEAD PLAINTIFFS'
EX PARTE APPLICATION FOR AN ORDER MODIFYING PRETRIAL SCHEDULE
CASE NO. 07-05295-MRP (MANx)

Gibson, Dunn & Crutcher LLP

placed upon them by virtue of their obligations to the Federal Reserve and other regulatory bodies. Mircheff Decl. at ¶18. For example, those Underwriter Defendants regulated by the Federal Reserve are precluded from giving the advance notice required by the confidentialy agreement in the event of a request by the Federal Reserve to see documents in the custody of an Underwriter Defendant. Mircheff Decl. at ¶18. Lead Plaintiffs gave Underwriter Defendants no opportunity to voice these concerns initially, as they reached a confidentiality agreement exclusively with the Countrywide Defendants in this matter, as reflected in the stipulation jointly filed by those parties on August 25, 2009.

Very promptly after the filing of the joint stipulation, the Underwriter Defendants submitted specific changes to the confidentiality order, including confirmation that the other defendants were agreeable to the Underwriter Defendants' proposed changes. Mircheff Decl. at ¶19. But Lead Plaintiffs did not respond to the Underwriter Defendants' proposed changes for over two months (between submission of the changes on October 2, 2009 and Lead Plaintiffs' response on December 10, 2009). Mircheff Decl. at ¶¶18-19. Not until December 14, 2009 did Lead Plaintiffs finally agree to incorporate the edits addressing the concerns first raised by the Underwriter Defendants in early October. Mircheff Decl. at ¶ 20. Within ten days of that agreement, the Underwriter Defendants made production of the vast majority of hard copy documents that will be produced in this case; throughout the period that the Underwriter Defendants were waiting to receive Lead Plaintiffs' response on the proposed changes to the confidentiality agreement, the Underwriter Defendants were working on this production.

Because all parties have respected the Court-ordered fact discovery deadlines, the Underwriter Defendants have not and cannot target February 1, 2010 as a date by which production of all documents shall be completed. And none of the Underwriter Defendants' actions constitute "extraordinary circumstances" justifying acceleration of

5

OPPOSITION OF UNDERWRITER DEFENDANTS TO LEAD PLAINTIFFS'
EX PARTE APPLICATION FOR AN ORDER MODIFYING PRETRIAL SCHEDULE
CASE NO. 07-05295-MRP (MANx)

Gibson, Dunn &
Crutcher LLP

the Court-ordered fact discovery deadline of March 15, 2010. Despite the delays of Lead Plaintiffs in engaging with the Underwriter Defendants, the Underwriter Defendants' productions remain well-within the time-frame established by the Court and are on track for completion before the March 15, 2010 fact discovery deadline. Accordingly, Lead Plaintiffs present no grounds for ex parte relief, and their Application for such relief should be completely denied.

Finally, the Underwriter Defendants respectfully request that Lead Plaintiffs be prohibited from filing similar ex parte applications in the future. As this Court often has stated:

> [L]awyers need to be aware of . . . the unfairness that results from the flood of unwarranted ex parte motions. Safeguards that have evolved over many decades are built into the Federal Rules of Civil Procedure and the Local Rules of this court. The rules contemplate that regular noticed motions are most likely to produce a just result.

*E.g.*, *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F.Supp. 488, 491 (C.D.Cal. 1995). Here, Lead Plaintiffs' use of the ex parte process has imposed unfair burdens on this Court and the litigants, forcing them to drop everything to address a purported "crisis" that is, at best, of Plaintiffs' own making. *See id.* at 492. The Court should put a stop to such applications.

DATED: January 6, 2010

                                              DEAN J. KITCHENS
                                              JONATHAN DICKEY
                                              LINDSAY PENNINGTON
                                              ALEXANDER MIRCHEFF
                                              GIBSON, DUNN & CRUTCHER LLP

                                              By: /s Dean J. Kitchens
                                                                     Dean J. Kitchens

                                              Attorneys for Underwriter Defendants

100789503_4.DOC

6

OPPOSITION OF UNDERWRITER DEFENDANTS TO LEAD PLAINTIFFS'
EX PARTE APPLICATION FOR AN ORDER MODIFYING PRETRIAL SCHEDULE
CASE NO. 07-05295-MRP (MANx)

Gibson, Dunn & Crutcher LLP