LINK: 833

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:07-cv-05295-MRP-MAN | Date | June 16, 2010 |
|---|---|---|---|
| Title | In re Countrywide Financial Corporation Securities Litigation | | |

| Present: The Honorable | **MARIANA R. PFAELZER** | | |
|---|---|---|---|
| Cynthia Salyer | None | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**         **(In Chambers)**

### ORDER RE: PRELIMINARY APPROVAL OF SETTLEMENT

   The Court has reviewed Plaintiffs' unopposed motion for preliminary approval of proposed settlement. Docket No. 833. The Court finds the motion deficient in several respects and **VACATES** the hearing scheduled for Tuesday, June 22, 2010. Plaintiffs may re-notice the hearing when they cure the deficiencies and resubmit their motion.

1.   The motion does not include any discussion of the reasons for Plaintiffs' decision to voluntarily dismiss individual defendants Garcia and Gissinger from the action completely, or to dismiss certain claims against individual defendant Sambol. As Plaintiffs well know, because this suit has been certified as a class action, Rule 23(e) precludes Plaintiffs from voluntarily dismissing claims without the Court's approval. Fed. R. Civ. P. 23(e); Fed. R. Civ. P. 41(a) (With some exceptions, "an action may be dismissed at the plaintiff's request only by court order, on terms the court considers proper.") The Court considers dismissals of all claims against one particular defendant or a set of a defendants to be the dismissal of an "action." *Baker v. America's Mortgage Servicing, Inc.*, 58 F.3d 321, 324 n.2 (7th Cir. 1995). Therefore, the Court does not intend to order the dismissals of Garcia or Gissinger until Plaintiffs provide an explanation for the dismissals, including the terms of any settlement or agreement reached with Garcia or Gissinger, which convinces the Court the dismissals are fair and in the best interests of the class. *See Philadelphia Elec. Co. v. Anaconda Am. Brass Co.*, 42 F.R.D.

LINK: 833

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:07-cv-05295-MRP-MAN | Date | June 16, 2010 |
|---|---|---|---|
| Title | In re Countrywide Financial Corporation Securities Litigation | | |

| Present: The Honorable | **MARIANA R. PFAELZER** | |
|---|---|---|
| Cynthia Salyer | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**         **(In Chambers)**

### ORDER RE: PRELIMINARY APPROVAL OF SETTLEMENT

   The Court has reviewed Plaintiffs' unopposed motion for preliminary approval of proposed settlement. Docket No. 833. The Court finds the motion deficient in several respects and **VACATES** the hearing scheduled for Tuesday, June 22, 2010. Plaintiffs may re-notice the hearing when they cure the deficiencies and resubmit their motion.

1.   The motion does not include any discussion of the reasons for Plaintiffs' decision to voluntarily dismiss individual defendants Garcia and Gissinger from the action completely, or to dismiss certain claims against individual defendant Sambol. As Plaintiffs well know, because this suit has been certified as a class action, Rule 23(e) precludes Plaintiffs from voluntarily dismissing claims without the Court's approval. Fed. R. Civ. P. 23(e); Fed. R. Civ. P. 41(a) (With some exceptions, "an action may be dismissed at the plaintiff's request only by court order, on terms the court considers proper.") The Court considers dismissals of all claims against one particular defendant or a set of a defendants to be the dismissal of an "action." *Baker v. America's Mortgage Servicing, Inc.*, 58 F.3d 321, 324 n.2 (7th Cir. 1995). Therefore, the Court does not intend to order the dismissals of Garcia or Gissinger until Plaintiffs provide an explanation for the dismissals, including the terms of any settlement or agreement reached with Garcia or Gissinger, which convinces the Court the dismissals are fair and in the best interests of the class. *See Philadelphia Elec. Co. v. Anaconda Am. Brass Co.*, 42 F.R.D.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:07-cv-05295-MRP-MAN | Date | June 16, 2010 |
|---|---|---|---|
| Title | In re Countrywide Financial Corporation Securities Litigation | | |

324, 327 (E.D. Pa. 1967).

2.  The Settlement Agreement refers to a Supplemental Agreement countersigned simultaneously with the Settlement Agreement. Stipulation and Agreement of Settlement ¶ 43. Plaintiffs must file a copy of the Supplemental Agreement for the Court's review. Plaintiffs may file the agreement under seal if good cause is shown. "Good cause shall exist only if publication of a term or provision . . . would cause direct and substantial harm to any party." 15 U.S.C. § 78u-4(a)(5); 15 U.S.C. § 77z-1(a)(5).

3.  Plaintiffs have provided no information about the estimated total damages if Plaintiffs were to prevail on their claims at trial. There is not a single declaration from an expert opining on the value of this litigation. There is no discussion in the motion of why the settlement amount is fair and how it compares to the potential recovery at trial.

    The Private Securities Litigation Reform Act requires that every settlement notice must include a statement of recovery by the class. In addition to stating the aggregate settlement amount, the amount of the settlement proposed to be distributed must be determined on an average per share basis. 15 U.S.C. § 78u-4(a)(7)(A); 15 U.S.C. § 77z-1(a)(7)(A). Plaintiffs have adequately complied with this part of the rule. However, the notice must also include a statement of "the average amount of damages per share that would be recoverable if the plaintiff prevailed on each claim alleged." 15 U.S.C. § 78u-4(a)(7)(B); 15 U.S.C. § 77z-1(a)(7)(B). Plaintiffs have failed to comply with this provision.

    The purpose of the notice requirement is clear. As the Ninth Circuit has explained, "[w]ith sufficient notice, class members can compare the recovery per share under the settlement with the potential damages per share if the class prevailed at trial and weigh the risks and rewards of proceeding to trial or participating in the proposed settlement." *In re Veritas Software Corp. Secs. Litig.*, 496 F.3d 962, 969 (9th Cir. 2007); *see In re Wireless Facilities, Inc. Secs. Litig. II*, 253 F.R.D. 607, 613 (S.D. Cal. 2008). Neither the Court, nor the class, can meaningfully consider the adequacy of the settlement without this information that ***the law requires***.

4.  The motion does not set forth a process for dealing with those notices that are returned as undelivered. The Claims Administrator should establish a process for making a good faith effort to locate all class members and provide additional response time to those class members to whom a second attempt at notification must be made.

5.  The proposed Notice contains a statement that the request Plaintiffs intend to make for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:07-cv-05295-MRP-MAN | Date | June 16, 2010 |
|---|---|---|---|
| Title | In re Countrywide Financial Corporation Securities Litigation | | |

attorneys' fees is "below the total time charges Plaintiffs' Lead Counsel alone accumulated in this Action." Stipulation and Agreement of Settlement, Exhibit A-1 [Notice] at 5. The Court has no basis for evaluating the truth of this statement. Unless Plaintiffs submit evidence verifying this information, the Court will strike the statement.

6.  The proposed Notice states, "[c]ertain Class Members who may not have had recoverable damages at trial may be eligible to receive a distribution under this [proposed] Plan [of allocation]." *Id.* at 24. The Court requires further explanation about the meaning of this statement.

IT IS SO ORDERED.