**EXHIBIT 28**

JOHN M. McCOY, III, Cal. Bar No. 166244
E-mail: mccoyj@sec.gov
SPENCER E. BENDELL, Cal. Bar No. 181220
E-mail: bendells@sec.gov
LYNN M. DEAN, Cal. Bar No. 205562
E-mail: deanl@sec.gov
SAM S. PUATHASNANON, Cal. Bar No. 198430
E-mail: puathasnanons@sec.gov
PARIS WYNN, Cal. Bar No. 198430
E-mail: wynnp@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
Michele Wein Layne, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>ANGELO MOZILO, DAVID SAMBOL, and ERIC SIERACKI,<br><br>Defendants. | Case No. CV 09-3994 JFW (MANx)<br><br>**CONSENT OF ANGELO MOZILO** |

1.      Defendant Angelo Mozilo ("Mozilo") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.      Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Mozilo admits), Mozilo hereby consents, as part of a knowing and voluntary settlement of this action, to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

(a)     permanently restrains and enjoins Mozilo from violation of Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a), and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b) and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5, as well as from aiding and abetting violation of Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and Rules 12b-20, 13a-1, and 13a-13 thereunder, 17 C.F.R. §§ 240.12b-20, 240.13a-1, and 240.13a-13;

(b)     requires payment of disgorgement, in the amount of $44,706,304, plus prejudgment interest thereon in the amount of $293,696, for a total of $45,000,000. Of that sum, $25,000,000 is deemed fully and finally satisfied by sums that were deposited into escrow on or about September 15, 2010 in connection with, and pursuant to the terms of, the settlement in the matter styled *In re Countrywide Financial Corporation Securities Litigation*, Lead Case No. CV 07-05295 MRP (MANx) (C.D. Cal.). Mozilo shall have no further obligation with regard to payment of this amount. The additional $20,000,000 of disgorgement will be paid within twenty business days of entry of the Final Judgment.

(c)     requires payment of a civil penalty in the amount of $22,500,000 under Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Sections 21(d)(3) and 21A(a) of the Exchange Act, 15 U.S.C. §§ 78u(d)(3) and 78u-1(a), with $5,250,000 to be paid within twenty business days of entry of the

Final Judgment, $6,000,000 to be paid on or before December 31, 2010, and the remaining balance of $11,250,000 to be paid on or before February 1, 2011.

3. Nothing herein is intended to limit or affect Mozilo's right to seek indemnity or contribution from a third party with respect to the disgorgement required by paragraph 2(b). However, Mozilo agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Mozilo pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Mozilo further agrees that he shall not take or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Mozilo pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4. Mozilo knowingly and voluntarily agrees that he shall not serve as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d). Mozilo agrees and acknowledges that this provision shall be incorporated into and enforceable as part of the Final Judgment.

5. Mozilo waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6. Mozilo waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

7. Mozilo enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Mozilo to enter into this Consent.

8. Mozilo agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

9. Mozilo will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10. Mozilo waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Mozilo of its terms and conditions. Mozilo further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with a declaration stating that Mozilo has received and read a copy of the Final Judgment.

11. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Mozilo in this civil proceeding. Mozilo acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Mozilo waives any claim of Double Jeopardy based upon the settlement of this proceeding including the imposition of any remedy or civil penalty herein. Mozilo further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.

12. Mozilo understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Mozilo agrees not

to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis. If Mozilo breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Mozilo's: (i) testimonial obligations; or (ii) right to take legal or factual positions in other litigation or legal proceedings in which the Commission is not a party, including for purposes of any such litigation or proceeding, to deny allegations arising from the facts underlying this action.

13. Mozilo hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Mozilo to defend against this action. For these purposes, Mozilo agrees that Mozilo is not the prevailing party in this action since the parties have reached a good faith settlement.

14. Mozilo agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

///
///
///
///
///
///
///
///
///

15. Mozilo agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: OCTOBER 13, 2010

_____
Angelo Mozilo

State of California
County of Los Angeles

On OCT. 13, 2010 before me, Lisa M. Siegel, NOTARY PUBLIC, (here insert name and title of the officer), personally appeared ANGELO MOZILLO, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/~~are~~ subscribed to the within instrument and acknowledged to me that he/~~she/they~~ executed the same in his/~~her/their~~ authorized capacity(ies), and that by his/~~her/their~~ signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature Lisa M. Siegel                 (Seal)

[Notary Seal: LISA M. SIEGEL, Commission # 1858926, Notary Public - California, Los Angeles County, My Comm. Expires Jul 23, 2013]

Approved as to form:

David Siegel
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067

_____
David Siegel
Attorney for Defendant
Angelo Mozilo