KREINDLER & KREINDLER LLP
GRETCHEN M. NELSON (#112566)
gnelson@kreindler.com
707 Wilshire Boulevard, Suite 4100
Los Angeles, California 90017
Telephone: (213) 622-6469
Facsimile: (213) 622-6019

*Liaison Counsel for Lead
Plaintiffs New York Funds*

LABATON SUCHAROW LLP
JOEL H. BERNSTEIN
jbernstein@labaton.com
JONATHAN M. PLASSE
jplasse@labaton.com
IRA A. SCHOCHET
ischochet@labaton.com
DAVID J. GOLDSMITH
dgoldsmith@labaton.com
MICHAEL H. ROGERS
mrogers@labaton.com
JOSHUA L. CROWELL
jcrowell@labaton.com
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Lead Counsel for Lead
Plaintiffs New York Funds*

[Additional counsel listed
on signature pages]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| In re COUNTRYWIDE FINANCIAL CORPORATION SECURITIES LITIGATION<br><br>This Document Relates to: All Actions | Lead Case No.<br>CV 07-05295 MRP (MANx)<br><br>**FIRST AMENDMENT TO AMENDED STIPULATION AND AGREEMENT OF SETTLEMENT**<br><br>Courtroom: 12<br>Judge: Hon. Mariana R. Pfaelzer |

1  Subject to the approval of the Court and pursuant to Paragraph 35 of the

2  Amended Stipulation and Agreement of Settlement dated as of June 29, 2010 (the

3  "Settlement Agreement"), the Parties hereby enter into this amendment of the

4  Settlement Agreement ("Amendment").  This Amendment, and all exhibits hereto,

5  are fully incorporated by reference into the Settlement Agreement as though fully

6  set forth therein.

7  Capitalized terms used in this Amendment shall have the same meanings

8  ascribed to them in the Settlement Agreement, unless otherwise defined herein.

9  **1.**     **The Set-Aside and Calculation Thereof**

10  1.1     The Parties agree that, of the $624 million Settlement Amount, a cash

11  amount to be calculated as set forth in Paragraph 1.2 hereof will be set aside from

12  the First Escrow Account for the purpose specified in Paragraph 2 hereof (the "Set-

13  Aside").

14  1.2

15  (a)     Within two hundred forty (240) days after the deadline for

16  submitting Proofs of Claim set by the Court, the Claims Administrator shall

17  calculate, for each of the persons or entities that the Court or any appellate

18  court orders excluded from the Class (each individually an "Opt-Out" and

19  collectively the "Opt-Outs"), the Distribution Amount to which such Opt-Out

20  would have been entitled (as determined pursuant to the Plan of Allocation)

21  had all Opt-Outs remained in the Class, it being understood and agreed by the

22  Parties that such calculation (i) shall be based upon information then available

23  to the Claims Administrator, (ii) shall be subject to the resolution of any

24  pending disputes raised by potential Authorized Claimants concerning the

25  Claims Administrator's determinations of eligibility of Proofs of Claim or

26  amount of Recognized Claim, and (iii) shall be without prejudice to the

27

28

calculation of the Final Set-Aside as defined in and pursuant to Paragraph 2.8 hereof;

(b)     The Set-Aside shall equal the lesser of (i) the sum total of the Opt-Outs' Distribution Amounts as determined in accordance with Paragraph 1.2(a) hereof or (ii) Twenty-Two Million Five Hundred Thousand Dollars ($22,500,000.00).

**2.     <u>Use of Set-Aside</u>**

2.1     The Set-Aside may be used to pay (a) Resolution Amounts of Qualified Opt-Out Claims, as described in Paragraphs 2.2 - 2.4 hereof; and (b) Supplemental Notice Costs, as described in Paragraph 2.5 hereof.

2.2     For purposes of this Amendment:

(a)     A "Qualified Opt-Out Claim" shall mean an assertion of any threatened or actual claim or demand by any of the Opt-Outs against any of the non-KPMG Defendant(s) based on any Settled Claims;

(b)     "Proof of Resolution" shall mean either (i) a written agreement between any of the Opt-Outs and any of the non-KPMG Defendants to resolve a Qualified Opt-Out Claim, signed by all parties to the agreement; or (ii) a final order issued by a court resolving a Qualified Opt-Out Claim.

