# EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| In re COUNTRYWIDE FINANCIAL CORPORATION SECURITIES LITIGATION<br><br>This Document Relates to: All Actions | Lead Case No.<br>CV 07-05295 MRP (MANx)<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL TO FIRST AMENDMENT TO SETTLEMENT AGREEMENT AND DIRECTING DISSEMINATION OF SUPPLEMENTAL NOTICE TO THE CLASS**<br><br>Date:       January 12, 2011<br>Time:      1:30 p.m.<br>Courtroom: 12<br>Judge:     Hon. Mariana R. Pfaelzer |

1    The parties have presented to the Court for preliminary approval an amendment to the previously submitted Settlement Agreement in the above-captioned case.  The terms of the amendment are set out in a First Amendment to Amended Stipulation and Agreement of Settlement (the "Amendment") executed by counsel for the parties as of January 4, 2011.  All capitalized terms used herein have the meanings set forth and defined in the previously submitted Settlement Agreement, as modified by the Amendment.

The Court, upon careful review of the Amendment, and having held a hearing on January 12, 2011, to determine, among other things, whether the Amendment is sufficiently fair, reasonable, and adequate to warrant the issuance of Supplemental Notice of the proposed Amendment to the members of the Class certified by the Court, declares that it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

1.    <u>Preliminary Findings Concerning Proposed Settlement</u>.  The Court preliminarily finds that the proposed Amendment should be approved.

2.    <u>Fairness Hearing</u>.  A hearing (the "Fairness Hearing") will be held on February ____, 2011 at ___:___ __.m. before the Honorable Mariana R. Pfaelzer in Courtroom 12 of the United States District Court for the Central District of California, 312 North Spring Street, Los Angeles, California 90012, to determine, among other things, (a) whether the proposed Settlement of the Action on the terms and conditions provided in the Settlement Agreement and Amendment thereto is fair, reasonable, and adequate and should be approved by the Court; (b) whether the proposed Plan of Allocation of the Net Settlement Fund is fair and reasonable and should be approved by the Court; (c) whether a Final Judgment and Order of Dismissal with Prejudice substantially in the form of Exhibit B to the Amendment should be entered in this Action; and (d) to consider Plaintiffs' Lead Counsel's application for a Fee and Expense Award.  Any supplemental papers in support of final approval of the Settlement Agreement, approval of the Plan of Allocation, and

Plaintiffs' Lead Counsel's application for a Fee and Expense Award shall be filed with the Court no later than twenty-one (21) days before the Fairness Hearing.

3.  <u>Supplemental Notice</u>.  The Court approves the form and substance of the Supplemental Notice form annexed to the Amendment as Exhibit 1 to Exhibit A, and finds that the procedures established for mailing and distribution of the Supplemental Notice substantially in the manner and form set forth in Paragraphs 4 and 6 of this Order (a) constitute the best notice to Class members practicable under the circumstances, (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Amendment and to apprise Class Members of their opportunity to object to the proposed Amendment and modification to the Plan of Allocation, (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice, and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, the Rules of this Court, and any other applicable law.

4.  <u>Manner of Supplemental Notice</u>.  Plaintiffs' Lead Counsel is hereby authorized to use Rust Consulting, Inc. (the "Claims Administrator") to supervise and administer the Supplemental Notice procedure under the supervision of Plaintiffs' Lead Counsel.  The manner of providing Supplemental Notice shall be as follows:

(a)  Not later than nine (9) calendar days after entry of this Order by this Court (the "Supplemental Notice Date"), the Claims Administrator shall cause the Supplemental Notice, substantially in the form annexed hereto as Exhibit 1, to be sent to each Class Member who can be identified by reasonable effort.  Such notice shall be sent by first-class mail, postage prepaid, to the Class Member's last known address.

(b) Not later than twenty-one (21) days before the Fairness Hearing, Plaintiffs' Lead Counsel shall file with the Court one or more affidavits or declarations showing timely compliance with the foregoing mailing requirements.

