FILED
CLERK, U.S. DISTRICT COURT
DEC 16 2010
CENTRAL DISTRICT OF CALIFORNIA
BY ____ DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DIVISION OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| In Re Countrywide Financial Corporations Securities Litigation | Lead Case No. CV-07-05295 MRP(MANx) |
| This Document Applies To All Actions | **RESPONSE TO PLAINTIFF'S OBJECTIONS CONCERNING REQUEST FOR EXCLUSION BY BYRON B. MATHEWS, JR.** |

Class Member, Byron B. Mathews, Jr., responds to the objections by the Plaintiff to his request to be excluded from this class action proceeding. As grounds, Mr. Mathews alleges as follows:

1. Plaintiff contends that Mr. Mathews supplied no information concerning his purchases or sales of Countrywide Securities and that his exclusion request was postmarked after the October 18, 2010 deadline. For the following reasons, neither of these 2 grounds is sufficient to deny Mr. Mathews his right to opt out of this class action litigation.

2. Notice of the pendency of this action and of the right of Mr. Mathews to opt out of the litigation was not received by Mr. Mathews until November 19, 2010, after the October 18, 2010 opt out deadline.

3. On the date that Notice was received, the Mr. Mathews advised Rust Consulting that he wanted to be excluded from the class. A copy of this letter is attached.

4. The Declaration of Thomas R. Glenn of Rust Consulting, Inc. clearly indicates that Rust had trouble locating the current mailing addresses of a substantial number of putative class members. As a result, Rust re-mailed the Notices to class members (including Mr. Mathews) after the deadline for requesting exclusion.

5. In his exclusion request, Mr. Mathews referenced the claimant ID number that was assigned by the Plaintiff and/or Rust Consulting to his claim. This number should have been all the

information needed by Plaintiff and/or Rust Consulting to identify Mr. Mathews' potential claim. While information concerning the dates that Countrywide securities were bought and/or sold, and for what price, might have been necessary if Mr. Mathews was making a claim pursuant to the class settlement, it would not be necessary for excluding him from this class litigation.

6. Mr. Mathews has a right under the Federal Rules of Civil Procedure, and a right under constitutional due process, to opt out of a Rule 23(b)(3) class action case. Mr. Mathews should not be deprived of this individual right unless there is a compelling governmental interest in keeping him in the class litigation. Mr. Mathews knows of no such compelling interest, and Plaintiff has not proffered any statement of harm to the interests of the class if Mr. Mathews were to be excluded.

7. Although his right to opt out needs no justification, Mr. Mathews states that he does not

wish to be represented by the attorneys of Labaton Sucharow LLP, counsel for the New York State Comptroller. Because of the Private Securities Reform Act of 1995, counsel for the New York State Pension Fund has a substantial likelihood of being selected as lead counsel in any securities class action litigation involving the large number of securities owned by the Fund. The prior New York State Comptroller, Alan Hevesi, pled guilty to felony charges involving pay-to-play schemes involving the New York State Pension Fund and outside money managers. According to an article in the March 14, 2009 edition of the *New York Times*: "Seven partners at the law firm Labaton Sucharow contributed $42,500 to the current New York State Comptroller, Thomas P. DiNapoli, after the firm was hired by Mr. DiNapoli to represent the office in litigation against Countrywide (this litigation). http://www.nytimes.com/2009/03/15/nyregion/15pension.html. See also the following article in the *New*

*York Daily News*: http://www.nydailynews.com/blogs/dailypolitics/2010/09/former-state-comptroller-alan.html ("But this [Hevesi shaking down Fund Managers] is only one aspect of the disgraceful pay-to-play culture in the Comptroller's office. Mr. DiNapoli hired several plaintiff firms which stand to make millions in class action suits and who contributed to his campaigns -- the identical practice that the previous administration illicitly conducted with money managers. He has to come clean on all of those meetings, hiring decisions and campaign contributions as well so the specter of pay-to-play prosecutions no longer hangs over the Comptroller's office.").

8. Should Mr. Mathews decide to bring a claim against Countrywide, he would like to do so represented by his own legal counsel, not by lawyers with questionable ethical issues.

RESPECTFULLY SUBMITTED,

BYRON B. MATHEWS, JR., PRO SE
410 West 24th Street, #2H
New York City, NY 10011
bbmjr1@me.com
212-352-0503

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 13, 2010, I emailed a true and accurate copy of this RESPONSE to Joel Bernstein of Labaton Sucharow LLP at jbernstein@labaton.com, to Gretchen M. Nelson of Kreindler & Kreindler LLP at gnelson@kreindler.com, J. Michael Hennigan of Hennigan Bennett & Dorman LLP at hennigan@hbdlawyers.com, and to Jeffrey P. Campisi of Kaplan Fox & Kilsheimer LLP at jstrauss@kaplanfox.com.

Byron B. Mathews, Jr.

New York, New York 10011 Miami, Florida

November 19, 2010

Reply to: NYC

Countrywide Financial Corporation Securities Litigation
Rust Consulting, Inc.
P.O. Box 2284
Faribault, MN 55021-2419

Re: Opting Out of the Class

Dear Sir or Madam:

I have received a notice from you that I am a member of the class involved in the Countrywide Financial Corporation Securities Litigation. My claimant ID # is 0079680530-088.

I wish to opt out of the class. Please confirm for me that this has been done.

Sincerely,

Byron

Byron B. Mathews, Jr.
IRA Rollover Dated 01/13/04

Cc: U.S. District Court for the Central District of California

NYC Phone: 212-352-0503 Mobile Phone: 917-815-7292 Email: bbjr1@me.com