LABATON SUCHAROW LLP
JOEL H. BERNSTEIN
jbernstein@labaton.com
JONATHAN M. PLASSE
jplasse@labaton.com
IRA A. SCHOCHET
ischochet@labaton.com
DAVID J. GOLDSMITH
dgoldsmith@labaton.com
MICHAEL H. ROGERS
mrogers@labaton.com
JOSHUA L. CROWELL
jcrowell@labaton.com
140 Broadway
New York, New York  10005
Telephone:  (212) 907-0700
Facsimile:  (212) 818-0477

*Lead Counsel for Lead Plaintiffs New York Funds*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| IN RE COUNTRYWIDE FINANCIAL CORPORATION SECURITIES LITIGATION<br><br>This Document Relates to: All Actions | Lead Case No.<br>CV 07-05295 MRP (MANx)<br><br>**SUPPLEMENTAL DECLARATION OF JOEL H. BERNSTEIN IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT AND PLAN OF ALLOCATION OF NET SETTLEMENT FUND AND LEAD COUNSEL'S MODIFIED PETITION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**<br><br>Date:  February 25, 2011<br>Time:  1:00 p.m.<br>Courtroom:  12<br>Judge:  Hon. Mariana R. Pfaelzer |

JOEL H. BERNSTEIN declares as follows pursuant to 28 U.S.C. § 1746:

1. I am a member of the New York law firm of Labaton Sucharow LLP ("Lead Counsel"), Court-appointed Lead Counsel for Lead Plaintiff Thomas P. DiNapoli, Comptroller of the State of New York, as Administrative Head of the New York State and Local Retirement Systems and as sole Trustee of the New York State Common Retirement Fund ("NYSCRF"), Lead Plaintiffs New York City Employees' Retirement System, New York City Police Pension Fund, New York City Fire Department Pension Fund, New York City Board of Education Retirement System, and Teachers' Retirement System of the City of New York (collectively, the "New York City Pension Funds" and, together with NYSCRF, "Lead Plaintiffs" or the "New York Funds"), and the certified Class (collectively with Lead Plaintiffs, "Plaintiffs") in the above-titled action. I am admitted to practice before this Court *pro hac vice.*

2. I respectfully submit this supplemental declaration in support of Plaintiffs' motion, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for final approval of the Settlement of this action and the Plan of Allocation of the Net Settlement Fund (the "Plan of Allocation" or "Plan"), both as modified, and also in support of Lead Counsel's modified petition, pursuant to Rules 23(h) and 54(d)(2) of the Federal Rules of Civil Procedure, for an award of attorneys' fees and reimbursement of expenses incurred in this action. I have personal knowledge of the matters referred to herein except where I specifically aver upon information and belief.

A. **Pertinent Procedural History**

3. On or about June 29, 2010, the parties entered into an Amended Stipulation and Agreement of Settlement (the "Settlement Agreement") resolving this case in its entirety. As described in paragraph 43 of the Settlement Agreement, Plaintiffs, the Countrywide Defendants (collectively, "Countrywide")

and Defendant KPMG LLP ("KPMG") also executed a Supplemental Agreement which provided that the Settlement Agreement could be terminated at the option and in the sole discretion of Countrywide or KPMG, as to their respective settlements with Plaintiffs and the Class, in the event that Class members who timely and validly requested exclusion from the Class collectively incurred at least a certain dollar amount of losses in connection with their purchases and sales of the Countrywide securities at issue (the "Termination Threshold").

4. On June 29, 2010, Plaintiffs filed the Settlement Agreement (Dkt. No. 841), a Renewed Unopposed Motion for Preliminary Approval of Proposed Settlement (Dkt. No. 843), and the Supplemental Agreement with the Court (Dkt. No. 851). Pursuant to this Court's Order dated June 16, 2010 (Dkt. No. 839), Plaintiffs filed the Supplemental Agreement under seal due to the confidential nature of its contents.

5. On August 2, 2010, the Court held a hearing and entered an Order Granting Preliminary Approval to Settlement and Directing Dissemination of Notice to the Class (the "Preliminary Approval Order"), and scheduled a final Fairness Hearing for November 15, 2010 (Dkt. No. 976). The Preliminary Approval Order also gave Class members until October 18, 2010 to exclude themselves from the Class.

6. Although only 25 institutional investors, as well as several individual investors (collectively, "Opt-Outs") elected to exclude themselves from the Class by the October 18 deadline, such Opt-Outs had an aggregate "Opt-Out Value" under the Supplemental Agreement that exceeded the Termination Threshold.

