LABATON SUCHAROW LLP
JOEL H. BERNSTEIN
jbernstein@labaton.com
JONATHAN M. PLASSE
jplasse@labaton.com
IRA A. SCHOCHET
ischochet@labaton.com
DAVID J. GOLDSMITH
dgoldsmith@labaton.com
MICHAEL H. ROGERS
mrogers@labaton.com
JOSHUA L. CROWELL
jcrowell@labaton.com
140 Broadway
New York, New York  10005
Telephone:  (212) 907-0700
Facsimile:  (212) 818-0477

*Lead Counsel for Lead Plaintiffs New York Funds*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| IN RE COUNTRYWIDE FINANCIAL CORPORATION SECURITIES LITIGATION<br><br>This Document Relates to: All Actions | Lead Case No.<br>CV 07-05295 MRP (MANx)<br><br>**DECLARATION OF DIANE D. FOODY, ESQ. IN SUPPORT OF FINAL APPROVAL OF SETTLEMENT AS MODIFIED, THE PROPOSED PLAN OF ALLOCATION AS MODIFIED, AND MODIFIED AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**<br><br>Date:  February 25, 2011<br>Time:  1:00 p.m.<br>Courtroom:  12<br>Judge:  Hon. Mariana R. Pfaelzer |

I, Diane D. Foody, am an Assistant Counsel in the Office of the Comptroller of the State of New York, Thomas P. DiNapoli, the Administrative Head of the New York State and Local Employees' Retirement System and the New York State and Local Police and Fire Retirement System and sole Trustee of the New York State Common Retirement Fund ("NYSCRF"). NYSCRF and the New York City Pension Funds ("NYC Funds"), together the "New York Funds," serve as the Court-appointed Lead Plaintiffs in this Action. I respectfully submit this Declaration in support of:

(a) Final approval of the Settlement, as modified by the First Amendment to the Amended Stipulation and Agreement of Settlement (the "Amendment");

(b) Approval of the proposed Plan of Allocation of the Net Settlement Fund, as modified in the Supplemental Notice ("Plan of Allocation"); and

(c) Approval of Lead Counsel's Petition for an Award of Attorneys' Fees and Reimbursement of Expenses, as modified.

The statements in this declaration are based on my personal knowledge.

1. This Declaration incorporates by reference the Declaration of Luke Bierman, Esq., in Support of Final Approval of Settlement, Lead Plaintiff's Proposed Plan of Allocation, and Award of Attorneys' Fees and Reimbursement of Expenses ("Bierman Declaration," attached hereto as Exhibit A), filed with the Court on October 11, 2010, in Support of Final Approval of Settlement, Lead Plaintiff's Proposed Plan of Allocation, and Award of Attorneys' Fees and Reimbursement of Expenses.

2. I have been a member of the team of attorneys at NYSCRF supervising this litigation since its inception. Thus, I have personal knowledge of all facts and circumstances averred to in the Bierman Declaration as well as this Declaration. I have also met with Mr. Bierman and discussed the facts and

circumstances averred to in both the Bierman Declaration and this declaration. The reason I make this Declaration instead of Mr. Bierman is that Mr. Bierman is no longer employed as General Counsel to NYSCRF. The current General Counsel, Nancy G. Groenwegen, does not have the same level of personal knowledge as I do.

3. In the weeks and months immediately following the submission of requests for exclusion from the Class on or before October 18, 2010, NYSCRF closely supervised, monitored, and participated in all aspects of the negotiation of the Amendment.

4. NYSCRF's involvement included, among other things, frequent discussions with Lead Counsel and representatives of the NYC Funds, both telephonic and in-person, regarding strategies to preserve what we believed was (and is) a fair, reasonable, and adequate Settlement for the Class while protecting the Class's overall interests; reviewing, commenting on and approving the mediation statement submitted in advance of the mediation before Judge A. Howard Matz and Professor Eric D. Green in Los Angeles on December 1, 2010; attending the December 1, 2010 mediation in person; and reviewing, commenting on and approving the Amendment and related documents filed with the Court on January 4, 2011.

5. NYSCRF endorses the Settlement as modified by the Amendment and believes it ensures a fair and adequate recovery for the Class based on all of the factors identified in the Notice and Supplemental Notice sent to potential Class Members.

6. The Implementation Contract provides that no application for fees and expenses may be made to the Court without the prior written approval of Lead Plaintiff. NYSCRF finds that Lead Counsel's modified petition for attorneys' fees at this time, which is based on the fee agreement and has been reduced proportional to the maximum Set-Aside as defined in the Amendment, is

reasonable. We therefore approve of the award of attorneys' fees that Lead Counsel seeks.

7. Similarly, because Lead Counsel incurred additional expenses associated with its work securing the Settlement and negotiating the terms of the Amendment, yet are not seeking reimbursement for those expenses, NYSCRF believes that Lead Counsel's request for reimbursement of expenses is reasonable.

8. In sum, NYSCRF believes that under the Amendment, the recovery obtained is a fair and adequate settlement for the Class and that the Plan of Allocation is a fair method for distributing the settlement proceeds among Settlement Class Members. We further believe that Lead Counsel's fee request comports with the fee agreement and that it is fair and reasonable compensation for Counsel's efforts in obtaining this recovery for the Class. We further believe that the amounts requested for expense reimbursement are reasonable.

I declare under penalty of perjury pursuant to 28 U.S.C. §1746 that the foregoing is true and correct.

Executed this 3rd day of February 2011, at Albany, New York.

*Diane D. Foody*
DIANE D. FOODY
Assistant Counsel
Office of the New York State Comptroller