LABATON SUCHAROW LLP
JOEL H. BERNSTEIN
jbernstein@labaton.com
JONATHAN M. PLASSE
jplasse@labaton.com
IRA A. SCHOCHET
ischochet@labaton.com
DAVID J. GOLDSMITH
dgoldsmith@labaton.com
MICHAEL H. ROGERS
mrogers@labaton.com
JOSHUA L. CROWELL
jcrowell@labaton.com
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Lead Counsel for Lead Plaintiffs New York Funds*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| IN RE COUNTRYWIDE FINANCIAL CORPORATION SECURITIES LITIGATION<br><br>This Document Relates to: All Actions | Lead Case No.<br>CV 07-05295 MRP (MANx)<br><br>**SUPPLEMENTAL DECLARATION OF KAREN J. SEEMEN, ESQ. IN SUPPORT OF FINAL APPROVAL OF SETTLEMENT AS MODIFIED, PROPOSED PLAN OF ALLOCATION AS MODIFIED, AND MODIFIED AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**<br><br>Date: February 25, 2011<br>Time: 1:00 p.m.<br>Courtroom: 12<br>Judge: Hon. Mariana R. Pfaelzer |

KAREN J. SEEMEN hereby declares pursuant to 28 U.S.C. § 1746:

1. I am a Senior Counsel in the Office of the Corporation Counsel of the City of New York ("Law Department").

2. I submit this Supplemental Declaration on behalf of Court-appointed Lead Plaintiffs in this Action, certain New York City Pension Funds described below (collectively, the "NYC Pension Funds"), in support of final approval of (i) the Settlement; (ii) the proposed Plan of Allocation ("Plan of Allocation"); and (iii) Lead Counsel's Application for an Award of Attorneys' Fees and Reimbursement of Expenses. The statements in this declaration are based on my personal knowledge.

3. This Supplemental Declaration incorporates by reference my prior Declaration in Support of Final Approval of Settlement, Lead Plaintiff's Proposed Plan of Allocation, and Award of Attorneys' Fees and Reimbursement of Expenses, filed on October 11, 2010. My prior declaration is attached hereto is Exhibit A.

### The Law Department Closely Monitored, Supervised, and Approved All Aspects of the Negotiation of the Modified Settlement

4. Beginning on or about October 19, 2010, the Law Department engaged in nearly daily correspondence with Lead Counsel and NYSCRF in connection with issues raised by the submission of requests for exclusion from the Class.

5. The Law Department believed that the Settlement was fair, reasonable and adequate, and indeed an excellent result for the Class, and therefore worked with NYSCRF and Lead Counsel to preserve it while protecting the Class's interests.

6. I participated in a conference attended by Lead Counsel and representatives of the NYC Pension Funds and Lead Plaintiff Thomas P. DiNapoli,

Comptroller of the State of New York, as Administrative Head of the New York State and Local Retirement Systems and as sole Trustee of the New York State Common Retirement Fund ("NYSCRF") concerning strategy for the mediation session held on December 1, 2010 in Los Angeles before Judge A. Howard Matz and Professor Eric D. Green.

7. The Law Department reviewed, commented on, edited, and approved the mediation statement submitted in connection with the mediation session.

8. I personally attended and participated in the mediation session in Los Angeles that resulted in an agreement-in-principle on the material terms of the First Amendment to the Amended Stipulation and Agreement of Settlement (the "Amendment").

9. Following the mediation, the Law Department reviewed and approved the Amendment and all other exhibits filed with the Court on January 4, 2011, including the Supplemental Notice to the Class.

**The NYC Pension Funds Support the Amendment**

10. We endorse the Settlement as modified by the Amendment and believe it provides a fair, reasonable and adequate recovery for the Class in light of all of the factors identified in the Notice and Supplemental Notice sent to potential Class Members concerning the Settlement, as further detailed in Lead Plaintiff's supplemental submissions in support of final approval of the Settlement and petition for attorney's fees and expenses, filed with the Court on February 4, 2011.

**The NYC Pension Funds Support Awarding the Reduced Fee Requested in this Action**

11. The Master Agreement provides that the Law Department has the right to review the reasonableness of any requests for attorney's fees and compensation of expenses. After having monitored this Action from inception

through settlement, the Law Department believes the reduced fee request accords with the Master Agreement and is reasonable, and therefore give its approval and endorsement of Lead Counsel's application for an award of fees as well as Lead Counsel's request for reimbursement of expenses.

12. Lead Counsel worked diligently during the period between the deadline for exclusions and submission of the motion for preliminary approval of the Amendment. Nonetheless, based on the fee structure outlined in the Master Agreement, Lead Counsel's modified petition for an award of attorney's fees is less than it requested on October 11, 2010, notwithstanding the additional and valuable services rendered.

13. For this reason, the Law Department believes that the attorney's fees sought by Lead Counsel in its modified petition for an award of attorney's fees is as reasonable, if not more so, than the award requested on October 11, 2010.

14. Lead Counsel incurred additional expenses in connection with the negotiation and settlement of the Amendment, although it is not requesting reimbursement for these expenses. Because the Law Department believed that Lead Counsel's October 11, 2010 request for reimbursement of expenses was reasonable (and therefore approved the request), we believe that the request for reimbursement is as reasonable, if not more so, than the request made on October 11, 2010.

15. The Law Department, on behalf of the NYC Pension Funds, is very focused on insuring that Plaintiffs' attorneys are fairly, and not excessively, compensated for the services they provide in class action securities litigation. Here, based upon, *inter alia*, (i) the *ex ante* fee agreement, reflected in the Master Agreement, which provides Lead Counsel with a fee based upon a percentage at the low end of those awarded in comparable class action litigation, (ii) the truly excellent nature of legal services provided by Lead Counsel throughout the course of this litigation, and (iii) the very real possibility that Lead Counsel might not

have obtained any, or only very limited, recovery of fees or reimbursement of expenses due to the both practical (possible bankruptcy filing of Countrywide) or legal (dismissal of all or portions of the action at summary judgment or earlier) risks presented in this case, as well as additional reasons set forth in my prior declaration and the accompanying Memoranda of Law in Support of the Fee Application, the Law Department supports Lead Counsel's application for fees and reimbursement of expenses.

16. I declare under penalty of perjury pursuant to 28 U.S.C. §1746 that the foregoing is true and correct.

Executed this 1st day of February, 2011, at New York, New York.

*Karen J. Seemen*

Karen J. Seemen