1  LABATON SUCHAROW LLP
   JOEL H. BERNSTEIN
2  *jbernstein@labaton.com*
   JONATHAN M. PLASSE
3  *jplasse@labaton.com*
   IRA A. SCHOCHET
4  *ischochet@labaton.com*
   DAVID J. GOLDSMITH
5  *dgoldsmith@labaton.com*
   MICHAEL H. ROGERS
6  *mrogers@labaton.com*
   JOSHUA L. CROWELL
7  *jcrowell@labaton.com*
   140 Broadway
8  New York, New York  10005
   Telephone:  (212) 907-0700
9  Facsimile:  (212) 818-0477

10 *Lead Counsel for Lead
   Plaintiffs New York Funds*
11
   [Additional counsel listed on signature page]
12

13                 UNITED STATES DISTRICT COURT

14                 CENTRAL DISTRICT OF CALIFORNIA

15                         WESTERN DIVISION

| | |
|---|---|
| IN RE COUNTRYWIDE FINANCIAL CORPORATION SECURITIES LITIGATION<br><br>This Document Relates to: All Actions | Lead Case No.<br>CV 07-05295 MRP (MANx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEAD COUNSEL'S MODIFIED PETITION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**<br><br>Date:  February 25, 2011<br>Time:  1:00 p.m.<br>Courtroom:  12<br>Judge:  Hon. Mariana R. Pfaelzer |

**Preliminary Statement**

Labaton Sucharow LLP ("Lead Counsel"), Court-appointed Lead Counsel for Lead Plaintiff Thomas P. DiNapoli, Comptroller of the State of New York, as Administrative Head of the New York State and Local Retirement Systems and as sole Trustee of the New York State Common Retirement Fund ("NYSCRF") and Lead Plaintiffs New York City Employees' Retirement System, New York City Police Pension Fund, New York City Fire Department Pension Fund, New York City Board of Education Retirement System, and Teachers' Retirement System of the City of New York (collectively, the "New York City Pension Funds" and, together with NYSCRF, "Lead Plaintiffs" or the "New York Funds"), on behalf of all Plaintiffs' Counsel, respectfully submits this memorandum of points and authorities in support of its modified petition, pursuant to Rules 23(h) and 54(d)(2) of the Federal Rules of Civil Procedure, for an award of attorneys' fees in the amount of $46,472,000.00, or approximately 7.73% of the minimum $601.5 million in Settlement consideration pursuant to the First Amendment to the Amended Stipulation and Agreement of Settlement (the "Amendment"), plus interest. Lead Counsel also seeks reimbursement of expenses in the total amount of $8,080,517.87, plus interest on the amount of expenses actually paid by Plaintiffs' Counsel as of September 15, 2010.

As described in greater detail in the accompanying Supplemental Declaration of Joel H. Bernstein in Support of Plaintiffs' Motion for Final Approval of Settlement and Plan of Allocation of Net Settlement Fund and Lead Counsel's Modified Petition for an Award of Attorneys' Fees and Reimbursement of Expenses ("Bernstein Suppl. Decl."), Lead Counsel has expended considerable effort to preserve a valuable, hard-earned Settlement while also ensuring that continuing Class members' rights are protected and their recoveries are not diminished. Notwithstanding this effort, which required substantial additional

attorney time, Lead Counsel seeks a fee that is $900,000 *less* than the award requested on October 11, 2010 prior to filing the Amendment.  Further, despite having incurred approximately $27,000 in additional expenses in connection with these efforts, Lead Counsel is not seeking reimbursement of expenses beyond those sought in its initial petition.[1]

Based on the facts and arguments presented in the Principal Fee Brief, Lead Counsel respectfully submits that the requested fee of $46,472,000.00 is as reasonable as, and indeed more reasonable than, the previously requested fee of $47,372,000.00.

Lead Plaintiffs support this modified petition for fees and expenses, and have stated that the time spent and expenses incurred by Plaintiffs' Counsel were reasonable and necessary to secure the excellent result for the Class.  *See* accompanying Declaration of Diane D. Foody on behalf of NYSCRF ("Foody Decl."), ¶¶ 6-8; and Supplemental Declaration of Karen J. Seemen on behalf of the New York City Pension Funds ("Seemen Suppl. Decl."), ¶¶ 11-15.

In further support of the reasonableness of the requested fee, Lead Counsel respectfully submits the accompanying Supplemental Declaration of Michael H. Diamond in Support of Lead Counsel's Modified Request for Attorneys' Fees and Expenses ("Diamond Suppl. Decl.").  The former Managing Partner and Head of Litigation of the Los Angeles office of Skadden, Arps, Slate, Meagher & Flom LLP, and former head of the litigation group at the Los Angeles office of Milbank, Tweed, Hadley & McCloy LLP, Mr. Diamond has nearly 40 years of litigation experience in this and other courts, including defending many large securities

---

[1] Lead Counsel respectfully incorporates by reference its Memorandum of Points and Authorities in Support of Lead Counsel's Petition for an Award of Attorneys' Fees and Reimbursement of Expenses, filed on October 11, 2010 (Dkt. No. 989) (the "Principal Fee Brief").

