LABATON SUCHAROW LLP
JOEL H. BERNSTEIN
jbernstein@labaton.com
JONATHAN M. PLASSE
jplasse@labaton.com
IRA A. SCHOCHET
ischochet@labaton.com
DAVID J. GOLDSMITH
dgoldsmith@labaton.com
MICHAEL H. ROGERS
mrogers@labaton.com
JOSHUA L. CROWELL
jcrowell@labaton.com
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Lead Counsel for Lead Plaintiffs New York Funds*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| IN RE COUNTRYWIDE FINANCIAL CORPORATION SECURITIES LITIGATION<br><br>This Document Relates to: All Actions | Lead Case No.<br>CV 07-05295 MRP (MANx)<br><br>**SUPPLEMENTAL DECLARATION OF MICHAEL H. DIAMOND IN SUPPORT OF LEAD COUNSEL'S MODIFIED REQUEST FOR ATTORNEYS' FEES AND EXPENSES**<br><br>Date: February 25, 2011<br>Time: 1:00 p.m.<br>Courtroom: 12<br>Judge: Hon. Mariana R. Pfaelzer |

I, MICHAEL H. DIAMOND, hereby declare as follows:

1. I am an attorney admitted to the practice of law in the State of California and before this Court. I submit this Supplemental Declaration in support of the modified application by Labaton Sucharow LLP ("Lead Counsel"), Lead Plaintiffs' Counsel in the above entitled matter, for an award of attorneys' fees and expenses. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2. I have been retained by Lead Counsel as an expert to present my opinion as to the reasonableness of the fees sought in their application, and I previously submitted a Declaration dated October 11, 2010 ("Original Declaration"), in which I presented my opinion that the fees and expenses sought by Lead Counsel in its original application clearly met the standard for reasonableness applied to such applications. My Original Declaration is annexed hereto as Exhibit A.

3. In my Original Declaration I opined that analyzed either as a percentage of the class recovery (¶ 11 A-F), as a percentage of the Lodestar (¶ 11 G) or by analysis of the time charges (¶¶ 12-20), the fees and expenses sought by Lead Counsel were eminently reasonable. The changes made in the amounts sought in the modified application, as explained below, only serve to strengthen that view.

4. In connection with this supplemental declaration, in addition to reviewing the submissions in support of the Original Fee Application, I have reviewed the following:

    A. Plaintiffs' Memorandum of Points and Authorities in Support of Unopposed Motion for Preliminary Approval of First Amendment to Settlement Agreement.

    B. The Supplemental Notice of Proposed Modified Settlement of Class Action and Fairness Hearing.

      C.    A time records report of the time spent by attorneys in negotiating and accomplishing the Amendment to the Settlement Agreement.

5. In negotiating the Amendment to the Settlement, Lead Counsel and the Defendants preserved the benefits of the Settlement for those Class members who did not opt out of the Settlement. As set forth in the Notice, "the per share recovery for Class members is expected to be at least as great, if not greater, than if the Opt-Outs had not excluded themselves from the Class." Yet Lead Counsel, despite having incurred *more* time charges to reach this result, is seeking *less* in fees for its efforts. The fees sought have actually been reduced by $900,000.

6. Using the measures that supported my opinion in my Original Declaration compels the conclusion that the modified application seeks reasonable fees. The ratio that the modified fees bear to the amended settlement amount is essentially the same that the original fees did to the original settlement amount. As I previously pointed out, this is an historically low percentage.

7. The lodestar crosscheck referred to in my Original Declaration, which led to a fee amount less than 70% of the lodestar, now yields an even lower percentage since the amount of the lodestar has risen while the fee has gone down. As I noted in my Original Declaration, the 70% number was already significantly lower than awards in comparable cases.

8. The additional time spent by Lead Counsel to achieve the amended settlement appears reasonable to me to achieve the new result. The time was incurred by a small number of lawyers and other professionals, and they are the same professionals who have worked on the case throughout. In any event, the class is essentially not being charged for this time – no amount is being added to the fee request to reflect it. Rather, the fee request has been *reduced*.

9. This underscores the fact here that Lead Counsel's fee request is not driven by the lodestar amount – it is instead based on the percentage fee

1 | agreement reached with its clients. The reasonableness of the lodestar, discussed in detail in ¶¶ 12-20 of my Original Declaration, and the fact that the fee sought is not a multiple but instead a fraction of the lodestar, serve to buttress the reasonableness of the fee amount. In this connection, I would reiterate the point from ¶ 15 of my Original Declaration that the use by Lead Counsel of specially hired attorneys for document review had the effect of keeping the lodestar low and also was the most efficient way to accomplish the burdensome document review task here. If instead, for example, the cost of the document review attorneys was charged as an expense, which would have been unusual, it would have led to a higher overall request since expenses are reimbursed at 100% while the fee is limited by the agreed upon percentage in the client agreement.

10. I would also note that because of the need to amend the settlement, the average period between the time the work on the case was done and payment for the work, which was an aspect supporting reasonableness that I referred to in my Original Declaration (¶ 19), has increased by several months to Lead Counsel's detriment.

11. In sum, I continue to be of the opinion that the fees sought by Lead Counsel are reasonable, and that the amended application seeks fees which are, if anything, more reasonable than the original.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 2nd day of February, 2011, in Beverly Hills, California.


MICHAEL H. DIAMOND