# Exhibit A

UNITED STATES DISTRICT COURT
CENTRAL DIVISION OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| In Re Countrywide Financial ) | Lead Case No. |
| Corporations Securities ) | CV-07-05295 MRP(MANx) |
| Litigation ) | |
| ) | **RESPONSE OF BYRON B.** |
| ) | **MATHEWS, JR. TO SECOND** |
| ) | **SUPPLEMENTAL DECLARATION** |
| This Document Applies ) | **OF THOMAS R. GLENN** |
| To All Actions ) | |

Class Member, Byron B. Mathews, Jr., responds to the *Second Supplemental Declaration of Thomas R. Glenn of Rust Consulting, Inc. Regarding Notice to The Class* as follows:

1.  Mr. Glenn admits in his declaration that Notice of the Class Action was mailed to Byron B. Mathews, Jr. on November 4, 2010 – a date that was after the deadline (October 18, 2010) for requesting exclusion from the Class.  Mr. Glenn does not dispute that immediately upon receiving this Notice, Mr. Mathews requested that he be excluded from the Class.

2.   Plaintiff's Class counsel has offered no explanation as to why a potential class member would be mailed a Notice when the purpose of the Notice (*i.e.*, exclusion from the Class) is no longer available to him.  Under the position of Plaintiff's Class counsel, this November 4, 2010 mailing to Mr. Mathews was a totally useless act.

3. By mailing Mr. Mathews Notice on November 4, 2010, Plaintiff's Class counsel impliedly waived the deadline of October 18, 2010 and gave Mr. Mathews a reasonable time after receiving his personal Notice in which to exercise his right to request exclusion. Mr. Mathews did exercise his right to exclusion in a timely manner once he received this Notice.

4.   The Notice that was provided to Mr. Mathews did not require him to provide any information other than his desire to be excluded from the Class.  The requirement that he provide detailed transactional information about the shares

he purchased also improperly burdens his constitutional right to opt out of a Rule 23(b)(3) class action.

5. There is no allegation, and certainly no proof, that allowing Mr. Mathews to opt-out of the class would in any way damage the interests of the Class. At the time that Mr. Mathews requested exclusion from the Class, the Class had not been certified and the issues of certification and exclusion were still open matters before this court.

6. The deadline for exclusion from the Class is a technicality that is subject to flexibility in order to meet the ends of justice. Rule 1, Federal Rules of Civil Procedure.

7. Mr. Mathews reaffirms his request that the court enter an order excluding him from this class action.

RESPECTFULLY SUBMITTED,

_____
BYRON B. MATHEWS, JR., PRO SE

3

```
                            410 West 24th Street, #2H
                            New York City, NY 10011
                            bbmjr1@me.com
                            212-352-0503
```

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 13, 2010, I emailed a true and accurate copy of this RESPONSE to Joel Bernstein of Labaton Sucharow LLP at mailto:jbernstein@labaton.com; Gretchen M. Nelson of Kreindler & Kreindler LLP at mailto:gnelson@kreindler.com; J. Michael Hennigan of Hennigan Bennett & Dorman LLP at mailto:hennigan@hbdlawyers.com; Jeffrey P. Campisi of Kaplan Fox & Kilsheimer LLP at jstrauss@kaplanfox.com;

```
                            _____
                            Byron B. Mathews, Jr.
```

4