1   Darrell Palmer (SBN 125147)
    Email:  darrell.palmer@palmerlegalteam.com
2   Law Offices of Darrell Palmer
    603 North Highway 101, Ste A
3   Solana Beach, California 92075
    Telephone: (858) 792-5600
4   Facsimile: (858) 792-5655

5
    Attorney for Unnamed Class Member Orloff
6

7

8                   UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                        WESTERN DIVISION

11

12   IN RE COUNTRYWIDE FINANCIAL          )   Case No. 07-cv-05295 MRP (MANx)
13   CORPORATION SECURITIES              )
     LITIGATION                          )
14                                        )   **COMMENTS OF UNNAMED CLASS
                                          )   MEMBERS ORLOFF FAM TR UAD**
15   This Document Applies to: All Actions )   **12/13/01, DR MARSHALL J ORLOFF**
                                          )   **IRA R/O FCC AS CUSTODIAN**
16                                        )   **ALLIANCEBERNSTEIN US FOCS**
                                          )   **BLND AND DR MARSHALL J**
17                                        )   **ORLOFF IRA R/O FCC AS**
                                          )   **CUSTODIAN GATES CORE PLUS**
18                                        )   **FIXED INCOME IN SUPPORT OF**
                                          )   **CLASS ACTION SETTLEMENT,**
19                                        )   **SETTLEMENT AGREEMENT, AND**
                                          )   **ATTORNEY FEES**
20                                        )
                                          )   Date:  February 25, 2011
21                                        )   Time:  1:00 p.m.
                                          )   Court Room: 12
22   _____ )   Judge: Hon. Mariana R. Pfaelzer

23      Come now, Unnamed Class Members ORLOFF FAM TR UAD 12/13/01, DR

24   MARSHALL J ORLOFF IRA R/O FCC AS CUSTODIAN ALLIANCEBERNSTEIN

25   US FOCS BLND and DR MARSHALL J ORLOFF IRA R/O FCC AS CUSTODIAN

26

27   GATES CORE PLUS FIXED INCOME who reside in San Diego County, State of

28

                                        1

California,  by and through the undersigned counsel, and hereby formally supports the

Class Action Settlement, Settlement Agreement, and Attorneys' Fees in this matter for

the following reasons.

Unnamed Class Members, ORLOFF FAM TR UAD 12/13/01, DR MARSHALL J

ORLOFF IRA R/O FCC AS CUSTODIAN ALLIANCEBERNSTEIN US FOCS BLND

and DR MARSHALL J ORLOFF IRA R/O FCC AS CUSTODIAN GATES CORE

PLUS FIXED INCOME, represent to the court that they are Class Members, qualified to

make a claim for the proposed relief as set forth in the NOTICE OF CLASS ACTION

SETTLMENT.

## I.

## THE SETTLEMENT IS FAIR UNDER FEDERAL RULE OF CIVIL PROCEDURE SECTION 23(e)

Supporting Unnamed Class Members ORLOFF FAM TR UAD 12/13/01, DR

MARSHALL J ORLOFF IRA R/O FCC AS CUSTODIAN ALLIANCEBERNSTEIN

US FOCS BLND and DR MARSHALL J ORLOFF IRA R/O FCC AS CUSTODIAN

GATES CORE PLUS FIXED INCOME have examined the First Amendment to

Amended Stipulation and Agreement of Settlement (hereinafter, the "Settlement") and

supporting documents.  Upon review, these documents and agreements satisfy the

Federal Rule of Civil Procedure section 23(e)(2) that a settlement be fair, adequate, and

reasonable to the class. This conclusion is apparent after balancing of the factors as

delineated in *Stanton v. Boeing Co.* (9th Cir. 2003) 327 F.3d 938. ("To determine whether

proposed settlement in class action is fundamentally fair, adequate, and reasonable,

district court must consider [a] number of factors, including strength of plaintiffs' case,

risk, expense, complexity, and likely duration of further litigation, risk of maintaining

class action status throughout trial, amount offered in settlement, extent of discovery

completed, and stage of proceedings, experience and views of counsel, presence of

governmental participant, and reaction of class members to proposed settlement. Id., at

959.)

  First, the uncertainty of Plaintiffs' claims weighs in favor of this settlement.

