# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| IN RE COUNTRYWIDE FINANCIAL CORPORATION SECURITIES LITIGATION<br><br>This Document Relates to: All Actions | Lead Case No.<br>CV-07-05295 MRP (MANx)<br><br>**ORDER AWARDING ATTORNEYS' FEES AND EXPENSES TO LEAD COUNSEL** |

| | |
|---|---|
| 1 | **THIS MATTER** having come before the Court on Lead Counsel's |
| 2 | Modified Petition, pursuant to Rules 23(h) and 54(d)(2) of the Federal Rules of |
| 3 | Civil Procedure, for an Award of Attorney's Fees and Reimbursement of |
| 4 | Expenses, and certain submissions in support of the Modified Petition, including |
| 5 | the accompanying Memorandum of Points and Authorities in Support of Lead |
| 6 | Counsel's Modified Petition for an Award of Attorneys' Fees and Reimbursement |
| 7 | of Expenses; the accompanying Supplemental Declaration of Joel H. Bernstein in |
| 8 | Support of Plaintiffs' Motion for Final Approval of Settlement and Plan of |
| 9 | Allocation of Net Settlement Fund and Lead Counsel's Petition for an Award of |
| 10 | Attorneys' Fees and Reimbursement of Expenses; the accompanying Declaration |
| 11 | of Diane D. Foody, Esq. in Support of Final Approval of Settlement as Modified, |
| 12 | the Proposed Plan of Allocation as Modified, and Modified Award of Attorneys' |
| 13 | Fees and Reimbursement of Expenses, with exhibit; the accompanying |
| 14 | Supplemental Declaration of Karen J. Seemen, Esq. in Support of Final Approval |
| 15 | of Settlement as Modified, Proposed Plan of Allocation as Modified, and |
| 16 | Modified Award of Attorneys' Fees and Reimbursement of Expenses, with |
| 17 | exhibit; and the accompanying Supplemental Declaration of Michael H. Diamond |
| 18 | in Support of Lead Counsel's Modified Request for Attorneys' Fees and |
| 19 | Expenses, with exhibit; the Memorandum of Points and Authorities in Support of |
| 20 | Lead Counsel's Petition for an Award of Attorney's Fees and Reimbursement of |
| 21 | Expenses dated October 11, 2010; the Declaration of Joel H. Bernstein in Support |
| 22 | of Plaintiffs' Motion for Final Approval of Settlement and Plan of Allocation of |
| 23 | Net Settlement Fund and Lead Counsel's Petition for an Award of Attorney's |
| 24 | Fees and Reimbursement of Expenses, and certain exhibits thereto, dated October |
| 25 | 11, 2010; the Declaration of Michael H. Diamond in Support of Lead Counsel's |
| 26 | Request for Attorneys' Fees and Expenses, with exhibits, filed on October 11, |
| 27 | 2010; and the Compendium of Individual Declarations Submitted in Support of |
| 28 | |

Lead Counsel's Petition for an Award of Attorney's Fees and Reimbursement of Expenses, filed on October 11, 2010; the Court having considered all papers filed and proceedings had herein, having found the Settlement of this action to be fair, reasonable, and adequate and otherwise being fully informed;

**WHEREAS:**

A. All of the capitalized terms used herein shall have the same meanings as set forth in the Amended Stipulation and Agreement of Settlement, dated as of June 29, 2010 (Dkt. No. 841) and the First Amendment to the Amended Stipulation and Agreement of Settlement, dated as of January 4, 2011 (Dkt. No. 1015) (together, the "Settlement Agreement").

B. Lead Counsel, on behalf of all Plaintiffs' Counsel, has filed a Modified Petition for an Award of Attorney's Fees and Reimbursement of Expenses;

C. This Court entered an Order Granting Preliminary Approval to Settlement and Directing Dissemination of Notice to the Class, dated August 2, 2010 (Dkt. No. 976) (the "Preliminary Approval Order"), preliminarily approving the proposed Settlement, directing individual and publication notice to potential Class Members, scheduling a hearing for November 15, 2010, and providing Class Members with an opportunity to object to, *inter alia,* Lead Counsel's Petition for an Award of Attorney's Fees and Reimbursement of Expenses and to be heard concerning such objections;

D. Notice has been provided to the members of the Class in accordance with the Preliminary Approval Order, as evidenced by the Declaration of Thomas R. Glenn of Rust Consulting, Inc. Regarding Notice to Class, dated October 8, 2010;

E. The Notice disseminated to Class Members in accordance with the Preliminary Approval Order disclosed the maximum attorney's fee Lead Counsel

Case 2:07-cv-05295-MRP -MAN   Document 1062   Filed 03/04/11   Page 4 of 8   Page ID
#:43454

1 | would seek and the approximate amount of expenses for which Lead Counsel
2 | would seek reimbursement;
3 |     F.    Pursuant to the Preliminary Approval Order and as set forth in the
4 | Notice, any objections to Lead Counsel's petition for a Fee and Expense Award
5 | were to be filed and served by October 18, 2010; and
6 |     G.    This Court entered an Order Granting Preliminary Approval to First
7 | Amendment to Settlement Agreement and Directing Dissemination of
8 | Supplemental Notice to the Class, dated January 7, 2011 (Dkt. No. 1021) (the
9 | "Second Preliminary Approval Order"), preliminarily approving the proposed
10 | Amendment to the Settlement, directing individual notice to potential Class
11 | Members, and scheduling a hearing for February 25, 2011 (the "Fairness
12 | Hearing");
13 |     H.    The Supplemental Notice has been disseminated to the members of
14 | the Class in accordance with the Second Preliminary Approval Order, as
15 | evidenced by the Second Supplemental Declaration of Thomas R. Glenn of Rust
16 | Consulting, Inc. Regarding Notice to Class, dated February 3, 2011;
17 |     I.    The Supplemental Notice disseminated to Class Members in
18 | accordance with the Second Preliminary Approval Order disclosed a reduced
19 | attorney's fee Lead Counsel would seek and the approximate amount of expenses
20 | for which Lead Counsel would seek reimbursement;
21 |     J.    The Court held the Fairness Hearing on November 15, 2010 and has
22 | determined that the proposed Settlement of the Action on the terms and
23 | conditions provided in the Settlement Agreement (as modified by the
24 | Amendment) is fair, reasonable, and adequate and should be approved by the
25 | Court, and entered the Final Judgment as provided for in the Settlement
26 | Agreement;
27
28

