JS6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| In re COUNTRYWIDE FINANCIAL CORPORATION SECURITIES LITIGATION<br><br>This Document Relates to: All Actions | Lead Case No.<br>CV 07-05295 MRP (MANx)<br><br>**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |

1  This matter came before the Court for a hearing pursuant to the Order of this
2  Court entered on January 7, 2011, on the application of the Parties for approval of
3  the Settlement set forth in the Amended Stipulation and Agreement of Settlement,
4  executed as of June 29, 2010 and filed with the Court on that date and the First
5  Amendment thereto, executed as of January 4, 2011 and filed with the Court on that
6  date (collectively, the "Settlement" or the "Settlement Agreement"). All capitalized
7  terms used herein have the meanings set forth and defined in the Settlement
8  Agreement.
9  The Court has received declarations attesting to the mailing of the Notice and
10 publication of the Summary Notice in accordance with the Order Granting
11 Preliminary Approval of Settlement and Directing Dissemination of Notice to the
12 Class dated August 2, 2010 ("Preliminary Approval Order") and the mailing of
13 Supplemental Notice in accordance with the Order Granting Preliminary Approval
14 to First Amendment to Settlement Agreement and Directing Dissemination of
15 Supplemental Notice to the Class dated January 7, 2011 ("Second Preliminary
16 Approval Order"). Due and adequate notice having been given to the Class as
17 required by both the Preliminary Approval Order and Second Preliminary Approval
18 Order and the Court having considered all papers filed and proceedings in this
19 Action and otherwise being fully informed of the matters herein, and good cause
20 appearing therefor, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as
21 follows:
22     1.  This Court has jurisdiction over the subject matter of this Action,
23 including the terms and conditions of the Settlement Agreement and all exhibits
24 thereto and the Plan of Allocation of the Net Settlement Fund, and over all Parties to
25 the Action and all Class Members.
26     2.  This Court finds that the distribution of the Notice and the
27 Supplemental Notice and the publication of the Summary Notice, and the notice
28 methodology, all implemented in accordance with the terms of the Settlement

Agreement and the Court's Preliminary Approval Order and Second Preliminary Approval Order:

  (a) constituted the best practicable notice to Class Members under the circumstances of the Action;

  (b) were reasonably calculated, under the circumstances, to apprise Class Members of: (i) the proposed Settlement of this class action; (ii) their right to exclude themselves from the Class; (iii) their right to object to any aspect of the proposed Settlement; (iv) their right to appear at the Fairness Hearing, either on their own or through counsel hired at their own expense, if they are not excluded from the Class; and (v) the binding effect of the proceedings, rulings, orders, and judgments in this Action, whether favorable or unfavorable, on all persons who are not excluded from the Class;

  (c) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

  (d) fully satisfied all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, the Rules of the Court, and any other applicable law.

  3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court finds that the terms and provisions of the Settlement Agreement were entered into by the Parties at arm's-length and in good faith, and are fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Class Members. The Parties and their counsel are hereby directed to implement and consummate the Settlement in accordance with its terms and conditions.

  4. The Action and all Settled Claims are dismissed with prejudice. The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement or this Final Judgment and Order ("Final Judgment").

5. The Court finds that the notice given of the dismissal of defendants Garcia and Gissinger and claims against Sambol under the Securities Act of 1933 ("Sambol 1933 Act Claims") was adequate. The dismissal of defendants Garcia and Gissinger and the Sambol 1933 Act Claims is approved as fair, just and reasonable, and is hereby finally approved.

6. In accordance with Paragraph 1(rr) of the Settlement Agreement, for purposes of this Final Judgment the term "Released Parties" shall mean: (a) any and all of the Defendants and any person, partnership, firm, corporation, limited liability company, trust or other entity in which any Defendant has a controlling interest or which is or was related to or affiliated with any of the Defendants; and (b) with respect to each of the Persons in subsection (a), their respective past or present directors, officers, employees, insurers, reinsurers, attorneys, agents, partners, principals, advisors, investment advisors, auditors, accountants, trustees, underwriters, investment bankers, subsidiaries, parents (including without limitation Bank of America Corporation and each of its subsidiaries), any other entity in which any such parent has a controlling interest or which is or was related to or affiliated with any such parent, successors and predecessors, heirs, Immediate Family, and anyone acting or purporting to act for or on behalf of any of them or their successors.