(c)     "Resolution Amount" shall mean the amount required to be paid to an Opt-Out in connection with any Proof of Resolution.

2.3     Countrywide shall have the right to withdraw from the First Escrow Account the Set-Aside amounts to be used to satisfy Qualified Opt-Out Claims.  In no event shall Countrywide be entitled to withdrawal of more than the balance remaining in the Set-Aside in order to satisfy the Resolution Amount of any Qualified Opt-Out Claim.  In order to request withdrawal of amounts to satisfy Qualified Opt-Out Claims, counsel for Countrywide must inform Plaintiffs' Lead Counsel that a Proof of Resolution of a Qualified Opt-Out Claim exists.  Within five

(5) business days of being so informed, Plaintiffs' Lead Counsel shall instruct the First Escrow Agent to transfer to Countrywide (by wire transfer or certified check, as Countrywide shall request) the Resolution Amount from the Set-Aside.  If Plaintiffs' Lead Counsel wishes, prior to the five (5) business day deadline for providing funds from the Set-Aside expiring, it may inspect a copy of such Proof of Resolution at the offices of Goodwin Procter LLP, 620 Eighth Avenue, New York, NY.  No photocopies or other replications, oral or printed, shall be made of any Proof of Resolution by Plaintiffs, Plaintiffs' Lead Counsel, or anyone acting on any of their behalf.  The Parties acknowledge that any information provided by Countrywide pursuant to this paragraph shall be treated as confidential pursuant to the Protective Order entered in this Action.

2.4     The Set-Aside may not be used to pay defense fees or costs of any kind that may be incurred in connection with a Qualified Opt-Out Claim.

2.5     All payments of reasonable fees and costs incurred by the Claims Administrator associated with preparing, printing, and mailing to Class Members the Supplemental Notice contemplated by Paragraph 3.1 of this Amendment ("Supplemental Notice Costs") shall be paid from the Set-Aside.  Following entry of the Second Preliminary Approval Order, and without further order of the Court, Plaintiffs' Lead Counsel, with approval of Lead Plaintiffs and on behalf of the Claims Administrator, may expend up to One Million Dollars ($1,000,000.00) of the Set-Aside to pay Supplemental Notice Costs.

2.6

(a)     Except as provided in Paragraph 2.7 below, none of the Set-Aside shall be distributed to Authorized Claimants.  In determining Authorized Claimants' Distribution Amounts pursuant to the Plan of Allocation, the Claims Administrator, acting under supervision of Lead Counsel, shall not include the Set-Aside in such calculations.

(b)     In accordance with Paragraph 2.6(a) hereof, the definition of the Net Settlement Fund in the Settlement Agreement shall be amended as follows.  Paragraph 13 of the Settlement Agreement, which states:

> The Gross Settlement Fund shall be used to pay (i) any Fee and Expense Award; (ii) any Notice and Administration Expenses; and (iii) any Taxes and Tax Expenses.  The balance of the Gross Settlement Fund (inclusive of interest earned) shall be the "Net Settlement Fund."

shall be amended to state as follows (with bolded words indicating language not in original Settlement Agreement):

> The Gross Settlement Fund shall be used to pay (i) any Fee and Expense Award; (ii) any Notice and Administration Expenses; and (iii) any Taxes and Tax Expenses.  The balance of the Gross Settlement Fund (inclusive of interest earned)**, minus the Set-Aside,** shall be the "Net Settlement Fund."