5. <u>Nominee Purchasers</u>.  The Claims Administrator shall mail the Supplemental Notice directly to (a) individual beneficial owners whose last-known names and addresses have been supplied by banks, brokerage firms, institutions, and other Persons who are nominees for the beneficial interest of other Persons during the Class Period ("Nominee Purchasers"); (b) any Nominee Purchasers who requested bulk shipments of the original notice of this Settlement ("Original Notice Packet"); and (c) any Nominee Purchasers who supplied the Claims Administrator with mailing labels for individual beneficial owners in response to efforts made by the Claims Administrator in connection with the mailing of the Original Notice Packet.  Within five (5) days of receipt of either the Supplemental Notice or the bulk shipment of the Supplemental Notice, Nominee Purchasers shall either mail the Supplemental Notice form directly to such beneficial owners or provide the Claims Administrator with mailing labels for the name and last-known address of each beneficial owner.  Within ninety (90) days of the Supplemental Notice Date, Nominee Purchasers who receive bulk shipments or send mailing labels may request and the Claims Administrator shall, upon receipt of appropriate supporting documentation, reimburse Nominee Purchasers out of the Set-Aside solely for Nominee Purchasers' reasonable out-of-pocket expenses incurred in sending notice to the beneficial owners who are potential Class Members, which expenses would not have been incurred except for the sending of such Supplemental Notice, subject to further order of this Court with respect to any dispute concerning such reimbursement.

6. <u>Submission of Proof of Claim Forms</u>.  Proof of Claim forms shall be submitted by Class Members in accordance with Paragraph 8 of this Court's Order

Granting Preliminary Approval to Settlement and Directing Dissemination of Notice to the Class dated August 2, 2010 (the "First Preliminary Approval Order"), except the deadline for submitting such Proof of Claim forms shall be sixty (60) days following the Fairness Hearing, or such other date as may be set by the Court.

7.  <u>Objections to Amendment or Modification to Plan of Allocation</u>.  Any member of the Class who wishes to object to the fairness, reasonableness, or adequacy of the Amendment or modification to the Plan of Allocation may file an objection.  An objector must file with the Court a written statement setting forth his, her or its objection(s) to the Amendment and/or modification to the Plan of Allocation, (a) clearly indicating that objector's name, mailing address, daytime telephone number, and e-mail address; (b) stating that the objector is objecting to the proposed Amendment or the modification to the Plan of Allocation in *In re Countrywide Financial Corporation Securities Litigation,* No. CV 07-05295 MRP (MANx) (C.D. Cal.); (c) specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that such objector wishes to bring to the Court's attention or introduce in support of such objection; and (d) identifying and supplying documentation showing the date(s), price(s), and numbers of shares or units of all purchases and sales of Countrywide Securities by such objector during the Class Period and, for options that expired during the Class Period, the cash settlement or delivery amounts (if any).  The objector must also mail the objection and all supporting documentation to Plaintiffs' Lead Counsel, counsel for the Countrywide Defendants and counsel for KPMG.

Any objections previously submitted by Class Members need not be submitted again.  The Court's original objection deadline of October 18, 2010 set forth in the First Preliminary Approval Order is **not** hereby extended.  The only objections permitted to be filed pursuant to this Order are those related to the Amendment or modification to the Plan of Allocation.  The addresses for filing objections with the Court and service on counsel are as follows:

*To the Court:*

Clerk of the Court
United States District Court
   for the Central District of California
United States Courthouse
312 North Spring Street
Los Angeles, CA  90012

*To Plaintiffs' Lead Counsel:*

Joel H. Bernstein, Esq.
Labaton Sucharow LLP
140 Broadway
New York, NY  10005

*To the Countrywide Defendants:*

Brian E. Pastuszenski, Esq.
Goodwin Procter LLP
Exchange Place
53 State Street
Boston, MA  02109

*To KPMG LLP:*

Gwyn Quillen, Esq.
Bingham McCutchen LLP
The Water Garden
Fourth Floor, North Tower
1620 26th Street
Santa Monica, CA  90404

The objector or his, her or its counsel (if any) must effect service of the objection upon the counsel listed above and file it with the Court so that it is received no later than seven (7) days before the Fairness Hearing.  A Class Member may file an objection on his, her or its own or through an attorney hired at his, her or its own expense.  If an objector hires an attorney to represent him, her or it for the purposes of making such objection pursuant to this paragraph, the attorney must both effect service of a notice of appearance on the counsel listed above and file it with the Court no later than seven (7) days before the Fairness Hearing.  Any member of the Class or other Person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Amendment or

modification to the Plan of Allocation, and any untimely objection shall be barred. Any submissions by the Parties in opposition or response to objections submitted pursuant to this paragraph shall be filed with the Court no later than three (3) days before the Fairness Hearing.