7. On October 26, 2010, Countrywide and KPMG submitted an unopposed application *in camera*, asking this Court to continue the Fairness Hearing from November 15 to December 6, 2010, thereby enabling an extension of the Termination Deadline set forth in the Supplemental Agreement. By Order

1  dated October 26, 2010, the Court continued the Fairness Hearing to December 6,
2  2010 (Dkt. No. 993).
3       8.    On October 28, 2010, Plaintiffs, Countrywide and KPMG signed a
4  Modification of the Supplemental Agreement reflecting the new Termination
5  Deadline.
6       9.    On November 16, 2010, the Court held a status conference with all
7  parties by telephone.  Bernstein Litowitz Berger & Grossmann LLP, counsel for
8  most of the institutional Opt-Outs, also participated in the call.  Countrywide
9  advised the Court that it was continuing to consider and speak with Lead Plaintiffs
10 concerning the issues raised in the *in camera* application (Dkt. No. 1003).
11      10.   By Order dated November 17, 2010, the Court continued the Fairness
12 Hearing to December 14, 2010 (Dkt. No. 1002).
13      11.   On November 18, 2010, counsel for Lead Plaintiffs and Countrywide
14 jointly called the Court's courtroom deputy clerk to advise that they, together with
15 KPMG, would participate in mediation on December 1, 2010 before the
16 Honorable A. Howard Matz and Professor Eric D. Green concerning the
17 settlement termination issues.
18      12.   On November 29, 2010, Plaintiffs, Countrywide and KPMG agreed
19 to extend the Termination Deadline further and signed a Second Modification of
20 the Supplemental Agreement reflecting that new deadline.  This was done
21 principally to accommodate the date of the mediation.
22      13.   Additionally, on November 29, 2010, pursuant to the Preliminary
23 Approval Order and October 26 and November 17, 2010 Minute Orders, Plaintiffs
24 filed a memorandum and associated submissions (Dkt. Nos. 1005-1007): (i)
25 responding to the two objections that had been submitted to date in response to the
26 original Notice; (ii) requesting that the Court reject invalid and late-submitted
27 requests for exclusion; (iii) disclosing the names of the facially valid Opt-Outs and
28

identifying their counsel; and (iv) discussing the $48.15 million in additional value to the Class resulting from the settlements approved by Judge Walter in *SEC v. Mozilo*, No. CV 09-3994 JFW (MANx) (C.D. Cal.) (the "SEC Action").

**B.      Negotiations of the Modified Settlement**

14.     On December 1, 2010, Lead Plaintiffs, Countrywide, and KPMG participated in an all-day mediation before Judge Matz and Professor Green concerning the Opt-Outs and Countrywide's and KPMG's termination rights under the Supplemental Agreement. The General Counsel and an Associate Counsel to the New York State Comptroller, the General Counsel to the New York City Comptroller, and a Senior Counsel in the New York City Law Department, together with Plaintiffs' Lead Counsel and the Hennigan, Bennett & Dorman firm, attended on behalf of Lead Plaintiffs. An Associate General Counsel of Bank of America Corporation, together with counsel for Countrywide, attended on Countrywide's behalf. KPMG was represented by counsel.

15.     Owing to Judge Matz's and Professor Green's skillful mediation efforts, Plaintiffs, Countrywide, and KPMG reached an agreement-in-principle to modify certain terms of the Settlement Agreement in exchange for Countrywide's and KPMG's waiver of their termination rights under the Supplemental Agreement.

**C.      Subsequent Proceedings**

16.     On December 7, 2010, Lead Plaintiffs, Countrywide, and KPMG contacted the Court's courtroom deputy clerk by telephone and requested, in view of the proposed modified Settlement, that the Fairness Hearing scheduled to proceed on December 14, 2010 at 1:00 p.m. be continued without date; that a status conference in chambers be scheduled for that date and time, and that the parties be permitted to make an *in camera* submission concerning these matters on December 10, 2010.

17. On December 8, 2010, the Court's courtroom deputy clerk advised Lead Plaintiffs by telephone that the Court would accept an *in camera* submission on December 10, 2010, and would schedule a telephonic status conference at a future date. Lead Plaintiffs promptly communicated this to Countrywide and KPMG. Later the same day, the Court issued an Order continuing the December 14, 2010 Fairness Hearing until further notice (Dkt. No. 1010).

18. Also on December 8, Plaintiffs, Countrywide, and KPMG signed a Third Modification of Supplemental Agreement further extending the Termination Deadline contingent on certain events.