1  class actions.  Mr. Diamond previously submitted a declaration in support of the
2  original fee request ("Diamond Decl."), which is also annexed to his
3  Supplemental Declaration.  Based upon his review of the extensive history of this
4  litigation, and agreements and information pertinent to the reasonableness of the
5  then higher requested fees, Mr. Diamond concluded that "[u]nder all the
6  circumstances, the fee requested is in my opinion eminently reasonable."
7  Diamond Decl. ¶ 22 (Dkt. No. 990).  After review of facts and documents related
8  to Lead Counsel's recent efforts to preserve the Settlement, Mr. Diamond has now
9  opined that "the amended application seeks fees which are, if anything, more
10 reasonable than the original."  Diamond Suppl. Decl. ¶ 11.

## Relevant Background

13 This Court's Preliminary Approval Order set a deadline of October 18,
14 2010 for Class members to request exclusion from the Class.  Twenty-five
15 institutional investors and several individual investors (collectively, "Opt-Outs")
16 submitted timely and valid requests for exclusion.  The aggregate "Opt-Out
17 Value" of these Opt-Outs exceeded the Termination Threshold defined in the
18 Supplemental Agreement.  *See* Bernstein Suppl. Decl. ¶ 6.
19 Lead Counsel worked assiduously for the next two and a half months to
20 preserve this hard-earned and valuable Settlement.  Lead Counsel as well as Lead
21 Plaintiffs themselves recognized that complex and painstaking negotiations would
22 be required in order to protect and preserve the Settlement.  Between October 19,
23 2010, the day after the opt-out deadline, and November 18, 2010, when the parties
24 jointly informed the Court that they would participate in further mediation before
25 the Honorable A. Howard Matz and Professor Eric D. Green concerning the
26 settlement termination issues, Lead Counsel spoke almost daily with
27 representatives of the New York Funds.  Those discussions explored numerous
28

strategies and possibilities, all with an eye to both preserving the Settlement and protecting the interests of Class members, who, both Lead Plaintiffs and Lead Counsel strongly believe, stood to benefit greatly by the initial Settlement.

Informed by these discussions, Lead Counsel was in frequent communication with counsel for Countrywide to explore the extent to which the concerns of both sets of parties, in light of the potential consequences of the aggregate value of the Opt-Outs, could be resolved in a mutually satisfactory manner. At a certain point, those exchanges reached an impasse and the parties ultimately agreed to participate in mediation.

On December 1, 2010, following the submission of mediation statements, Lead Plaintiffs, the Countrywide Defendants ("Countrywide"), and Defendant KPMG LLP ("KPMG") participated in an all-day mediation before Judge Matz and Professor Green in an effort to fashion a revised agreement pursuant to which Countrywide and KPMG would waive their termination rights under the Supplemental Agreement, while at the same time preserving the value provided to Class members under the Settlement.[2] Judge Matz's and Professor Green's skillful efforts resulted in an agreement-in-principle between Plaintiffs, Countrywide, and KPMG to modify certain terms of the Settlement Agreement in exchange for Countrywide's and KPMG's waiver of their termination rights. *See* Bernstein Suppl. Decl. ¶ 15.

Notwithstanding the agreement-in-principle reached on December 1, 2010, the parties had a wide array of details to work out before finalizing and filing the

---

[2] The General Counsel and an Associate Counsel to the New York State Comptroller, the General Counsel to the New York City Comptroller, and a Senior Counsel in the New York City Law Department, together with Plaintiffs' Lead Counsel and the Hennigan, Bennett & Dorman firm, attended on behalf of Lead Plaintiffs. An Associate General Counsel of Bank of America Corporation, together with counsel for Countrywide, attended on Countrywide's behalf. KPMG was represented by counsel. Bernstein Supp. Decl. ¶ 14.

Amendment with the Court on January 4, 2011.  This negotiation process entailed multiple iterations of the Amendment and associated documents, reviewed and redrafted by Lead Counsel and Countrywide.  Consistent with their role as Class representatives, Lead Plaintiffs reviewed and commented on multiple drafts to ensure that the terms of the modified Settlement and the recovery by individual Class members were fair, reasonable and adequate under all the circumstances.