Already, Plaintiffs' claims have survived several motions to dismiss, although that alone

is not dispositive of liability on the part of Defendants.  Plaintiffs face further risk going

forward.  If this lawsuit were to continue, the plaintiffs would be forced to prepare and

defend against several separate motions for summary judgment.  Even if this lawsuit

reached the trial phase, its high level of complexity creates the risk that it may confuse

the jury.  The details at the heart of this case center on complex questions concerning,

among other things, the underwriting guidelines for a wide and diversified line of home

loan products, the changing risk of the Company's loan portfolios, the state of mind of

senior executives in connection with the Company's lending practices and public

disclosures, the proper application of generally accepted accounting principles

("GAAP"), and the adequacy of KPMG's audits of the Company's financial statements

3

pursuant to generally accepted auditing standards ("GAAS"), which are sharply disputed. The values of the claims, too, revolve around complex expert analyses of the damages and whether loss causation can be proved. Thus, the issues surrounding the merits will be heavily litigated going forward and will require a level of prolonged attention to detail sure to confuse even the most astute jury member.

The amount offered in the settlement also weighs in favor of approving this settlement. In this instance, Class Counsel notes that this settlement is the 13th largest securities class action settlement since the enactment of the Private Securities Litigation Reform Act of 1995 (hereinafter, "PSLRA") and the second largest within the Ninth Circuit. (Doc. 984, p. 1, ln. 20-23.) The total settlement value against all Defendants is in excess of $600 million dollars. Class Counsel has thus obtained a significant portion of the estimated damages for the benefit of the Class, especially considering the risk and uncertainty of continued litigation.

Furthermore, Plaintiffs' Counsel have fronted well over eight million dollars in expenses prosecuting this complex lawsuit and seek only roughly 7 percent of the settlement fund by way of reimbursement. (Doc. 1031, p. 1.) If this lawsuit were to continue it may take several more years to conclude without any guarantee of this kind of recovery. Considering the complexity of the lawsuit and the sophistication of the defendants, it would be an extremely costly burden on the plaintiffs to fully try the case. Even with a favorable trial as to liability, the complexity of proving damages, coupled

4

1   with the dwindling insurance proceeds available, added an additional element of risk to

2   this litigation.
3

4       This lawsuit was at an advanced stage of the proceedings.  Defendants recently

5   filed numerous Motions for Summary Judgment and a substantial portion of the
6
7   discovery has been completed.  At the time of settlement, the parties had completed fact

8   discovery and exchanged the reports of 17 testifying liability and damages experts.  The
9
10  parties had likewise conducted an astounding 71 depositions, exchanged 25 million pages

11  of documents, and propounded hundreds of pages of discovery requests upon each other.
12
    (Doc. 984, p. 47-48.)
13

14      Thus, this was not a short or superficial litigation.  To the contrary, it was detailed

15  to the Nth degree, involved countless moving parts, and still had additional law and
16
17  motion pending, including the likelihood of future, additional discovery issues on the

18  horizon.

19      Accordingly, given the applicable factors provided for the Court's direction in
20
21  *Boeing*, the proposed settlement, and related stipulation, appear fair to the class.

22                                    **II.**
23

24      **THE ATTORNEYS' FEES SOUGHT APPEAR REASONABLE**

25      Under the PSLRA, "total attorneys' fees and expenses awarded by the court to
26
27  counsel for the plaintiff class shall not exceed a reasonable percentage of the amount of

28  any damages and prejudgment interest actually paid to the class."  Unnamed Class

                                        5

Members ORLOFF FAM TR UAD 12/13/01, DR MARSHALL J ORLOFF IRA R/O FCC AS CUSTODIAN ALLIANCEBERNSTEIN US FOCS BLND and DR MARSHALL J ORLOFF IRA R/O FCC AS CUSTODIAN GATES CORE PLUS FIXED INCOME have examined the Memorandum in support for Class Counsels' attorneys' fees and expenses (Doc. 1031) and finds the request to be wholly reasonable given a review of the specific facts of this case.

This class action has been underway since 2007. The Herculean effort of vehemently representing the Class Members in this instance only supports Class Counsels' reputation(s) as, detail-oriented attorneys. The litigation was intensely litigated, with extensive law and motion practice and discovery conducted on the part of both parties.

Given the amount of work put in, the contingency nature of the case, the risk of no recovery and other factors noted above, 7.73% of the fund sought by class counsel does not, on its face, appear unreasonable. (Doc. 1031, p. 1.) In fact, this percentage is on the low end of most fees requested (and granted.) *Viscainzo v. Microsoft Corp.*, 290, F. 3d 1043 (9th Cir. 2002.)(The Ninth Circuit stated in its *Vizcainzo* that its review of fee awards from 34 common fund settlements of $50-200 million from 1996-2001, with fees awarded under the percentage method. Awards here range from 3-40%, with most (27 of 34, or 79%) awards around 10-30% and a bare majority (19 of 34, or 56%) clustered in the 20-30% range. See also ALBA CONTE, ATTORNEY FEE AWARDS §§ 2.09, 2.33

6

and 2.34 (2d ed.1993 and Nov. 2001 Supp.) Thus, Class Counsels' request for a 7% fee seems reasonable given a review of other cases and, even a bit lower than average. Thus, these Supporting Class Members request that the fee request be granted in its entirety.