ORDER AWARDING ATTY'S FEES & REIMBURSING EXPENSES
LEAD CASE NO. CV-07-05295 MRP (MANX)

3

WHEREAS, the Court, having considered all matters submitted to it at the hearing, along with all prior submissions by the Parties to the Settlement and others, and any objections filed by Class Members, and otherwise having determined the reasonableness of the requests set forth in Lead Counsel's Modified Petition for an Award of Attorney's Fees and Reimbursement of Expenses;

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

1. This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all members of the Class who have not timely and validly requested exclusion.

2. Due and adequate notice of the maximum attorneys' fee Lead Counsel would request, and the approximate amount of expenses for which Lead Counsel would seek reimbursement, were directed to all persons who were reasonably identifiable Class members, advising them of their right to object thereto.

3. The Court hereby awards Lead Counsel attorneys' fees of $46,472,000, or approximately 7.73% of the anticipated Gross Settlement Fund, plus interest earned at the same rates earned by the Gross Settlement Fund. Such attorney's fees shall be paid to Lead Counsel from the Gross Settlement Fund.

4. Additionally, the Court hereby awards Lead Counsel reimbursement of expenses in the amount of $8,080,517.87, plus interest on the amount of expenses actually paid by Plaintiffs' Counsel as of September 15, 2010, *i.e.*, $4,102,291.91, earned at the same rates earned by the Gross Settlement Fund. Such expenses shall be paid to Lead Counsel from the Gross Settlement Fund.

5. The Court finds that the amount of fees awarded is reasonable under the "percentage-of-recovery" method, given, *inter alia*:

    a.    the minimum $601.5 million Settlement recovery obtained for the Class;

    b.    the obstacles and risks of non-recovery at trial including *(i)* a verdict of non-liability for lack of scienter, a truth-on-the-market defense, or lack of loss causation, or *(ii)* no damages notwithstanding a verdict of liability;

    c.    the time and effort involved over more than two-and-a-half years of active litigation, including overcoming motions to dismiss, successfully certifying the Class, conducting discovery involving nearly 30 million pages of documents and 81 depositions, and negotiation and settlement;

    d.    the highly competitive fee agreement negotiated by Lead Plaintiffs at the outset of litigation;

    e.    the contingent nature of that negotiated fee;

    f.    the relative amount of the fee in comparison to other settlement funds of similar size; and

    g.    a lodestar "multiplier" of less than 1.0.

*See* 15 U.S.C. § 78u-4(a)(6) (fees "shall not exceed a reasonable percentage"); *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 967 (9th Cir. 2009) (attorney's fees must be "reasonable in the circumstances"); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002) (examining factors, including risk of litigation, financial burden of contingent representation, result achieved, and customary fees for similar cases).

    6.    The Court finds that the reimbursement of expenses requested, including relating to consulting and testifying experts, electronic document hosting of the nearly 30 million pages produced in this case, travel, computer

research, and duplicating are reasonable under the circumstances, and typical of those billed by attorneys to paying clients in the marketplace. *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (looking to whether expenses are of the type typically billed by attorneys to paying clients in the marketplace); *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177 (S.D. Cal. 2007) (reimbursing expert fees that are "crucial or indispensable to the litigation at hand"); 15 U.S.C. § 78u-4(a)(4) (permitting reimbursement of expenses "directly relating to the representation of the class to any representative party serving on behalf of a class"). Reimbursement of the expenses requested is further reasonable in light of Lead Plaintiffs' careful auditing of Plaintiffs' Counsel's expenses, including disallowance of certain substantial expenses.

7. The attorney's fees awarded, and interest earned thereon, shall be paid to Lead Counsel subject to the terms, conditions, and obligations of the Settlement Agreement, and pursuant to the timing set forth in ¶¶ 28 and 29 thereof, which terms, conditions and obligations are incorporated therein.

8. The expense reimbursement awarded, together with the interest earned on those expenses actually paid as of September 15, 2010, shall be paid to Lead Counsel subject to the terms, conditions, and obligations of the Settlement Agreement, and pursuant to the timing set forth in ¶¶ 28 and 29 thereof, which terms, conditions and obligations are incorporated therein

9. Lead Counsel shall thereafter allocate the Fee and Expense Award payable as follows: (a) the attorney's fees approved in paragraph 3 above among all Plaintiffs' Counsel in a manner that, in Lead Counsel's good-faith judgment, reflects such counsel's contribution to the institution, prosecution, or resolution of the Action; and (b) the expenses approved in paragraph 4 hereof, among each Plaintiffs' Counsel as approved by the Court.

10. The Court hereby retains and reserves jurisdiction over all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement, and for any other necessary purpose, including, but not limited to, any distribution to Authorized Claimants under the terms and conditions of the Settlement Agreement and pursuant to further orders of this Court.

IT IS SO ORDERED.

Dated: *March 4*, 2011.

*Mariana R. Pfaelzer*
HON. MARIANA R. PFAELZER
UNITED STATES DISTRICT JUDGE