7. In accordance with Paragraph 1(tt) of the Settlement Agreement, for purposes of this Final Judgment the term "Settled Claims" shall mean: any and all claims, debts, demands, disputes, rights, causes of action, suits, matters, damages, or liabilities of any kind, nature, and character whatsoever (including but not limited to any claims for damages, interest, attorneys' fees, expert or consulting fees, and any and all other costs, expenses or liabilities whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature (collectively,

"Claims"), including both known Claims and Unknown Claims (as defined herein), against any of the Released Parties (i) that were asserted or could have been asserted in the Action, (ii) that would have been barred by *res judicata* had the Action been fully litigated to a final judgment, or (iii) that could have been, or could in the future be, asserted in any forum or proceeding or otherwise by any Class Member against any of the Released Parties (a) that concern, arise out of, refer to, are based upon, or are related in any way to, any of the subject matter, allegations, transactions, facts, matters, occurrences, representations, statements, or omissions alleged, involved, set forth, or referred to in the Complaint; and (b) that relate to the purchase, sale, acquisition or holding of the Countrywide Securities, and, as to Plaintiffs, that relate to the purchase, sale, acquisition or holding of any security issued by Countrywide or any Countrywide-related entity (including but not limited to mortgage-backed securities issued by CWALT, Inc., CWABS, Inc., CWHEQ, Inc. or CWMBS, Inc.), whether such Countrywide-related entity is a corporation, partnership, limited liability company, trust, or other entity, and whether or not such securities are Countrywide Securities; *provided, however,* that the term "Settled Claims" shall not include the following:

        (1)    claims to enforce the Settlement; and

        (2)    shareholder derivative claims asserted as of April 2, 2010 on behalf of Countrywide Financial Corporation in the following actions for recovery by Countrywide as to injury allegedly caused to it: *In re Countrywide Financial Corp. Shareholder Derivative Litigation,* Case No. BC 375275 (Cal. Supr. Ct., Los Angeles County) and *In re Countrywide Financial Corp. Derivative Litigation,* Lead Case No. 2:07-cv-06923-MRP (MANx) (C.D. Cal.).

    Notwithstanding the foregoing, nothing in this definition of "Settled Claims" shall prevent Plaintiffs from seeking to participate as unnamed class members in any settlement or other recovery in any class action, including but not limited to *Maine State Retirement System v. Countrywide Financial Corp.,* Case No. CV 10-00302

1 | MRP (MANx) (C.D. Cal.), that relates to the purchase, sale, acquisition or holding
2 | of any security, other than Countrywide Securities, issued by Countrywide or any
3 | Countrywide-related entity (including but not limited to mortgage-backed securities
4 | issued by CWALT, Inc., CWABS, Inc., CWHEQ, Inc. or CWMBS, Inc.), whether
5 | such Countrywide-related entity is a corporation, partnership, limited liability
6 | company, trust or other entity.
7 |     8.    In accordance with Paragraph 1(uu) of the Settlement Agreement, for
8 | purposes of this Final Judgment the term "Settled Defendants' Claims" shall mean:
9 | any and all claims, rights, causes of action, damages, or liabilities of any kind,
10 | nature, and character whatsoever in law, equity, or otherwise, including both known
11 | and Unknown Claims (as defined herein), which were, could have been, or could be
12 | asserted in any forum by the Defendants or any of them against Plaintiffs or
13 | Plaintiffs' Counsel, whether under United States federal, state, local, statutory, or
14 | common law, or any other law, rule, or regulation, based upon, arising out of or
15 | relating to, directly or indirectly, the institution, prosecution, assertion, settlement or
16 | resolution of the Action; *provided, however,* that "Settled Defendants' Claims" shall
17 | not include claims to enforce the Settlement.
18 |     9.    In accordance with Paragraph 1(ccc) of the Settlement Agreement, for
19 | purposes of this Final Judgment the term "Unknown Claims" shall mean: any and
20 | all Settled Claims that any Lead Plaintiff or Class Member does not know or suspect
21 | to exist in his, her or its favor as of the Effective Date that, if known by him, her or
22 | it, might have affected his, her or its decision(s) with respect to the Settlement, or
23 | might have affected such party's decision not to object to this settlement. With
24 | respect to any and all Settled Claims, upon the Effective Date, the Lead Plaintiffs
25 | shall expressly waive, and each Class Member shall be deemed to have waived, and
26 | by operation of this Final Judgment shall have expressly waived, the provisions,
27 | rights and benefits of California Civil Code § 1542, and of any U.S. federal or state
28 | law, or principle of common law or otherwise, that is similar, comparable, or

equivalent to Section 1542 of the California Civil Code, which provides, in relevant part:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Lead Plaintiffs and other Class Members or certain of them may hereafter discover facts in addition to or different from those which such party now knows or believes to be true with respect to the subject matter of the Settled Claims, but the Lead Plaintiffs and the Class Members, upon the Effective Date, by operation of this Final Judgment shall have, fully, finally, and forever settled and released, any and all Settled Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, claims relating to conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

Lead Plaintiffs and Defendants acknowledge, and the Class Members shall be deemed by operation of this Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and was a key element of the Settlement.