2.7     If two (2) years after the Court's entry of the Final Judgment, there remains any amount in the Set-Aside that Countrywide has not requested be withdrawn to satisfy a Qualified Opt-Out Claim pursuant to Paragraph 2.3 above, Plaintiffs' Lead Counsel, with the approval of Lead Plaintiff, will apply to the Court, after three (3) business days' notice to Defendants' Counsel, for an order directing payment of the remaining balance of the Set-Aside to Authorized Claimants in accordance with the Plan of Allocation ("Set-Aside Distribution Order").  If any portion of such remaining balance of the Set-Aside remains undistributed to Authorized Claimants (whether by reason of unclaimed funds, tax refunds, uncashed checks, or otherwise) one hundred eighty (180) days after the Court enters the Set-Aside Distribution Order, then Plaintiffs' Lead Counsel shall distribute such balance to Authorized Claimants or Countrywide, in a manner consistent with Paragraph 21(h) of the Settlement Agreement.

1      2.8    Not later than five (5) business days after the Court enters a Distribution

2  Order pursuant to Paragraph 21(g) of the Settlement Agreement and such order

3  becomes Final, the Claims Administrator shall again perform the calculations set

4  forth in Paragraph 1.2(a) hereof and determine the amount of the Set-Aside (the

5  "Final Set-Aside").  If the Final Set-Aside is less than the Set-Aside as had been

6  initially determined, Countrywide shall, within three (3) business days of a written

7  request from Plaintiffs' Lead Counsel, refund the difference, less any balance that

8  remains in the Set-Aside, to the First Escrow Account.  Such transfer shall be by

9  wire transfer or certified check, as Plaintiffs' Lead Counsel shall request.

10  **3.**    **Supplemental Notice**

11      3.1    Supplemental notice shall be sent to the Class as well as to all Opt-Outs

12  and their counsel, substantially in the form annexed as Exhibit 1 to Exhibit A hereto

13  ("Supplemental Notice"), informing them of (a) this Amendment; and (b) that, by

14  order of Judge John F. Walter in the action titled *SEC v. Mozilo*, No. CV 09-3994

15  JFW (MANx) (C.D. Cal.) (the "SEC Action"), $48,150,000.00 of the amounts

16  recovered by the Securities and Exchange Commission in settlement of the SEC

17  Action will be distributed to certain Class Members pursuant to the Plan of

18  Allocation.

19      3.2    The Supplemental Notice shall set forth a deadline by which Class

20  Members may file with the Court and serve on Plaintiffs' Lead Counsel and counsel

21  for the Countrywide Defendants and KPMG any objections to this Amendment, as

22  well as procedures to be followed in the event any such objections to such

23  Amendment are served.

24  **4.**    **Court Approval Orders**

25      4.1    <u>Second Preliminary Approval Order</u>.  Promptly after this Amendment

26  has been fully executed, Plaintiffs' Lead Counsel shall submit the fully executed

27  Amendment together with its exhibits to the Court and shall apply for entry of an

28

1   order (the "Second Preliminary Approval Order"), substantially in the form annexed

2   hereto as Exhibit A.  All Parties shall consent to entry of the Second Preliminary

3   Approval Order in the form annexed hereto as Exhibit A.

4       4.2     Final Judgment Order.

5           (a)     The proposed Final Judgment in this Action, annexed as Exhibit

6       B to the original Settlement Agreement, is hereby superseded and replaced by

7       the proposed Final Judgment annexed hereto as Exhibit B, and all references

8       in the Settlement Agreement dated June 29, 2010 to Exhibit B shall be

9       deemed to refer to Exhibit B hereto.

10          (b)     Upon the Court's approval of the Settlement, including this

11      Amendment, the Parties shall request that the Court enter a Final Judgment in

12      all material respects in the form set forth in Exhibit B, dismissing the Action

13      with prejudice.

14  **5.     <u>Conditions of Amendment</u>**

15      5.1     Lead Plaintiffs and Countrywide shall each have the right to declare this

16  Amendment null and void, by providing written notice of such declaration to all

17  Parties hereto within ten (10) calendar days of:

18          (a)     the Court's entering a preliminary approval order that differs

19          from the Second Preliminary Approval Order annexed hereto as Exhibit

20          A in any way that Lead Plaintiffs or Countrywide reasonably and in

21          good faith believes is materially adverse to it;

22          (b)     the Court refusing to approve this Amendment; or

23          (c)     any appellate court reversing this Court's Final Judgment in any

24          way that Lead Plaintiffs or Countrywide reasonably and in good faith

25          believes is materially adverse to it.