8. <u>Appearance at Fairness Hearing</u>. Any objector who files and serves or has filed and served a timely, written objection in accordance with the instructions above and herein, may also appear at the Fairness Hearing either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the Fairness Hearing must effect service of a notice of intention to appear, setting forth, among other things, the name, mailing address, daytime telephone number, and e-mail address of the objector (and, if applicable, the name, mailing address, daytime telephone number, and e-mail address of the objector's attorney) on Plaintiffs' Lead Counsel, counsel for the Countrywide Defendants and counsel for KPMG (at the addresses set out above). The objector must also file the notice of intention to appear with the Court no later than seven (7) days before the Fairness Hearing. Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except for good cause shown. Any objectors or their attorneys who filed and served a notice of intention to appear in connection with the First Preliminary Approval Order need not file and serve another notice of intention to appear.

9. <u>Requests for Exclusion</u>. Any potential Class Member who previously filed a request for exclusion from the Class need not file their request again. No additional requests for exclusion shall be allowed.

10. <u>Service of Papers.</u> Counsel for the Countrywide Defendants, counsel for KPMG LLP, and Plaintiffs' Lead Counsel shall promptly furnish all Parties with copies of any and all objections and notices of intention to appear that come into their possession.

11. <u>Fees and Expenses</u>.  All reasonable costs associated with Supplemental Notice and incurred in notifying Class Members shall be paid as set forth in the Amendment.  In the event the Amendment is not approved by the Court, or otherwise fails to become effective, none of the Parties or their counsel shall have any obligation to repay the reasonable and necessary Supplemental Notice expenses actually incurred as of the date the Amendment is terminated.

12. <u>Termination of Settlement</u>.  This Order shall become null and void, and shall be without prejudice to the rights of the Parties if the Settlement is terminated in accordance with the Settlement Agreement.  In such event, Paragraphs 37, 38 or 39 (as the context requires) of the Settlement Agreement shall govern the rights of the Parties.

13. <u>Nullification of Amendment (Paragraph 5.1)</u>.  In the event that the Amendment is declared null and void by Lead Plaintiffs or Countrywide pursuant to Paragraph 5.1 therein, but the Settlement is not terminated, then this Order shall become null and void, the Parties shall be restored to their respective positions in the Action as of November 30, 2010, and Countrywide and KPMG shall each have ten (10) calendar days from the time of such declaration to elect to terminate their respective portions of the Settlement or go forward with the Settlement as it existed on November 30, 2010.

14. <u>Nullification of Amendment (Paragraph 5.4)</u>.  In the event that the Amendment automatically becomes null and void pursuant to Paragraph 5.4 therein, then this Order shall become null and void, the Parties shall revert to their positions in the litigation as of November 30, 2010, and the Parties shall have all rights and obligations as set forth in the Settlement Agreement other than those pursuant to Paragraph 43 thereof.

15. <u>CAFA Notice</u>.  The Court finds that, to the extent the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA"), apply to this Action, such notice having already been provided by Defendants as evidenced in the

declaration filed with the Court by Countrywide's counsel on October 8, 2010, no further notice under CAFA is required.

16. <u>Use of Order</u>.  This Order shall not be construed or used as an admission, concession, or presumption by or against any of the Released Parties of any fault, wrongdoing, breach, or liability or as a waiver by any Party of any arguments, defenses, or claims he, she, or it may have in the event that the Settlement Agreement is terminated or the Amendment is nullified, nor shall it be used in any manner prohibited by Paragraph 51 of the Settlement Agreement.  In the event this Order becomes of no force or effect, it shall not be construed or used as an admission, concession, or presumption by or against the Released Parties, Plaintiffs or the Class.

17. <u>Continuance of Hearing</u>.  The Court reserves the right to continue or adjourn the Fairness Hearing from time to time without further notice to the Class. The Court may approve the Settlement, including the Amendment thereto, with such further modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

SO ORDERED this _____ day of January, 2011.

_____
HON. MARIANA R. PFAELZER
UNITED STATES DISTRICT JUDGE