19. Plaintiffs, Countrywide, and KPMG made a joint *in camera* submission on December 10, 2010 describing the material terms of the proposed modified Settlement and discussing its impact on the Class recovery. On December 14 and 16, 2010, the Court held telephonic status conferences with counsel for Lead Plaintiffs, Countrywide, and KPMG concerning the proposed modified Settlement and related scheduling matters.

**D.     Principal Terms of the Modified Settlement**

20. On or about January 4, 2011, the parties entered into a First Amendment to Amended Stipulation and Agreement of Settlement (the "Amendment"), amending certain terms of the Settlement Agreement consistent with the agreement-in-principle reached among Lead Plaintiffs, Countrywide, and KPMG on December 1, 2010.

21. Under the Amendment, in exchange for Countrywide's and KPMG's agreement to waive their right to terminate the Settlement under the Supplemental Agreement, Plaintiffs have agreed to set aside up to $22.5 million of the $624 million Settlement Amount for a period of two (2) years from the date the Court issues the Final Judgment approving the Settlement (the "Set-Aside"). The Set-Aside may be used by Countrywide to settle litigation brought, or threatened to be

brought, by Opt-Outs but may not be used for defense costs. Any portion of the Set-Aside not used after this two-year period will revert to the Settlement Fund.

22. The Set-Aside has a provision that may result in its reduction. If the "Opt-Out Payout"—the amount the Opt-Outs would actually have received in the Settlement as their *pro rata* share of the Net Settlement Fund if they had stayed in the Class and submitted valid proofs of claim (as if they had never opted out in the first place)—is less than $22.5 million, the Set-Aside will be reduced to that lesser amount. The Opt-Out Payout will be determined when the proof of claim review and audit process is essentially complete.

23. On January 4, 2011, Plaintiffs filed the Amendment (Dkt. No. 1015) together with an unopposed motion for preliminary approval thereof (Dkt. Nos. 1016-1017).

**E.   The Court's Second Preliminary Approval Order and Lead Plaintiffs' Dissemination of the Supplemental Notice**

24. On January 7, 2011, the Court issued an Order Granting Preliminary Approval to First Amendment to Settlement Agreement and Directing Dissemination of Supplemental Notice to the Class (the "Second Preliminary Approval Order," Dkt. No. 1021). For ease of reference, a true and correct copy of the Second Preliminary Approval Order is annexed hereto as Exhibit A.

25. In the Preliminary Approval Order, the Court, among other things:

   a.   made a preliminary finding that the proposed Amendment should be approved;

   b.   scheduled a hearing (the "Fairness Hearing") for February 25, 2011 at 1:00 p.m. to determine, among other things, (i) whether the proposed Settlement of the action on the terms and conditions provided in the Settlement Agreement and Amendment thereto is fair, reasonable and adequate and should be approved by the Court, (ii) whether the proposed Plan of Allocation of the Net Settlement Fund is fair and reasonable and

should be approved by the Court, (iii) whether a Final Judgment and Order of Dismissal with Prejudice should be entered in this action, and (iv) to consider Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses;

  c. approved the form, substance, and requirements of the Supplemental Notice of Proposed Modified Settlement of Class Action and Fairness Hearing (the "Supplemental Notice");

  d. authorized Lead Counsel to use Rust Consulting, Inc. (the "Claims Administrator") to supervise and administer the Supplemental Notice procedure under Lead Counsel's supervision;

  e. directed that the Supplemental Notice, on or before January 17, 2011, be mailed by first class mail to all Class members who can be identified by reasonable effort;

  f. directed banks, brokerage firms, institutions, and other persons who are nominees that purchased Countrywide securities for the beneficial interest of other persons during the Class Period, within five (5) days of receiving the Supplemental Notice, to provide names and last-known addresses of beneficial owners to the Claims Administrator or request additional copies of the Supplemental Notice to mail directly to such beneficial owners;

  g. found that the procedures established for mailing and distribution of the Supplemental Notice substantially in the above manner and form: (i) constitute the best notice to Class members practicable under the circumstances, (ii) are reasonably calculated, under the circumstances, to describe the terms and effect of the Amendment and to apprise Class Members of their right to object to the proposed Amendment and modification of the Plan of Allocation, (iii) are reasonable and constitute

due, adequate, and sufficient notice to all persons entitled to receive such notice, and (iv) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), the Rules of this Court, and any other applicable law;

  h. found that to the extent the notice provisions of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, apply to this action, such notice has already been provided by Defendants as evidenced in the declaration filed with the Court by Countrywide's counsel on October 8, 2010, and no further notice under CAFA is required;

  i. extended the deadline for Class members to submit Proof of Claim forms;

  j. stated that any potential Class member who previously filed a request for exclusion from the Class need not file their request again, and that no additional requests for exclusion will be allowed;

  k. established detailed procedures and deadlines for Class members to object to the Amendment or modification of the Plan of Allocation;

  l. established detailed procedures and deadlines for objecting Class members or their counsel to appear at the Fairness Hearing; and

  m. expressly reserved the right to continue or adjourn the Fairness Hearing from time to time without further notice to the Class.