## ARGUMENT

### I. THE REQUESTED ATTORNEYS' FEE IS REASONABLE AND SHOULD BE AWARDED FROM THE GROSS SETTLEMENT FUND

Under the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), an attorneys' fee must equal a "reasonable" percentage of the common fund benefiting the Class.  15 U.S.C. § 78u-4(a)(6).  Courts in the Ninth Circuit and elsewhere apply this provision by requiring fee awards to be "reasonable in the circumstances."  *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 967 (9th Cir. 2009); *see Sandoval v. Tharaldson Employee Mgmt., Inc.*, No. EDCV 08-482-VAP (OPx), 2010 WL 2486346, at *8 (C.D. Cal. June 15, 2010) (same).

As described in detail in the Principal Fee Brief, Lead Counsel's fee application is subject to the constraints of a fee agreement negotiated with Lead Plaintiffs at the outset of the case.  Pursuant to that agreement, for a settlement of $601.5 million,[3] Lead Counsel is permitted to seek $46,472,000.00 in fees.[4]

---

[3] As discussed in Plaintiffs' concurrently filed brief for final approval of the modified Settlement, the Set-Aside is calculated such that more than $601.5 million could become available to Class members.  This modified fee request assumes, however, that the gross Settlement consideration will be $601.5 million.

[4] The representation agreements among the New York Funds and Lead Counsel provides for different fee percentages depending upon the stage of the action and the amount of recovery, with fee percentages declining with greater recoveries.  The specific operative fee grid, which also applied to the original Settlement, provides that for settlements between $500 million and $1 billion, Lead

*(continued . . .)*

1    Lead Counsel stands on its arguments set forth in the Principal Fee Brief as
2 to why the original request was fair and reasonable.  Accordingly, based on the
3 same criteria, Lead Counsel respectfully submits that its modified request for an
4 award of $900,000 less than the original request is at least as reasonable, if not
5 more so, due to the additional work conducted to preserve not only resolution of
6 this action, but also a recovery equal to or better than individual Class Members
7 stood to receive under the original Settlement.  Although the total fee requested is
8 $900,000 less, due to strict application of the fee agreement, the *percentage*
9 requested ends up being nominally higher (7.73% of $601.5 million versus 7.59%
10 of $624 million).  Even with this slight increase, as shown by an updated version
11 of the table prepared by Lead Counsel based on publicly available information
12 comparing the percentage fee requested in this case to the percentage fees
13 awarded in the 14 other PSLRA settlements between $400 million and $800
14 million, with this Settlement near the midpoint (*see* Principal Fee Brief at 27;
15 SCAS Report, Bernstein Suppl. Decl. Ex. B), Lead Counsel's requested fee award
16 would still be the lowest percentage:

---

*( . . . continued)*
Counsel may apply for a fee of $43 million plus 4% of the settlement amount in excess of $500 million ($101.5 million, as modified), after netting out approved expenses ($8,080,517.87, same as before) and estimated notice and administration costs ($6.6 million, same as before).  *See* Decl. of Karen J. Seemen, Dkt. No. 985-3, at ¶ 19 and attachment thereto.  The math is as follows: $43,000,000 + 0.04($101,500,000 - $8,080,517.87 - $6,600,000) = $46,472,779.29.  For clarity and ease of administration, Lead Counsel has rounded down the requested fee to $46,472,000.00.

| Case | Court | Docket No. | Fee Award | Total Settlement Amount (millions) |
|---|---|---|---|---|
| *In re Initial Public Offering Sec. Litig.* | S.D.N.Y. | 21-MC-0092 | **29.02%** | $586.0 |
| *In re Adelphia Commc'ns Corp. Sec. & Deriv. Litig.* | S.D.N.Y. | 03-MD-1529 | **21.40%** | $460.0 |
| *Ohio Pub. Employees Ret. Sys. v. Freddie Mac* | S.D.N.Y. | 03-CV-4261 | **20.00%** | $410.0 |
| *In re Cardinal Health, Inc. Sec. Litig.* | S.D. Ohio | 04-CV-0575 | **18.00%** | $600.0 |
| *In re BankAmerica Corp. Sec. Litig.* | E.D. Mo. | 99-MD-1264 | **18.00%** | $490.0 |
| *In re Lucent Techs., Inc. Sec. Litig.* | D.N.J. | 00-CV-0621 | **17.00%** | $667.0 |
| *In re Global Crossing, Ltd. Sec. Litig.* | S.D.N.Y. | 02-CV-0910 | **16.18%** | $447.8 |
| *Carlson v. Xerox Corp.* | D. Conn. | 00-CV-1621 | **16.00%** | $750.0 |
| *In re Qwest Commc'ns Int'l Sec. Litig.* | D. Colo. | 01-CV-1451 | **15.00%** | $445.0 |
| *In re Marsh & McLennan Sec. Litig.* | S.D.N.Y. | 04-CV-8144 | **13.50%** | $400.0 |
| *In re Raytheon Co. Sec. Litig.* | D. Mass. | 99-CV-12142 | **9.00%** | $460.0 |
| *In re Dynegy Inc. Sec. Litig.* | S.D. Tex. | 02-CV-1571 | **8.73%** | $474.1 |
| *In re Waste Mgmt., Inc. Sec. Litig.* | S.D. Tex. | 99-CV-2183 | **7.93%** | $457.0 |
| *In re Merrill Lynch & Co. Sec., Deriv. & ERISA Litig.* | S.D.N.Y. | 07-CV-9633 | **7.82%** | $475.0 |
| ***In re Countrywide Financial Corp. Securities Litigation*** | ***C.D. Cal.*** | ***CV 07-05295*** | ***7.73%*** | ***$601.5*** |