### III.

### CONCLUSION

Based on the foregoing, these Supporting Class Members are satisfied that the settlement and the request for fees and reimbursement of expenses is reasonable, fair and adequate. These Class Members thus respectfully request that the Court approve Class Counsels' request.

Dated:   February 17, 2011          By: _____
                                              DARRELL PALMER
                                              Attorney for Objectors
                                              ORLOFF FAM TR UAD 12/13/01, DR
                                              MARSHALL J ORLOFF IRA R/O FCC AS
                                              CUSTODIAN ALLIANCEBERNSTEIN US
                                              FOCS BLND and DR MARSHALL J ORLOFF
                                              IRA R/O FCC AS CUSTODIAN GATES CORE
                                              PLUS FIXED INCOME

**In re Countrywide Financial Corporation Securities Litigation**
1   **Case No.: 07-cv-05295**

2

3                           **DECLARATION OF SERVICE**
                    **STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

4           I, Maria V. Carapia, declare as follows:

5           I am employed with the Law Offices of Darrell Palmer whose address is 603 N Hwy
     101, Ste A, Solana Beach, CA 92075.  I am readily familiar with the business practices of this
6    office for collection and processing of correspondence for mailing with the United States Postal
     Service; I am over the age of eighteen (18) and I am not a party to this action.
7
            On February 17, 2011, I caused to be served the following:
8
     **COMMENTS OF UNNAMED CLASS MEMBERS ORLOFF FAM TR UAD**
9    **12/13/01, DR MARSHALL J ORLOFF IRA R/O FCC AS CUSTODIAN**
     **ALLIANCEBERNSTEIN US FOCS BLND AND DR MARSHALL J**
10   **ORLOFF IRA R/O FCC AS CUSTODIAN GATES CORE PLUS FIXED**
     **INCOME IN SUPPORT OF CLASS ACTION SETTLEMENT,**
11   **SETTLEMENT AGREEMENT, AND ATTORNEY FEES**

12   on the interested parties:

13
            SEE ATTACHED SERVICE LIST
14

15   ____   by placing a copy in a separate envelope addressed to each addressee as indicated
            on the attached Service List and personally delivering it to the above named
16          persons.

17   ____   by sending via electronic mail a true copy of the above-entitled document to the
            email listed on the attached Service List.  My email address is
18          maria.carapia@palmerlegalteam.com

19   ____   by sending a copy via overnight mail. Airbill No. _____.

20   _X_   by placing a copy in a separate envelope, with postage fully prepaid, for each
            address named on the attached Service List for collection and mailing on the
21          above indicated day following the ordinary business practices of our offices

22   _X_   by sending a copy via facsimile transmission to the facsimile number(s) indicated
            on the attached Service List.  The facsimile machine I used complied with
23          California Rules of Court, Rule 2003, and no error was reported by machine.

24          I declare under penalty of perjury under the laws of the State of California that the
     foregoing is true and correct.  Executed on February 17, 2011, at Solana Beach, California.
25

26

27                                                  _____
                                                    Maria V. Carapia
28

1

<u>**SERVICE LIST**</u>

2

3
**<u>PLAINTIFF'S LEAD COUNSEL</u>**
Joel H. Bernstein
Labaton Sucharow LLP
4
140 Broadway
New York, NY 10005
5
Phone: (212) 907-0700
Fax: (212) 818-0477
6
Email: jbernstein@labaton.com

7

8
**<u>COUNSEL FOR COUNTRYWIDE</u>**
Brian E. Pastuszenski
Goodwin Procter
9
53 State Street
Boston, MA 02109
10
Phone: (617) 570-1000
Fax: (617) 523-1231
11
Email: bpastuszenski@goodwinprocter.com

12

13
**<u>COUNSEL FOR KPMG</u>**
Gwyn Quillen
Bingham McCutchen LLP
14
1620 26th Street, Fourth FL North Tower
Santa Monica, CA 90404
15
Phone: (310) 907-1000
Fax: (310) 907-2000
16
Email: gwyn.quillen@bingham.com

17

18

19

20

21

22

23

24

25

26

27

28