10.     Plaintiffs and every Class Member, on behalf of themselves and any of their personal representatives, spouses, domestic partners, trustees, heirs, executors, administrators, successors or assigns, shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Settled Claims against the Released Parties, and shall be forever barred and enjoined from instituting, prosecuting, participating, continuing, maintaining or asserting any Settled Claim, or assisting any Person in instituting,

prosecuting, participating, continuing, maintaining or asserting any Settled Claim, against any of the Released Parties, whether directly or indirectly, whether in the United States or elsewhere, whether on their own behalf or on behalf of any class or any other Person, and regardless of whether or not such Class Member executes and delivers a Proof of Claim.

11.   The named Plaintiffs shall not encourage or solicit any other Person in regard to, or in connection with, the making of any demand, the assertion of any liability, or the prosecution or commencement of any lawsuit or other judicial or administrative proceedings against any of the Released Parties relating to Countrywide, any of its affiliates or related entities, and/or securities offered, sold or issued by Countrywide or by any Countrywide-related entity (including but not limited to mortgage-backed securities issued by CWALT, Inc., CWABS, Inc., CWHEQ, Inc. or CWMBS, Inc.).

12.   Each of the Released Parties shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged each and all of the Class Members, Plaintiffs, and Plaintiffs' Counsel from all Settled Defendants' Claims arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Action or the Settled Claims.

13.   All persons and/or entities whose names appear on Exhibit 1 hereto are hereby excluded from the Class, are not bound by this Final Judgment, and may not make any claim with respect to or receive any benefit from the Settlement. Such excluded persons and entities may not pursue any Settled Claims on behalf of those who are bound by this Final Judgment.

14.   Neither the Settlement Agreement nor the terms of the Settlement Agreement shall be offered or received into any action or proceeding for any purpose, except (i) in an action or proceeding arising under the Settlement Agreement or arising out of this Final Judgment, (ii) in any action or proceeding

where the releases provided pursuant to the Settlement Agreement may serve as a bar to recovery, (iii) in any action or proceeding to determine the availability, scope, or extent of insurance coverage (or reinsurance related to such coverage) for the sums expended for the Settlement and defense of the Action; or (iv) in any action or proceeding against a Person other than KPMG arising out of or relating to any rights or obligations of Countrywide or any former officer, employee, or director of Countrywide concerning indemnification, contribution, or advancement of fees and expenses.

15. This Final Judgment, the Settlement Agreement, and any of their respective provisions, and any negotiations, proceedings or agreements relating to the Settlement Agreement and the Settlement, and all matters arising in connection with such negotiations, proceedings or agreements, and all acts performed or documents executed pursuant to or in furtherance of the Settlement Agreement:

   i. shall not be offered or received against any of the Defendants as evidence of a presumption, concession, or admission of any kind;

   ii. shall not be offered or received against any of the Defendants as evidence of an admission by any of those Defendants with respect to the truth of any fact alleged in the Complaint or the validity of any Settled Claim, or the deficiency of any defense that has been or could have been asserted, or of any liability, negligence, fault, or wrongdoing of the Defendants;

   iii. shall not be offered or received against the Defendants as evidence of any fault, misrepresentation, omission or other actionable conduct with respect to any statement or written document approved or made by any of the Defendants;

   iv. shall not be offered or received against the Defendants as evidence of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be

necessary to effectuate the provisions of the Settlement Agreement; *provided, however,* that the Released Parties may refer to the Settlement Agreement to effectuate the release of Settled Claims and other liability protections granted to them in the Settlement Agreement;

   v. shall not be construed against any of the Defendants as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial;

   vi. shall not be construed as or received in evidence as an admission, concession or presumption against Plaintiffs or any of the Class Members that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Amount; and

   vii. shall not, in the event of a Complete Termination, be used by any Party for any purpose in any trial in this Action.

  16. Without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution from the Gross Settlement Fund, including interest earned thereon; (b) disposition of the Net Settlement Fund; (c) disposition of the Set Aside; (d) hearing and determining applications for attorneys' fees, costs, interest and reimbursement of expenses in the Action; and (e) all Parties hereto for the purpose of construing, enforcing and administering the Settlement.