26      Nothing in this Paragraph 5.1 shall impair or limit any of the Parties'

27  termination rights under the Settlement Agreement.

28

1    5.2    If the Amendment is declared null and void pursuant to Paragraph 5.1

2    hereof, then (a) it shall be without force or effect upon the rights of the Parties; (b)

3    none of its terms shall be effective or enforceable; (c) the Parties shall revert to their

4    positions in the litigation as of November 30, 2010, and shall have all rights and

5    obligations as set forth in the Settlement Agreement as of such date as if this

6    Amendment had not been executed or submitted for approval by the Court; and (d)

7    Countrywide and KPMG shall then have ten (10) calendar days from the date of any

8    such declaration to elect to terminate their respective portions of the Settlement, or

9    go forward with the Settlement as it existed on November 30, 2010, in accordance

10   with Paragraph 43 of the Settlement Agreement.

11   5.3    Countrywide's and KPMG's rights to terminate the Settlement pursuant

12   to Paragraph 43 of the Settlement Agreement shall be extinguished if the Court

13   enters the Second Preliminary Approval Order in substantially the form annexed as

14   Exhibit A hereto and the Final Judgment becomes Final.

15   5.4    Notwithstanding anything herein to the contrary, if the Court orders that

16   a sufficient number of persons or entities that have requested exclusion from the

17   Class and are listed in Exhibit 1 to Exhibit B hereto shall not be excluded from the

18   Class, such that the Termination Threshold (as defined in the Supplemental

19   Agreement Regarding Settlement among Plaintiffs, Countrywide, and KPMG, dated

20   as of June 3, 2010, as subsequently modified) is no longer reached, and such order

21   becomes Final, then (a) Countrywide's and KPMG's rights to terminate the

22   Settlement pursuant to Paragraph 43 of the Settlement Agreement shall be

23   extinguished; (b) this Amendment shall be declared null and void; (c) none of its

24   terms shall be effective or enforceable; and (d) the Parties shall revert to their

25   positions in the litigation as of November 30, 2010, and shall have all rights and

26   obligations as set forth in the Settlement Agreement (other than those pursuant to

27

28

Paragraph 43 thereof) as of such date as if this Amendment had not been executed or submitted for approval by the Court.

**6.** **Miscellaneous Amendments**

6.1     Definition of Settlement Agreement.  The term "Settlement Agreement" as defined in Paragraph 1(ww) of the Settlement Agreement dated June 29, 2010 shall mean the Settlement Agreement as modified by this Amendment.

6.2     Definition of Notice and Administration Expenses.  Paragraph 1(hh) of the Settlement Agreement, the last line of which states:

"... *provided, however,* that Notice and Administration Expenses shall not include any of the Fee and Expense Award.

shall be amended to state: (with bolded words indicating language not in the original Settlement Agreement)

"... *provided, however,* that Notice and Administration Expenses shall not include any of the Fee and Expense Award **or any Supplemental Notice Costs contemplated by this Amendment**."

6.3     Defendants' Interest in the Gross Settlement Fund.  Paragraph 45 of the original Settlement Agreement, which states:

Upon the Effective Date, any and all remaining interest or right of Defendants in or to the Gross Settlement Fund, if any, shall be absolutely and forever extinguished, except for as stated in Paragraph 21(h) above.

shall be amended to state:  (with bolded words indicating language not in the original Settlement Agreement)

Upon the Effective Date, any and all remaining interest or right of Defendants in or to the Gross Settlement Fund, if any, shall be absolutely and forever extinguished, except for **(a)** as stated in Paragraph 21(h) above **and (b) as set forth in Paragraph 2 of the Amendment.**

6.4     Reverter.  The calculation of any remaining balance from the First Escrow Account to be returned to Countrywide pursuant to Paragraph 21(h) of the Settlement Agreement shall not be made until all of the conditions of Paragraph 21(h) have been satisfied, and either (a) there is no remaining balance in the Set-Aside or (b) one hundred eighty (180) days have elapsed since the date of the Set-Aside Distribution Order.