26. Contemporaneously herewith, Lead Plaintiffs have filed the Second Supplemental Declaration of Thomas R. Glenn of Rust Consulting, Inc. Regarding Notice to the Class, dated February 3, 2011.  Mr. Glenn's declaration attests in detail to, among other things, the mailing of the Supplemental Notice in

compliance with the Second Preliminary Approval Order. *See id.* ¶¶ 3-4. Mr. Glenn's declaration also provides information with respect to content and traffic on the case-dedicated Internet website established on August 13, 2010 (which content includes the Supplemental Notice) and calls made to the case-dedicated toll-free telephone "hotline." *See id.* ¶¶ 5-8.

27.     On January 14, 2011, I caused the Second Preliminary Approval Order and the Supplemental Notice to be posted on the *In re Countrywide Securities Litigation* case page of Lead Counsel's website, www.labaton.com. These documents have been available on the website continuously since that date.

**F.     Additional Exhibits Concerning the Fairness of
        the Modified Settlement and Plan of Allocation**

28.     Annexed hereto as Exhibit B is a true and correct copy of Securities Class Action Services' "Top 100 Settlements Quarterly Report" for the fourth quarter of 2010, published in January 2011 by RiskMetrics Group.

29.     Annexed hereto as Exhibit C is a true and correct copy of a letter agreement between Lead Plaintiffs and Independent Fiduciary Services, Inc., as independent fiduciary of the successor to the Countrywide Financial Corporation 401(k) Savings and Investment Plan, dated February 3, 2011.

30.     Annexed hereto as Exhibit D is a true and correct copy of an e-mail from Vembar K. Ranganathan to Barbara Sorensen of Rust Consulting, Inc., dated January 5, 2011, attaching a letter from Mr. Ranganathan to the Clerk of the Court dated January 4, 2011.

31.     Annexed hereto as Exhibit E is a true and correct copy of a letter from David B. Orser to the Clerk of the Court, dated December 4, 2010.

32.     Annexed hereto as Exhibit F is a true and correct copy of a letter and attachment dated January 26, 2011 from Boies, Schiller & Flexner LLP, counsel for SRM Global Fund Limited Partnership, to the Claims Administrator.

33. Annexed hereto as Exhibit G is a true and correct copy of a letter from Byron B. Mathews, Jr. to Lead Counsel, dated January 21, 2011.

34. Annexed hereto as Exhibit H is a true and correct copy of the Declaration of Byron B. Mathews, Jr., Renewed Request for Exclusion from Class, and Memo of Law, received by Plaintiffs' Lead Counsel on January 22, 2011.

35. Annexed hereto as Exhibit I is a true and correct copy of a request for exclusion submitted by Virginia B. Carré, Trustee, dated November 23, 2010. The Claims Administrator received this request for exclusion after Plaintiffs filed their November 29, 2010 brief concerning objections and opt-outs (Dkt. No. 1005) with the Court.

36. Annexed hereto as Exhibit J is a true and correct copy of a request for exclusion submitted by Evelyn L. Steele, dated January 11, 2011.

37. Annexed hereto as Exhibit K is a true and correct copy of a request for exclusion submitted by Audley Kong, dated January 28, 2011.

38. Annexed hereto as Exhibit L is a true and correct copy of a request for exclusion submitted by The Guiliano Law Firm on behalf of Angelo V. Cavallaro, dated January 24, 2011.

39. Annexed hereto as Exhibit M is a true and correct copy of a request for exclusion submitted by Jack L. Haynie and Mary E. Haynie, dated January 22, 2011.

**G. Modified Petition for an Award of Attorneys' Fees**

40. Lead Counsel has adjusted its attorneys' fee request downward, to $46,472,000 from $47,372,000, to reflect the potential reduction of the Settlement Amount to $601.5 million from $624 million pursuant to the Amendment. This reduction is consistent with and pursuant to the terms of Lead Counsel's representation agreements with the New York Funds, and has been approved by

the New York Funds as set forth in the accompanying declarations of representatives of NYSCRF and the New York City Pension Funds.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 4th day of February, 2011.

                              */s/ Joel H. Bernstein*
                              JOEL H. BERNSTEIN