Further, the lodestar "cross-check," a methodology approved but not mandated by the Ninth Circuit, confirms that the requested fee is reasonable. The previously submitted lodestar of $69,190,643.25 represents more than 182,000 hours logged by attorneys, paralegals and other professional and paraprofessional staff. When cross-checked against the $46,472,000 fee requested, the lodestar yields a negative "multiplier" of approximately 0.67. This multiplier is smaller even than the 0.68 multiplier noted in the Principal Fee Brief, and represents a

discount for the Class of 33% off Plaintiffs' Counsel's usual billing rates. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050 (9th Cir. 2002) ("The lodestar, which measures the lawyers' investment of time in the litigation, provides a check on the reasonableness of the percentage award.").

## II. THE EXPENSES FOR WHICH LEAD COUNSEL SEEK REIMBURSEMENT WERE REASONABLY AND NECESSARILY INCURRED BY PLAINTIFFS' COUNSEL

Between the October 18, 2010 deadline for Class members to request exclusion and Plaintiffs' filing of the Amendment on January 4, 2011, Lead Counsel incurred approximately $27,000 in additional expenses (including approximately $13,000 in mediator fees) for which reimbursement could be sought within the New York Funds' limitations. *See* Principal Fee Brief, section II; Bierman Decl. ¶¶ 9, 11 (Dkt. No. 985-2). Lead Counsel, however, is not seeking reimbursement of expenses beyond those requested in their October 11, 2010 submissions. Dkt. Nos. 985, 989-991. As shown there, these expenses, which were audited by the New York Funds, are reasonable because the particular costs are of the type typically billed by attorneys to paying clients in the marketplace. *See, e.g., Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994).

## Conclusion

For the foregoing reasons, Lead Counsel respectfully requests an award of attorneys' fees in the amount of $46,472,000.00, or approximately 7.73% of the expected $601.5 million Settlement Amount, with interest; and reimbursement of expenses in the amount of $8,080,517.87, with interest on the amount of expenses actually paid by Plaintiffs' Counsel as of September 15, 2010.

A proposed Order Awarding Attorneys' Fees and Expenses to Lead Counsel is submitted herewith.

| | | |
|---|---|---|
| 1 | Dated:  February 4, 2011 | Respectfully submitted, |
| 2 | | LABATON SUCHAROW LLP |
| 3 | By: | */s/ Joel H. Bernstein* |
| | | JOEL H. BERNSTEIN |
| 4 | | JONATHAN M. PLASSE |
| | | IRA A. SCHOCHET |
| 5 | | DAVID J. GOLDSMITH |
| | | MICHAEL H. ROGERS |
| 6 | | JOSHUA L. CROWELL |

*Lead Counsel for Lead Plaintiffs New York Funds*

KREINDLER & KREINDLER LLP
GRETCHEN M. NELSON (#112566)
*gnelson@kreindler.com*
707 Wilshire Boulevard, Suite 4100
Los Angeles, California  90017
Telephone:  (213) 622-6469
Facsimile:  (213) 622-6019

HENNIGAN, BENNETT
   & DORMAN LLP
J. MICHAEL HENNIGAN (#59591)
*hennigan@hbdlawyers.com*
KIRK D. DILLMAN (#110486)
*dillmank@hbdlawyers.com*
MICHAEL SWARTZ (#163590)
*swartzm@hbdlawyers.com*
865 South Figueroa Street, Suite 2900
Los Angeles, California  90017
Telephone: (213) 694-1200
Facsimile: (213) 694-1234

*Liaison Counsel for Lead Plaintiffs New York Funds*

KAPLAN FOX & KILSHEIMER LLP
JOEL B. STRAUSS
*jstrauss@kaplanfox.com*
JEFFREY P. CAMPISI
*jcampisi@kaplanfox.com*
850 Third Avenue
New York, New York  10022
Telephone: (212) 687-1980
Facsimile:  (212) 687-7714

*Attorneys for Plaintiff Barry Brahn*