  17. Any Plan of Allocation of the Net Settlement Fund submitted by Plaintiffs' Lead Counsel or any order regarding the Fee and Expense Award, or any appeal, modification or change thereof, shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

  18. This Court finds that Lead Plaintiffs, Plaintiff Brahn, and Plaintiffs' Lead Counsel adequately represented the Class under Rules 23(a)(4) and (g) of the

Federal Rules of Civil Procedure for purpose of negotiating, entering into, and implementing the Settlement and at all times during the pendency of this Action.

19. This Court finds that during the course of the litigation, the Lead Plaintiffs, Plaintiffs Brahn and Katzeff, Plaintiffs' Lead Counsel, and all Plaintiffs' Counsel, and the Defendants and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

20. The Court hereby bars all future claims for contribution arising out of the Action (i) by any person (as that term is defined in 15 U.S.C. § 78c(a)(9)) against the settling covered person (as such term is defined in 15 U.S.C. § 78u-4(f)(10)(C)); and (ii) by the settling covered person against any person, other than a person whose liability has been extinguished by the settlement of the settling covered person, *provided that* nothing in this bar order shall affect any rights or obligations (a) between Countrywide and the Underwriter Defendants set forth in any underwriting agreement relating to Countrywide Securities, or (b) among the Underwriter Defendants set forth in any agreement among underwriters relating to Countrywide Securities.

21. Nothing in this Final Judgment constitutes or reflects a waiver, release or discharge of any rights or claims of Defendants against their insurers, or their insurers' subsidiaries, predecessors, successors, assigns, affiliates, or representatives. In addition, nothing in this Final Judgment constitutes or reflects a waiver, release or discharge of any rights or claims of Defendants or Garcia or Gissinger relating to indemnification, advancement or any undertakings by an indemnified party to repay amounts advanced or paid by way of indemnification or otherwise.

22. This Final Judgment shall not be considered or used as a presumption, concession or admission by or against Defendants of any fault, wrongdoing, breach or liability.

23. The Parties are hereby authorized, without further approval of the Court, to unanimously agree to and adopt in writing such amendments, modifications, and expansions of the Settlement Agreement and all exhibits attached thereto, provided that such amendments, modifications, and expansions of the Settlement Agreement are done in accordance with the terms of Paragraphs 35, 55 and 61 of the Settlement Agreement, are not materially inconsistent with this Final Judgment and do not materially limit the rights of Class Members under the Settlement Agreement.

24. In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement or in the event that the Gross Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

25. The provisions of this Final Judgment constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court determines that there is no just reason for delay in the entry of judgment. The Clerk is hereby directed to immediately enter this Final Judgment.

SO ORDERED this ___4___ day of _March_, 2011.

_____
HON. MARIANA R. PFAELZER
UNITED STATES DISTRICT JUDGE

**Exhibit 1**

- T. Rowe Price Associates, Inc.
- BlackRock Investment Management, LLC
- Teachers Insurance and Annuity Association – College Retirement Services
- Nuveen Investments, Inc.
- California Public Employees' Retirement System
- Royal Mail
- American Century Investment Management
- Norges Bank
- SunAmerica Asset Management Corporation
- Thrivent Financial for Lutherans
- Maryland State Retirement and Pension System
- Montana Board of Investments
- Stichting Pensioenfonds Zorg en Welzijn
- Teacher Retirement System of Texas
- State Board of Administration of Florida
- Government of Guam Retirement Fund
- Weitz Value Fund, Weitz Partners Value Fund, Weitz Hickory Fund, Weitz Balanced Fund, Research Fund, Partners III Opportunity Fund, and Heider Weitz Partnership
- Peter Kiewitt Foundation
- Children's Hospital & Medical Center Foundation of Omaha
- Hastings College Foundation
- State Treasurer of the State of Michigan, as Custodian of the Michigan Public School Employees Retirement System, State Employees' Retirement System, Michigan State Police Retirement System, and Michigan Judges Retirement System

- Oregon Public Employees Retirement Fund and Oregon State Accident Insurance Fund
- Ballantyne Re plc
- Fresno County Employees' Retirement Association
- Mary Lou Kent
- Millard M. Kent
- Virginia C. Kuta
- Patrick J. Lynn, Jr.
- Marion J. McLaren
- Steve Snider
- Norma Strait
- Michael Syer-Postance
- Marion Jean Wellwood
- SRM Global Limited Fund Partnership
- Byron B. Mathews, Jr.