6.5     Definition of Plan of Allocation.  Paragraph 1(nn) of the original Settlement Agreement, which states:

> "Plan of Allocation" means the terms and procedures for allocating the Net Settlement Fund among, and distributing the Net Settlement Fund to, Authorized Claimants as proposed by Plaintiffs' Lead Counsel with the approval of Lead Plaintiffs and set forth in the Notice, or such other Plan of Allocation as the Court shall approve.

shall be amended to state:  (with bolded words indicating language not in the original Settlement Agreement)

> "Plan of Allocation" means the terms and procedures for allocating the Net Settlement Fund among, and distributing the Net Settlement Fund to, Authorized Claimants as proposed by Plaintiffs' Lead Counsel with the approval of Lead Plaintiffs and set forth in the Notice **and Supplemental Notice**, or such other Plan of Allocation as the Court shall approve.

6.6     Administration of Settlement.  The fourth sentence of Paragraph 18 of the original Settlement Agreement, which states:

> The Parties acknowledge that any information provided by Countrywide to Plaintiffs' Lead Counsel shall be treated as confidential pursuant to the Protective Order entered in this Action; the Parties further acknowledge, however, that such information may be used by Plaintiffs' Lead Counsel

1  solely to deliver the Notice and/or implement the Settlement, including the

2  Plan of Allocation.

3  shall be amended to state:  (with bolded words indicating language not in the

4  original Settlement Agreement)

5  The Parties acknowledge that any information provided by Countrywide to

6  Plaintiffs' Lead Counsel shall be treated as confidential pursuant to the

7  Protective Order entered in this Action; the Parties further acknowledge,

8  however, that such information may be used by Plaintiffs' Lead Counsel

9  solely to deliver the Notice **and Supplemental Notice** and/or implement the

10  Settlement, including the Plan of Allocation.

11  6.7  Description of Plan of Allocation.  The first sentence of Paragraph 21(f)

12  of the original Settlement Agreement, which states:

13  The Net Settlement Fund shall be distributed to the Authorized Claimants

14  substantially in accordance with a Plan of Allocation to be described in the

15  Notice mailed to Class Members and approved by the Court.

16  shall be amended to state:  (with bolded words indicating language not in the

17  original Settlement Agreement)

18  The Net Settlement Fund shall be distributed to the Authorized Claimants

19  substantially in accordance with a Plan of Allocation to be described in the

20  Notice **and Supplemental Notice** mailed to Class Members and approved by

21  the Court.

22  **7.**  **Other Provisions**

23  7.1  Within three (3) business days of a written request from counsel for

24  Countrywide or KPMG, Plaintiffs' Lead Counsel shall provide such counsel with

25  the mathematical calculation of the Set-Aside performed pursuant to Paragraph 1.2

26  hereof, or, if the date after which the Claims Administrator can perform a final

27  calculation of the Set-Aside pursuant to Paragraph 2.8 hereof has not yet occurred,

28

Plaintiffs' Lead Counsel shall, within three (3) business days, provide such counsel with the mathematical calculation of a reasonable, good-faith estimate of the Set-Aside.  Such estimate shall be based upon information then available to the Claims Administrator and shall be without prejudice to the calculation of the Final Set-Aside as provided in Paragraph 2.8 hereof.

7.2    Each counsel or other Person executing this Amendment on behalf of any Party hereby warrants and represents that such person has the full authority to do so and that such person has the authority to take reasonable, necessary and appropriate action required or permitted to be taken pursuant to the Amendment to effectuate its terms.

7.3  This Amendment may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  This Amendment may be executed by exchange of faxed or e-mailed (in .pdf format) executed signature pages, and any signature thereby transmitted shall be deemed an original signature for purposes of this Amendment.

Agreed to as of January 4, 2011.

1                            LABATON SUCHAROW LLP

2

3           By:  */s/ Joel H. Bernstein*
                     JOEL H. BERNSTEIN
                     JONATHAN M. PLASSE

4                     IRA A. SCHOCHET
                     DAVID J. GOLDSMITH

5                     MICHAEL H. ROGERS
                     JOSHUA L. CROWELL

6

7                     *Lead Counsel for Lead Plaintiff*
                     *Thomas P. DiNapoli, Comptroller*

8                     *of the State of New York, as*
                     *Administrative Head of the New*

9                     *York State and Local Retirement*
                     *Systems and as sole Trustee of the*

10                   *New York State Common Retirement*
                     *Fund, and Lead Plaintiffs*

11                   *New York City Pension Funds*

12                     KREINDLER & KREINDLER LLP

13

14          By:  */s/ Gretchen M. Nelson*
                     GRETCHEN M. NELSON

15                     *Liaison Counsel for Lead Plaintiffs*

16

17                     KAPLAN FOX & KILSHEIMER LLP

18

19          By:  */s/ Joel B. Strauss*
                     JOEL B. STRAUSS

20                     *jstrauss@kaplanfox.com*
                     JEFFREY P. CAMPISI

21                     *jcampisi@kaplanfox.com*
                     850 Third Avenue

22                     New York, New York  10022
                     Telephone:  212-687-1980

23                     Facsimile:  212-687-7714

24                     *Attorneys for Plaintiffs*
                     *Barry Brahn and Shelley B. Katzeff*

25

26

27

28

HENNIGAN, BENNETT & DORMAN LLP


By: _/s/ J. Michael Hennigan_____
    J. MICHAEL HENNIGAN
    *hennigan@hbdlawyers.com*
    KIRK D. DILLMAN
    *dillmank@hbdlawyers.com*
    MICHAEL SWARTZ
    *swartzm@hbdlawyers.com*
    865 South Figueroa Street, Suite 2900
    Los Angeles, California 90017
    Telephone: 213-694-1200
    Facsimile: 213-694-1234

    *Liaison Counsel for Lead Plaintiffs*


GOODWIN PROCTER LLP


By: _/s/ Brian E. Pastuszenski_____
    BRIAN E. PASTUSZENSKI
    *bpastuszenski@goodwinprocter.com*
    ALEXIS L. SHAPIRO
    *ashapiro@goodwinprocter.com*
    Exchange Place
    53 State Street
    Boston, Massachusetts 02109
    Telephone: 617-570-1000
    Facsimile: 617-523-1231

    LLOYD WINAWER
    *lwinawer@goodwinprocter.com*
    601 S. Figueroa Street, 41st Floor
    Los Angeles, California 90017
    Telephone: 213-426-2500
    Facsimile: 213-623-1673

    *Attorneys for Defendants*
    *Countrywide Financial Corporation,*
    *Countrywide Securities Corporation,*
    *and Countrywide Capital V*

1

BINGHAM McCUTCHEN LLP

2

By: _/s/ Gwyn Quillen_____

3
GWYN QUILLEN
*gwyn.quillen@bingham.com*
4
The Water Garden
Fourth Floor, North Tower
5
1620 26th Street
Santa Monica, California  90404-4060
6
Telephone:  310-907-1000
Facsimile:  310-907-2000
7

8
*Attorneys for KPMG LLP*

9
IRELL & MANELLA LLP

10

By: _/s/ David Siegel_____
11
DAVID SIEGEL
*dsiegel@irell.com*
12
DANIEL LEFLER
*dlefler@irell.com*
13
CHARLES ELDER
*celder@irell.com*
14
RANDALL JACKSON
*rjackson@irell.com*
15
1800 Avenue of the Stars, Suite 900
Los Angeles, California  90067
16
Telephone:  310-277-1010
Facsimile:  310-203-7199
17

18
*Attorneys for Defendant*
*Angelo R. Mozilo*

19

20

21

22

23

24

25

26

27

28

1

ORRICK, HERRINGTON & SUTCLIFFE LLP

2

By: _/s/ Lori Lynn Phillips_____

3
LORI LYNN PHILLIPS
*lphillips@orrick.com*

4
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097

5
Telephone:  206-839-4300
Facsimile:   206-839-4301

6

7
MICHAEL D. TORPEY
*mtorpey@orrick.com*
PENELOPE A. GRABOYS BLAIR

8
*pgraboysblair@orrick.com*
The Orrick Building

9
405 Howard Street
San Francisco, California  94105-2669

10
Telephone:  415-773-5700
Facsimile:   415-773-5759

11

12
MICHAEL C. TU
*mtu@orrick.com*

13
777 South Figueroa Street, Suite 3200
Los Angeles, California  90017

14
Telephone:  213-629-2020
Facsimile:   213-612-2499

15
*Attorneys for Defendant*
*David Sambol*

16

17

18

19

20

21

22

23

24

25

26

27

28

DLA PIPER LLP (US)

By:  */s/ Shirli Fabbri Weiss*
     SHIRLI FABBRI WEISS
     *shirli.weiss@dlapiper.com*
     401 B Street, Suite 1700
     San Diego, California  92101-4297
     Telephone:  619-699-2700
     Facsimile:  619-699-2701

     NICOLAS MORGAN
     *nicolas.morgan@dlapiper.com*
     1999 Avenue of the Stars, Suite 400
     Los Angeles, California  90067-6022
     Telephone:  310-595-3000
     Facsimile:  310-595-3300

     DAVID PRIEBE
     *david.priebe@dlapiper.com*
     JEFFREY B. COOPERSMITH
     *jeff.coopersmith@dlapiper.com*
     2000 University Avenue
     East Palo Alto, California  94303-2248
     Telephone:  650-833-2000
     Facsimile:  650-833-2001

     *Attorneys for Defendant*
     *Eric P. Sieracki*

CALDWELL LESLIE & PROCTOR, PC

By:  */s/ Christopher G. Caldwell*
     CHRISTOPHER G. CALDWELL
     *caldwell@caldwell-leslie.com*
     ANDREW ESBENSHADE
     *esbenshade@caldwell-leslie.com*
     DAVID K. WILLINGHAM
     *willingham@caldwell-leslie.com*
     1000 Wilshire Boulevard, Suite 600
     Los Angeles, California  90017-2463
     Telephone:  213-629-9040
     Facsimile:  213-629-9022

     *Attorneys for Defendant*
     *Stanford L. Kurland*

1

2

MORRISON & FOERSTER LLP

By: _/s/ Jordan Eth_____
    JORDAN ETH
    *jeth@mofo.com*
    JUDSON E. LOBDELL
    *jlobdell@mofo.com*
    D. ANTHONY RODRIGUEZ
    drodriguez@mofo.com
    425 Market Street
    San Francisco, California  94105
    Telephone:  415-268-7000
    Facsimile:   415-268-7522

    *Attorneys for Defendants*
    *Henry Cisneros, Jeff Cunningham,*
    *Robert Donato, Ben M. Enis,*
    *Edwin Heller, Gwendolyn S. King,*
    *Martin Melone, Robert Parry,*
    *Oscar Robertson, Keith Russell,*
    *and Harley Snyder*

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

By: _/s/ Eric S. Waxman_____
    ERIC S. WAXMAN
    *ewaxman@skadden.com*
    PETER B. MORRISON
    *peter.morrison@skadden.com*
    VIRGINIA F. MILSTEAD
    *virginia.milstead@skadden.com*
    300 South Grand Avenue
    Los Angeles, California  90071-3144
    Telephone:  213-687-5000
    Facsimile:   213-687-5600

    *Attorneys for Defendants*
    *Kathleen Brown and*
    *Michael E. Dougherty*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GIBSON, DUNN & CRUTCHER LLP


By: _/s/ Dean J. Kitchens_____
   DEAN J. KITCHENS
   *dkitchens@gibsondunn.com*
   333 South Grand Avenue
   Los Angeles, California  90071-3197
   Telephone:  213-229-7000
   Facsimile:   213-229-7520

   JONATHAN DICKEY
   *jdickey@gibsondunn.com*
   200 Park Avenue, 48th Floor
   New York, New York  10166-0193
   Telephone:  212-351-2399
   Facsimile:   212-351-6399

   *Attorneys for Underwriter Defendants*